EXHIBIT B

STATE OF NORTH CAROLINA
COUNTY OF CHEROKEE

FILED
2018 MAR 15 PM 1:46
CHEROKEE CO., C.S.N.C.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO: 18 CVS 118

BRIAN HOGAN, individually, et al.

Plaintiffs,

vs.

CHEROKEE COUNTY, et. al.

Defendants.

MOTION FOR PROTECTIVE ORDER

Now come the Plaintiffs, and move this Court to sign and enter the attached Protective Order concerning the disclosure of exhibits, as described in the Order. In support of this motion, Plaintiffs show unto the Court the following:

1. This lawsuit was filed on 14 March, 2018 in Cherokee County involving several dozen minor children, known and yet to be determined.

2. That certain exhibits include the names, locations and personal information of dozens of minor children.

3. Counsel for Plaintiffs argue and assert that disclosure of the exhibits at this time may be harmful to the minor children.

4. That given the confidential nature of the documents Plaintiffs' have filed as exhibits, it would be appropriate to restrict access to such information to only the parties and their counsel at this time.

5. The proposed Protective Order restricts disclosure of exhibits to counsel and persons involved in this litigation.

6. The Plaintiffs assert that entry of the Protective Order does not prejudice the right of either party to challenge the admissibility of exhibits at trial or to raise other evidentiary objections.

THIS the 15th day of March, 2018.

_____
Melissa Jackson
Attorney for Plaintiffs
95 Depot Street
Waynesville, NC 28786
P: 828.452.5801/F: 828.454.1990

1

STATE OF NORTH CAROLINA  
COUNTY OF CHEROKEE

FILED  
2018 MAR 15 PM 1:40  
CHEROKEE CO., C.S.C.

IN THE GENERAL COURT OF JUSTICE  
SUPERIOR COURT DIVISION  
FILE NO: 18 CVS 118

BRIAN HOGAN, individually, et al.

                Plaintiffs,

vs.

CHEROKEE COUNTY, et. al.

                Defendants.

PROTECTIVE ORDER

THIS MATTER having come on to be heard before the undersigned Superior Court Judge without notice, in and for Cherokee County, North Carolina. After consideration of the Plaintiffs' Motion for Protective Order, the Court finds as follows:

### FINDINGS OF FACT

1. The Plaintiffs in this matter are represented by attorneys David A. Wijewickrama, Melissa Jackson, Ron Moore and Brandon Christian.

2. The Defendant Scott Lindsay is represented by attorney Patrick Flanagan. All other Defendants are represented at this time by Sean Perrin.

3. That certain exhibits attached to plaintiffs complaint, involve information regarding minor children and are sensitive in nature.

4. Plaintiffs assert that exhibits involving minor children are material and relevant to the subject matter involved in this lawsuit.

5. Plaintiffs assert that exhibits involving minor children while relevant to the complaint, are sensitive and that at this time, it would be in the best interest of the minor children that this information remain sealed and available only to the parties and their counsel.

6. That this Order is in the best interest of the minor children.

### CONCLUSIONS OF LAW

Based upon the above findings of fact the Court concludes as a matter of law:

2

1. That the Court has jurisdiction over this matter and the parties.

2. That the interests of the parties in maintaining the confidential nature of these exhibits must be balanced against the interests of the parties in obtaining any evidence to which they are entitled under the United States Constitution and state law.

ORDER

It is therefore ORDERED, ADJUDGED AND DECREED:

1. Only information deemed necessary under the Constitution for the full and proper prosecution or defense claims arising from this action, and in the interest of justice will be released to the parties and testified to.

2. That counsel and parties must keep all confidential exhibits learned from Plaintiffs' complaint for use only in preparation and defense of litigation. All such persons are subjected to the same confidentiality requirements under this Order as counsel. Any further disclosure or distribution of the sealed exhibits may be made only by the Order of the Court upon finding that further dissemination is necessary for the full and proper prosecution or defense of these causes.

3. That the attorneys or clients shall not release the exhibits or disseminate any information learned from the exhibits to any person except as specified in this Order.

4. That after the conclusion of the trial and appeals in this matter, the attorneys shall retain the exhibits and testimonial information as confidential pending further Order from this Court or one of higher authority.

THIS the 15th day of March, 2018.

                                                                                 _____
Superior Court Judge Presiding

FILED 2018 MAR 15 PM 2:06
CHEROKEE CO., C.S.C.

STATE OF NORTH CAROLINA           IN THE GENERAL COURT OF JUSTICE
COUNTY OF CHEROKEE              SUPERIOR COURT DIVISION
                                     FILE NO.: 18-CVS-118

| | |
|---|---|
| BRIAN HOGAN, both on his own behalf and as representative of all unnamed class members who are similarly situated; | ) ) ) |
| BRIAN HOGAN, as parent and next friend of H.H., both on her own behalf and as a representative of all unnamed class members who are similarly situated | ) ) ) ) ) |
| Plaintiffs, | ) ) **MOTION** ) ) **MOTION FOR GUARDIAN AD LITEM** |
| v. | ) ) |
| CHEROKEE COUNTY; | ) |
| CHEROKEE COUNTY DEPARTMENT OF SOCIAL SERVICES; | ) ) |
| SCOTT LINDSAY, in both his individual capacity and his official capacity as attorney for Cherokee County Department of Social Services; CINDY PALMER, in both her individual capacity and her official capacity as Director of Cherokee County Department of Social Services; | ) ) ) ) ) ) ) |
| DSS SUPERVISOR DOE #1, both in his/her individual capacity and his/her official capacity as an employee of Cherokee County Department of Social Services; and | ) ) ) ) |
| DSS SOCIAL WORKER DOE #1, both in his/her individual capacity and his/her official capacity as an employee of Cherokee County Department of Social Services; | ) ) ) ) |
| Defendants, | ) ) |

