**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00096-MR-WCM**

| | |
|---|---|
| **BRIAN HOGAN**, on his own behalf, as representative of all class members who are similarly situated, and as parent and next friend of H.H., both on her own behalf and as representative of all class members who are similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> **CHEROKEE COUNTY, et al.,** <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **O R D E R** |

THIS MATTER is before the Court on the Partial Motion to Dismiss by Defendants Cherokee County, Cherokee Department of Social Services, Scott Lindsay in his official capacity, and Cindy Palmer in her official capacity [Doc. 9]; the Magistrate Judge's Memorandum and Recommendation [Doc. 20] regarding the disposition of that motion; and the Plaintiffs' Objections to the Memorandum and Recommendation [Docs. 21, 21-2].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit a recommendation for its disposition.

On February 28, 2019, the Magistrate Judge filed a Memorandum and Recommendation in this case containing conclusions of law in support of a recommendation regarding the partial motion to dismiss. [Doc. 20]. On March 14, 2019, the Plaintiffs timely filed Objections to the Memorandum and Recommendation and 70 pages of exhibits thereto. [Docs. 21, 21-1, 21-2].

After careful consideration of the Memorandum and Recommendation and the Plaintiffs' Objections thereto, including all the documents submitted therewith, the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law.

Because the Plaintiffs presented new arguments related to the constructive fraud issue in the Objections, however, the Court briefly addresses those new arguments here. The Magistrate Judge recommended that Plaintiffs' constructive fraud claim be dismissed because Plaintiffs' allegations did not support the existence of the requisite "confidential or fiduciary relationship" between Plaintiffs and the Cherokee County

Department of Social Services and its agents and employees. [Doc. 20 at 18-19]. In the Objections, the Plaintiffs, for the first time, argue "[t]here is a final state court declaratory judgment establishing that County DSS agents and parents with whom they deal have a special, confidential relationship for constructive fraud purposes." [Doc. 21 at 1]. A party should not present new theories or arguments in objections to a magistrate judge's memorandum and recommendation. Contravest Inc. v. Mt. Hawley Ins. Co., 273 F.Supp.3d 607, 620 (D.S.C. Mar. 31, 2017). "Instead, parties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them. Thus, the court is not obligated to consider new arguments raised by a party for the first time in objections to the magistrate's report. While the court has the power to address such arguments, that power lies within the court's sound discretion." Id. (internal quotation marks and citations omitted).

Notwithstanding the Plaintiff's untimeliness in the presentation of this theory, it is without merit. The declaratory judgment referred to by the Plaintiff was entered in Michael Mathieu v. Shaless Greenlee, 18-CVD-46, Cherokee County, District Court Division (the "Mathieu Action").[1] [Docs. 21-

---

[1] The 70 pages of exhibits filed with Plaintiffs' Objections were "[a] complete, certified, and exact copy of the complete file maintained by the Cherokee County Clerk of Superior Court" in the Mathieu Action. [Doc. 21-2 at 5, n. 2].

1 at 11-15].  The Mathieu Action was a child custody dispute between the biological father, Mathieu, and mother, Greenlee, of a minor child that involved a Custody and Visitation Agreement (CVA) signed by Greenlee that was similar to the one at issue in the instant case.  Based on the CVA, the minor child was removed from Greenlee's custody.  [See Doc. 21-1 at 3].  On February 28, 2018, proceedings were held in the Mathieu Action related, in part, to a "plea for declaratory judgment" regarding the legality of the CVA.  [See Doc. 1-1; Doc. 21-1 at 11].  Defendants Scott Lindsey and Cindy Palmer were called by Greenlee to testify in the Mathieu Action regarding their knowledge and use of the CVA in the Mathieu Case, as well as in certain limited respects regarding the Cherokee County Department of Social Services' (CCDSS) use of CVAs, generally.  [See Doc. 1-1 at 74, 116-122].

