IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18cv96

| | |
|---|---|
| BRIAN HOGAN, both on his own behalf and as representative of all unnamed class members who are similarly situated; BRIAN HOGAN, as parent and next friend of H.H., both on her own behalf and as representative of all unnamed class members who are similarly situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>CHEROKEE COUNTY; CHEROKEE COUNTY DEPARTMENT OF SOCIAL SERVICES; SCOTT LINDSAY, both in his individual capacity and official capacity as attorney for Cherokee County Department of Social Services; CINDY PALMER, in both her individual capacity and her official capacity as Director of Cherokee County Department of Social Services; DSS SUPERVISOR DOE #1, both in his/her individual capacity and his/her official capacity as an employee of Cherokee County Department of Social Services; and DSS SOCIAL WORKER DOE #1, both in his/her individual capacity and his/her official capacity as an employee of Cherokee County Department of Social Services,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# PRETRIAL ORDER AND CASE MANAGEMENT PLAN

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Pretrial Order and Case Management Plan in this matter.

Though the parties referenced Rule 23 class certification in their Certification and Report of Fed. R. Civ. P. 26(f) Conference and Discovery Plan (Doc. 34), a review of the docket reveals that no motion for certification has been filed as of the date of this Order. The Court further notes that Plaintiffs' Motion for Leave to Amend Complaint was denied, in part, as the proposed joinder of additional plaintiffs did not satisfy the requirements of Rule 20. (Docs. 27, 33). Therefore, a Pretrial Order that does not create separate deadlines for class discovery and certification will be entered at this time. Should a motion for certification be filed subsequently, the parties are free to request modifications of the dates set forth below by way of motion, as may be appropriate.

## Deadlines at a glance

| | |
|---|---|
| Rule 26 Disclosures | December 23, 2019 |
| Designation of Mediator | December 30, 2019 |
| Expert Reports - Plaintiffs | March 9, 2020 |
|     Defendants | April 9, 2020 |
| Discovery | September 8, 2020 |
| Mediation | September 22, 2020 |
| Motions Deadline | October 8, 2020 |
| Trial | March 8, 2021 term |

## I.

A. **TRACK ASSIGNMENT**: This case is assigned to the STANDARD Case Management Track.

## II.

A.  **DISCOVERY GUIDELINES:**

1. Each party may propound no more than **twenty (20)** single part interrogatories.

2. Each party may submit no more than **twenty-five (25)** requests for admissions to any other party.

3. Without prior approval of the Court, each party may depose no more than **six (6)** fact witnesses.

4. Parties may, however, by agreement, increase the numbers set forth in this paragraph, and if unable to agree, may then seek Court intervention by motion.

B.  **RULE 26 DISCLOSURES:** The information required by Federal Rule of Civil Procedure 26(a)(1) shall be exchanged no later than **December 23, 2019**.

C.  **RESPONSES TO INTERROGATORIES AND REQUESTS FOR ADMISSION:** Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

D.  **THE MAINTENANCE OF DISCOVERY MATERIALS:** Discovery materials are <u>NOT</u> to be filed. All counsel are advised to consult the Local Rule which provides that while depositions, interrogatories, and requests for admission, and

3

responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

E. **USE OF DEPOSITIONS AT TRIAL:** If depositions are taken during the discovery period which counsel intend to use at trial, counsel are directed to exchange page/line designations and resolve any objections thereto prior to the final pretrial conference. In the event that video depositions are taken, counsel are directed to edit the video accordingly so that the video may be shown without interruption. Any objections to designations of deposition testimony (whether such testimony is presented in written form or through a video recording), which cannot be resolved by the parties themselves, must be raised in time to be addressed at the final pretrial conference. Failure to do so will result in objections being deemed to be waived.

F. **PROTECTIVE ORDERS:** Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials

4

Case 1:18-cv-00096-MR-WCM   Document 35   Filed 12/10/19   Page 4 of 18

subject to a final order of the Court on the completion of litigation.

G.  **DISCOVERY COMPLETION:** All discovery, with the exception of *de bene esse* depositions which are discussed below in section H, shall be completed no later than **September 8, 2020**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or to schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires no later than fourteen (14) days prior to the Trial Date (as that term is defined in this Order). If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

H.  Depositions taken for the sole purpose of preserving testimony for trial are not considered discovery for the purposes of this section provided that 1) the witness will be unavailable for trial for one of the reasons set forth in Rule 32(a)(4) and 2) the

5

reason for such unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take such deposition has failed, after making a good faith effort, to obtain a commitment from the witness to testify at trial voluntarily, and 3) such deposition can be concluded in time so that the portions of the deposition to be used at trial can be designated and objections thereto resolved at the final pretrial conference, but in any event no later than fourteen (14) days prior to the Trial Date. Such depositions should be presented at trial by video recording whenever possible.

I. **EXPERT WITNESSES:** Each party shall be entitled to call up to **five (5)** expert witnesses without further leave of the Court. Reports for retained experts under Rule 26(a)(2) will be due from Plaintiffs no later than **March 9, 2020** and from Defendants no later than **April 9, 2020**. Supplementations under Rule 26(e) shall be ongoing throughout these proceedings.