## MOTION

COMES NOW, Plaintiff's counsel on behalf of the Plaintiff minor child and children yet to be determined["Movant"], pursuant to N.C.R.C.P. Rule 17[c][1], and moves the Court for the appointment of a guardian ad litem for the herein-named minors and for grounds therefore states:

1) H.H.:
   a) Is an unemancipated minor whose date of birth is 1/16/2006.
   b) Has multiple tort and constitutional claims as a plaintiff against the above captioned defendants, which claim is also based upon violation of 1983 U.S.C. Section.

2) Unnamed and yet to be determined minor children:
   a) Are unemancipated minors whose dates of birth are yet to be disclosed or determined in this action.
   b) Have multiple tort and constitutional claims as a plaintiff against the above captioned defendants, which claim is also based upon violation of 1983 U.S.C. Section. Movant:
   c) Are the children of Plaintiffs yet to be disclosed and determined.
   d) Anticipates the filing more motions and claims in pursuit of the above-described complaint against the above-named potential defendants and/or persons associated with such potential defendants and those yet to be determined.
   e) Anticipates the prompt pursuit of the above-described claims against the above-named potential defendants and/or persons associated with such potential defendants by voluntary entry into pre-litigation mediation to be conducted by consent pursuant to the "Rules Implementing Statewide Mediated Settlement Conferences in Superior Court Civil Cases" promulgated pursuant to N.C.G.S. Section 7A-38.1 in the same manner as though such claims were then pending before the Superior Court.

3) It is appropriate and in the best interests of the herein-named minors that the Court appoint a discreet person as a guardian ad litem for each of the herein-named minors so that the appointed guardian ad litem may thereafter act on behalf of the herein-named minors in all aspects required for the pursuit and/or settlement of the above-described claims.

4) Attorney Joy McIver is a duly admitted Lawyer to the North Carolina Bar in good standing, with experience, ability and willingness to serve as guardian ad litem in this matter.

RESPECTFULLY SUBMITTED this the 15th day of March 2018.

_____
Melissa Jackson, Esq.

FILED

NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
CHEROKEE COUNTY 2018 MAR 15 PM SUPERIOR COURT DIVISION
                                            18 CVS   118

BRIAN HOGAN, et. al. CHEROKEE CO. C.S.C.

       PLAINTIFFS

Vs.                         )

CHEROKEE COUNTY et. al.,     )

### GUARDIAN AD LITEM ORDER

THIS MATTER COMING ON TO BE HEARD and being heard before the undersigned Clerk of Superior Court upon the motion of Plaintiff's counsel ["Movant"], pursuant to N.C.R.C.P. Rule 17[c][1], for the appointment of a guardian ad litem for the herein named minors in matters that pertain to the pursuit and/or settlement by the claims set forth in the motion and the Court being fully advised of the premises thereof.

THE COURT FINDS AS A MATTER OF FACT AND LAW as follows:

1) H.H.:
   a) Is an unemancipated minor whose date of birth is 1/16/2006.
   b) Has a tort claim as plaintiff against the above captioned defendants which claim is also based upon violation of 1983 U.S.C. Section.

2) Unnamed and yet to be determined minor children:
   a) Are unemancipated minors whose dates of birth are yet to be disclosed or determined in this action.
   b) Have multiple tort and constitutional claims as a plaintiff against the above captioned defendants, which claim is also based upon violation of 1983 U.S.C. Section. Movant:
   c) Are the children of Plaintiffs yet to be disclosed and determined.

3) Movant:
   a) Are unemancipated minors whose dates of birth are yet to be disclosed or determined in this action.
   b) Has multiple tort and constitutional claims as a plaintiff against the above captioned defendants, which claim is also based upon violation of 1983 U.S.C. Section. Movant:
   c) Are the children of Plaintiffs yet to be disclosed and determined.
   d) Anticipates the filing more motions and claims in pursuit of the above-described complaint against the above-named potential defendants and/or persons associated with such potential defendants and those yet to be determined.
   e) Anticipates the prompt pursuit of the above-described claims against the above-

named potential defendants and/or persons associated with such potential defendants by voluntary entry into pre-litigation mediation to be conducted by consent pursuant to the "Rules Implementing Statewide Mediated Settlement Conferences in Superior Court Civil Cases" promulgated pursuant to N.C.G.S. Section 7A-38.1 in the same manner as though such claims were then pending before the Superior Court.

4) It is appropriate and in the best interests of the herein-named minors that the Court appoint a discreet person as a guardian ad litem for each of the herein-named minors so that the appointed guardian ad litem may thereafter act on behalf of the herein-named minors in all aspects required for the pursuit and/or settlement of the above-described claims.

5) Joy McIver has agreed to serve as guardian ad litem and is a discreet and suitable person to fulfill such role.

IT IS THEREFORE ORDERED that Joy McIver be and is appointed guardian ad litem for H.H. and the other minor children so that the appointed guardian ad litem may thereafter act on behalf of the herein-named minors in all aspects required for the pursuit and/or settlement of the above-described claims.

DONE AND ORDERED this 15 day of March 2018.

Roger D. Gibson

Clerk of Superior Court

Cherokee County, North Carolina