On March 14, 2018, the Honorable Tessa Sellers, District Court Judge Presiding, entered a Declaratory Judgment in which she held, based on the particular facts of the Mathieu Action, that a special relationship of trust of confidence existed between Greenlee and the CCDDS, and, as such, the elements of constructive fraud were met "[a]s it pertains to the CVA in this case."[2]  [Doc. 21-1 at 22].  In the Plaintiff's Objections before this Court,

---

[2] Given that the CCDDS was not a party to the Mathieu Case, the legal significance or effect of the District Court's conclusion of law that CCDDS committed constructive fraud

Plaintiff argues "[t]he issues of whether there was a confidential relationship between Plaintiffs and Defendants and whether Defendants committed fraud by getting a biological parent to execute a CVA have already been decided by the Cherokee County District Court in a related case." [Doc. 21-2 at 4]. Therefore, Plaintiffs continue, Defendants are collaterally estopped from re-litigating the fraud issue before this Court. [Doc. 21-2 at 4-10]. Further, the Plaintiffs contend comity requires this Court to uphold the Declaratory Judgment entered in the Mathieu Action. [Doc. 21-2 at 10-12].

As a preliminary matter, the Court notes that the District Court in the Mathieu Action did not decide anything as between the Plaintiffs and Defendants in this instant case. The parties to this case were not parties to the Mathieu Action. For collateral estoppel to apply, the party against whom the other party seeks to apply it must have been a party to the previous proceeding or in privity with a party from the previous proceeding. See Universal Furniture Int'l, Inc. v. Frankel, 835 F.Supp.2d 35, 41 (M.D.N.C. Dec. 29, 2011). "The test for privity is 'whether the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right." Id. (quoting Weinberger v. Tucker,

---

in obtaining the CVA is unclear. The Court assumes, for the sake of argument, that this conclusion has some legal significance to or in the Mathieu Action.

510 F.3d 486, 491 (4th Cir. 2007)).  Further, for collateral estoppel to apply, Plaintiffs must also show that Defendants "had a full and fair opportunity to litigate the issue or fact in the prior proceeding."  Id. (citing In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004)).

The Defendants in the instant case were not parties to the Mathieu Action or in privity with a party to the Mathieu Action.  Namely, the interests of Defendants Palmer and Lindsay in providing relatively limited fact witness testimony in the Mathieu Action cannot be said to be "so identified with the interests of" any party to that case such that such party was representing the legal rights of these Defendants.  Additionally, the limited testimony by Defendants Palmer and Lindsay as elicited by the attorneys to the parties to the Mathieu Action was certainly not a "full and fair opportunity" to litigate all the issues in the instant case.

Further, the Court's decision here does implicate principles of comity. The Declaratory Judgment entered by Judge Sellers in the Mathieu Action remains undisturbed.

Accordingly, the Court hereby overrules the Plaintiffs' Objections and accepts the Magistrate Judge's recommendation regarding the partial motion to dismiss.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objections to the Memorandum and Recommendation [Doc. 21] are **OVERRULED**; the Memorandum and Recommendation [Doc. 20] is **ACCEPTED**; and the Defendants' Partial Motion to Dismiss [Doc. 9] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)    Defendants' Rule 12(b)(2) motion is **DENIED**;

(2)    Plaintiffs' claims against Defendant Cherokee County Department of Social Services are **DISMISSED WITH PREJUDICE**;

(3)    Plaintiffs' constructive fraud claim against Defendants Palmer and Lindsay in their official capacities is **DISMISSED WITH PREJUDICE**;[3]

(4)    Plaintiffs' equal protection claim under 42 U.S.C. § 1983 is **DISMISSED WITH PREJUDICE**;

(5)    Plaintiffs' claim for violation of the North Carolina Constitution are **DISMISSED WITH PREJUDICE**; and

---

[3] The Court does not address the viability of Plaintiffs' constructive fraud claim against Defendants Palmer and Lindsay in their individual capacities, as Defendants' Partial Motion to Dismiss is brought by these Defendants only in their official capacities.

(6) Plaintiffs' claim for punitive damages against Defendants Lindsay and Palmer in their official capacities and against Defendant Cherokee County is **DISMISSED WITH PREJUDICE**.

Except as hereinabove granted, the Defendant's Partial Motion to Dismiss [Doc. 9] is **DENIED**. All claims not expressly dismissed hereinabove remain pending.

**IT IS SO ORDERED.**

Signed: March 27, 2019

Martin Reidinger
United States District Judge