III.

A. **MOTIONS DEADLINE:** All motions except motions *in limine* and motions to continue shall be filed no later than **October 8, 2020**. This deadline shall also pertain to all motions attacking the qualifications of an expert witness (i.e., Daubert motions). Parties may not extend this deadline by agreement and

6

stipulated extensions of the completion of discovery do not extend the Motions Deadline.

B. **MOTIONS HEARINGS:** Hearings on motions ordinarily will be conducted only when the Rules require a hearing, or when the papers filed in support of and in opposition to the motion do not provide an adequate basis for decision.

The Clerk will notify all parties of the date and time set for the hearing.

C. **MEMORANDA IN SUPPORT OF MOTIONS:** Every motion shall include, or be accompanied by, a brief written statement of the facts, a statement of the law, including citations of authority and the grounds on which the motion is based. No brief may exceed twenty-five (25) pages without Court approval. Briefs must be double spaced and in at least fourteen (14) point type. Motions not in compliance with this order are subject to summary denial. No memorandum, however, need accompany those motions exempted from this provision under Local Rule 7.2 and simple consent motions, motions to continue, and motions to withdraw as counsel provided that such motions contain an adequate statement of the basis for the relief sought.

D. **RESPONSES TO MOTIONS:** Responses to a motion, if any, must be filed within fourteen (14) days of the date on which the motion's certificate of service is signed. The Court generally deems a motion ripe for determination upon the timely filing of the response but may, in its discretion, rule on a motion before the response time expires, if warranted by the circumstances. Where a motion is not responded to within the time provided, the Court may grant the relief requested, if good cause is shown in such motion. The filing of a reply brief is allowed only if the response raises new matters. The reply shall be limited to a discussion of such newly raised matters. Such reply should be filed no later than seven (7) days after the filing of the response, shall not exceed ten (10) pages in length, and shall be double spaced and in at least fourteen (14) point type.

E. **EXTENSIONS OF TIME TO RESPOND:** If counsel need more than fourteen (14) days to file a response, they shall file a motion for extension of time to respond <u>prior to the expiration of the response deadline</u>. The moving party must state within the motion what actions have been undertaken to consult with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel regarding the request. If the party fails to make the requisite showing, the

Court may summarily deny the request. Such motions for extension will be granted only upon a showing of cause and should be the exception rather than the rule.

F. **MOTIONS TO COMPEL:** A motion to compel must include a statement by the movant that the parties have conferred in good faith in an attempt to resolve the dispute and are unable to do so. Motions to compel must be filed within the discovery period or they may be deemed waived. After reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

## IV. **ALTERNATIVE DISPUTE RESOLUTION**

A. Mediation **IS** ordered in this case.

B. Mediation shall be completed by **September 22, 2020**.

C. The parties shall select and agree upon a mediator and shall file with the Court a report stating the identity of the mediator selected by **December 30, 2019**. If the parties are unable to

agree upon a mediator they shall file with the Court a report stating that they have been unable to agree upon a mediator and the reasons for such inability by **December 30, 2019**.

D. Within seven (7) days of the completion of the mediation, there shall be filed with the Court a Mediation Report which states whether all, a portion or none of the case has settled. The Mediation Report shall be filed with the Court electronically in such a form as to be docketed by the Clerk. It shall be the responsibility of the mediator to file the Mediation Report with the Court, except that if the mediator does not have an electronic case filing (ECF) account with the Clerk, then it shall be the responsibility of Defendants to file the Mediation Report for the mediator. It is the responsibility of Defendants to determine whether the mediator has an ECF account with the Clerk.

E. If this case is resolved by a settlement of the parties, whether at mediation or otherwise, the payors shall pay all sums required by the parties' settlement agreement and the parties shall file all such documents with the Court so as to effectuate the closing of the Court file within thirty (30) days of reaching such agreement, or within thirty (30) days of the mediation,

whichever is sooner, unless additional time is sought and granted by the Court.

## V. **TRIAL PROCEDURES**

A. **TRIAL SUBPOENAS:** Counsel must subpoena all witnesses <u>at least fourteen (14) days before the day on which the Clerk of Court has set the case for trial</u> (Trial Date). The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

B. **COUNSEL'S DUTIES PRIOR TO TRIAL**: <u>Either one week before the Trial Date or the business day immediately preceding the final pretrial conference, whichever is earlier</u>, counsel for all parties shall:

(1) Discuss the possibility of a settlement;

(2) Exchange copies of exhibits or permit inspection if copying is impractical;

(3) Number and become acquainted with all exhibits;

(4) Agree upon the issues to be submitted to the jury (if a jury trial has been requested), reduce such issues to writing in the form of a proposed verdict sheet, and file such proposal with the Court. If counsel cannot agree upon

11

the wording of the proposed verdict sheet, each party is directed to file his/her own version with the Court; and

(5) Agree upon stipulations of fact and file them with the Court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

C. **PROPOSED JURY INSTRUCTIONS:** If a jury trial has been requested, all counsel shall submit proposed jury instructions <u>no later than one (1) week before the Trial Date or the business day immediately preceding the final pretrial conference, whichever is earlier</u>. Additional instructions may be submitted during the trial as circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation as a footnote. A proposed instruction without a supporting citation will not be considered. Boilerplate introductory instructions are not required to be submitted.

D. **COUNSEL'S PRE-TRIAL FILINGS:** The parties are to file the following with the Court:

(1) <u>No later than fourteen (14) days prior to the final pretrial conference</u>, counsel for each party shall file any motions *in limine.* Responses to any such motions must be filed

<u>no later than seven (7) days prior to the final pretrial conference</u>. For the purposes of this provision, <u>Daubert</u> motions are not to be considered motions *in limine* but are addressed in another portion of this Order.

(2) <u>No later than one (1) week before the Trial Date or the business day immediately prior to the final pretrial conference, whichever is earlier</u>, the parties shall file with the Court:

    (a) The issues and stipulations as called for in Paragraphs B(4) and (5) above;

    (b) The line and page designations of any depositions that counsel intend to introduce at trial. The parties should be prepared to address any objections to such designations at the final Pretrial Conference;

    (c) A trial brief addressing all questions of law and any anticipated evidentiary issues. Such trial brief shall not exceed twenty-five (25) pages and shall be double spaced and in at least fourteen (14) point type; and

    (d) Proposed jury instructions, as described above, or in the event of a non-jury case, proposed findings of fact and conclusions of law.

(3) <u>No later than the business day immediately preceding the Trial Date</u>, counsel for each party shall file the following documents with the Clerk of Court and provide a hard copy to the presiding judge or his courtroom clerk:

(a) A witness list containing the name of every proposed witness;

(b) A statement of the education, experience, and qualifications of each expert witness, including the particular field in which the party intends to qualify the witness as an expert. The statement should also indicate whether the parties have stipulated to the qualifications of each expert witness;

(c) Stipulations concerning the authenticity and admissibility of as many proposed exhibits as possible; and

(d) An exhibit list. The exhibit list should not include any exhibits for which there is a very low likelihood that they will be introduced. Further, the exhibit list should designate each exhibit individually; the use of group exhibits (<u>e.g.</u>, designating a series of photographs as one exhibit) is discouraged. If necessary, the parties may supplement their

14

exhibit lists at trial with additional exhibits upon a showing of just cause and a lack of surprise or unfair prejudice to the opponent.

E.  **EXHIBIT NOTEBOOKS**: If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare two (2) identical exhibit notebooks, or sets of exhibit notebooks, containing only those exhibits listed on the party's exhibit list. Exhibits which have a very low likelihood of being introduced and which have not been included on the party's exhibit list should not be included in the exhibit notebooks. The exhibit notebooks shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit separately (i.e., no group exhibits) and shall numerically arrange each exhibit notebook or set of exhibit notebooks. The exhibit notebooks are necessary so that the witness and the Court can each have a set of exhibit notebooks in the event that technical difficulties prevent the parties from presenting their exhibits electronically. The parties may seek leave of Court to waive the requirement of exhibit notebooks where hard copies of the proposed exhibits would be voluminous or otherwise unwieldy.

F.  **FORMAT FOR EXHIBIT LIST:** In preparing the exhibit list, counsel separately shall identify and number each exhibit, shall arrange the list numerically by exhibit number, and shall place the following headings on the exhibit list:

<u>Exhibit #</u>

<u>Description</u>

<u>Stipulation of Authenticity</u>

<u>Stipulation of Admissibility</u>

<u>Objection</u>

<u>Identified by</u>

<u>Admitted</u>

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column.  Counsel should only enter "Yes" or "No" for each exhibit in the columns regarding the stipulations of authenticity and admissibility.

G.  **JURY VOIR DIRE:** Following initial voir dire by the Court, counsel will be given a limited opportunity to conduct additional voir dire, subject to the Court's supervision for reasonableness and relevance.

H.  **SANCTIONS FOR COUNSEL'S FAILURE TO MEET DEADLINE FOR FILING:** If any party fails to comply timely with any of the requirements set forth in this Order, the Court <u>may</u>

impose sanctions, including but not limited to, a $50.00 per day fine assessed against counsel.

I. **ASSESSMENT OF JURY COST:** Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified by 4:00 p.m. of the business day immediately preceding the Trial Date or the parties otherwise establish good cause why the Court should not assess jury costs against the parties. The Court may set an earlier deadline by further Order. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

VI.

A. **TRIAL DATE:** Trial is scheduled to commence **WITH** a jury during the **March 8, 2021 term**. The Court will endeavor to set the date of the term of court in which this case will tried at least eight months in advance. The term "Trial Date" has been used throughout this Order to refer to the first day of the term in which

this case is ultimately set for trial, that also being the date on which jury selection is scheduled to begin for this case.

B. **LENGTH OF TRIAL:** Trial is anticipated to last **seven (7)** days.

C. A District Judge or Magistrate Judge may convene a settlement conference at any time.

VII.

To the extent that any provision of the Local Rules conflict with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreement among the parties.

**IT IS SO ORDERED.**

Signed: December 10, 2019

W. Carleton Metcalf
United States Magistrate Judge