# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-96-MR-WCM

| | |
|---|---|
| BRIAN HOGAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHEROKEE COUNTY, et al., <br><br> Defendants. | **CONSENT PROTECTIVE ORDER** <br><br> **Fed. R. Civ. P. 26(c)** |

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which relate to Cherokee County Department of Social Services ("DSS") employee personnel matters, DSS records from abuse, neglect, and dependency investigations, and protected medical information ("confidential information") that may be disclosed only under court order, pursuant to N.C. Gen. Stat. §§ 7B-302, 7B-2901(a), and 153A 98 (c) The parties have sought such an order so as to be in compliance with these statutes.

BY CONSENT, IT IS HEREBY ORDERED, in the exercise of the Court's discretion and the inherent power of the Court to do all things that are reasonably necessary for the proper administration of justice in the matters before the Court,

that the following terms and provisions shall govern the discovery sought by the parties in this action:

1. <u>Answering Discovery</u>. The parties shall produce and supply the information, documents and other materials properly sought in discovery in this action after marking as "Confidential" any such information, documents or other material which the parties or their attorneys believe with good reason and in good faith is or contains confidential information, personal information, statutorily protected information, private information, or information which is protected from public disclosure by law or by privacy rights.

2. "<u>Confidential Documents and Information</u>" as used in this Order shall be construed to include the documents and things so marked, their content, their substance and the information contained in or gleaned from them. The term shall also be construed to include any summaries, quotes, excerpts, and/or paraphrases, of the Confidential Documents and Information, captured in any form of medium, including but not limited to, electronic image, e-mail, photocopy or re-production therein. If information contained or found in "Confidential Documents and Information" is also obtained from an independent, non-privileged, non-confidential source, such information is expressly excluded from consideration as "Confidential Documents and Information" under the terms of this Confidentiality and Protective Order.

3. <u>Marking of Confidential Documents</u>. Confidential Documents may only be marked as "CONFIDENTIAL," "PROTECTED BY COURT ORDER," or similarly descriptive language along the edges or borders of the documents. Such markings shall in no way cover the printed content of a Confidential Document. Watermarks or other markings that interfere with the production of accurate and legible copies of the documents shall not be permitted. The inadvertent failure to mark any information, document or material pursuant to this Order, as "Confidential", shall not constitute a waiver of any otherwise valid claim for protection, so long as the claim is made within (15) days of production of the discovery.

4. <u>HIPAA Compliance</u>. The regulations implementing the "Administrative Simplification Provisions" of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), that all medical records in this matter relating to the minor plaintiff, H.H., or any medical care or treatment provided to H.H., whether relating to the medical care and treatment at issue in this case or any other prior medical care or medical care since the care at issued occurred, shall remain confidential and protected, except that such medical records may be transmitted to or shared in accordance with the terms of this Protective Order and without the necessity of securing any consent or waiver under State or Federal law,

3

including without limitation the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

At the conclusion of this matter either by settlement or following a trial and exhaustion of appeals, the parties and their attorneys shall take all necessary and reasonable steps to collect and to destroy all medical records in this matter to prevent further dissemination, other than those records that may have been deposited with the Court. In addition:

 a Any party may request that original medical records and/or copies of records be produced by treating physicians and/or custodians of records.

 b At any deposition, counsel for the parties may inspect original records (to the extent such records are available in their original format) and request copies of any relevant records not previously produced in discovery, and the custodian of those records will provide copies.

 c This provision does not otherwise waive any physician-patient confidentiality. If defense counsel desires to send any written correspondence to any of Plaintiff's non-party treating health care providers requesting specific questions be addressed in the non-party's testimony, at least one week in advance of sending such correspondence, defense counsel shall provide Plaintiff's counsel a true, accurate and complete copy of the

4

proposed written correspondence and any documents intended to be sent to any non-party treating heath care provider. Counsel for either party may send any non-party treating health care provider a subpoena for medical records as long as such notices are contemporaneously copied to the opposing party.

5. <u>Access to Confidential Documents and Information by Qualified Persons</u>. Confidential Documents and Information shall be made available only to "Qualified Persons" and only under the terms and conditions of this Order. The persons described in Paragraphs 5.a., 5.b., 5.c., 5.d. and 5.e. are automatically deemed to be "Qualified Persons," and the persons described in Paragraph 5.f., and are deemed "Qualified Persons" only after they have complied with the truthful execution of a Declaration of Compliance with Protective Order, as set forth below:

    a    This Court, officers of this Court involved in this lawsuit, and court reporters and videographers involved in depositions taken in this case;

    b    Counsel of record for the parties to this lawsuit;

    c    Those paralegals, legal assistants and law clerks who are employed by and assisting counsel of record during the pendency of this action;

    d    The officers, directors, and in-house counsel for Defendants;

e    The plaintiff; and,

f    Any expert or consultant who has been retained or specially employed by a party to this action.

Journalists and members of the media are expressly <u>prohibited</u> from claiming status as a Qualified Person without prior notice and an opportunity to be heard by all parties.

6.    <u>Declarations of Compliance with Protective Order</u>.  Before any Confidential Documents and Information can be disclosed to persons described in Paragraph 5.f., counsel for the revealing party shall ensure that the person has read this entire Protective Order, has agreed to its terms and to be subject to the jurisdiction of this Court for purposes of enforcing this Protective Order, and has truthfully executed a Declaration of Compliance with Protective Order, the form of which must follow Exhibit A, which is attached hereto and incorporated by reference.  Counsel for the revealing party shall maintain such Declarations of Compliance with Protective Order.

7.    <u>Challenges to Claims of Confidentiality</u>.  If a party contends that a Confidential Document so designated is not properly entitled to protection, the party may file a motion to challenge the confidential designation of that document.  The challenging party shall serve and notice for hearing a written motion to change the designation and status of the document or thing.  The party asserting that

protection is appropriate shall then bear the burden of establishing that the document, thing or information should be protected under Rule 26(c). The documents and information shall remain confidential until this status is changed by stipulation of the parties or by Order of this Court granting a challenge to protected status as a Confidential Document.

8. <u>Use of Confidential Documents and Information in This Lawsuit</u> Except as otherwise may be provided in this Order, Confidential Documents and Information shall be used solely for purposes of this litigation. Confidential Documents and Information shall not be used in depositions of any other persons without either prior stipulation and agreement of the parties to this action, through their respective counsel at least three business days in advance of a deposition, or pursuant to an Order of this Court, following a reasonable notice to and an opportunity to be heard by the parties to this action.

Confidential Documents and Information may only be used during depositions in accordance with the following safeguards. If Confidential Documents and Information are used in depositions, such portions of the transcript of such depositions and exhibits thereto which contain and/or disclose such Confidential Documents and Information shall themselves be considered as Confidential Documents and Information. Counsel for the parties shall ensure that the court reporter binds the confidential portions of the transcript and exhibits

7

separately and labels them "Confidential."  If a party makes known to the court reporter that Confidential Documents and Information have been disclosed during a deposition, the court reporter shall include on the cover page the following indication: "**DEPOSITION CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER**".

9. <u>Attendance at Depositions</u>.  For any portion of a deposition in which Confidential Documents or Information is to be discussed with the deponent, only the parties and their counsel, the individual deponent or designee-witness, the court reporter, and the videographer shall be permitted to be present.  Nothing in the Order prejudices a witness or a party from seeking additional protections for depositions.

10. <u>Filing and Sealing</u>.  When a party files with the Court Confidential Documents and Information, including confidential portions of any deposition, the party shall file them pursuant to the Western District of North Carolina Local Rules for filing sealed documents.

11. <u>If Confidential Documents Are Subpoenaed</u>.  If counsel for any party to this Order should receive a notice(s) of subpoena or any other request for production of Confidential Documents or Information that have been hereby disclosed under the terms of this Protective Order, that party's counsel shall , if the request is made in fewer than ten (10) days for compliance, within two (2) days, or

if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the counsel for the other parties to this Order in writing and via facsimile or e-mail. The subpoenaed party shall have the responsibility of obtaining relief from the subpoena, order or other request for production prior to the date for compliance and shall not produce the Confidential Documents and Information without an Order of a Court of competent jurisdiction compelling production.

12. <u>Disposal at the Conclusion of This Action</u>. At the conclusion of this action, if not sooner, all Confidential Documents, and all copies thereof, shall be returned to the producing party or destroyed. At the conclusion of this action, however, counsel for the parties may retain their work product materials, including any working copies of Confidential Documents upon which they have made substantive notations. Any such work product materials retained by counsel shall remain subject to this Order, and these attorneys shall remain subject to the jurisdiction of this Court.

13. <u>Amendments</u>. Nothing in this Order will prejudice any party from seeking amendments broadening or restricting the rights of access to, and the use of Confidential Documents and Information, or from contesting the designation of a Confidential Document or a Qualified Person.

14. <u>Ultimate Disposition of Protected Materials and Continuing Authority of the Court</u>. The ultimate disposition of Confidential Documents and Information, as protected materials, shall be subject to a final order of the Court upon completion of the litigation. After the termination of this case, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and Qualified Persons for the enforcement of the provisions of this Order.

15. <u>No Waiver</u>. It is acknowledged that the terms of the Order shall not be construed as a waiver of any other discovery objection properly within the scope of the Rules of Civil Procedure.

16. <u>Confidentiality at Trial</u>. Production and use of Confidential Documents and Information at trial is the province of the presiding trial judge, and the terms of this Protective Order do not control the production and use of Confidential Documents and Information at trial.

17. <u>Enforcement</u>. Any person or entity who is shown to have made an unauthorized disclosure of information protected by this Order shall be subject to civil contempt, attorney's fees, actual damages caused by the disclosure, or any other penalties that may be imposed by the Court as justice requires.

IT IS SO ORDERED.

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge

February 14, 2020

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:18-cv-96-MR-WCM

| | |
|---|---|
| **BRIAN HOGAN, et al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CHEROKEE COUNTY, et al.,**<br><br>Defendants. | **DECLARATION OF COMPLIANCE WITH COURT ORDER**<br><br>**Fed. R. Civ. P. 26(c)** |

I, _____, being first duly sworn, depose and state the following:

1. I certify that I have read the Protective Order dated _____ and entered in the above-captioned case before reviewing or receiving access to the content of any of the documents subject to the provisions of this Protective Order.

2. I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. Specifically, I understand that I may not make copies of any Protected Documents or Protected Information, and I must return any and all copies of Protected Documents in accordance with the terms of the Protective Order.

3. I understand that the unauthorized disclosure of a document or information protected by the Protective Order may constitute breach of this

Declaration and Agreement and may subject me both to the contempt powers of the United States Courts, including but not limited to United States District Court for the Western District of North Carolina, and to liability to others.

4. Upon request, but no later than thirty (30) days following a final resolution of this action, I agree promptly to return all documents or materials protected by the Protective Order to the person or entity from whom I received the documents or materials, and I will not retain copies of these documents or materials.

5. I subject myself to the jurisdiction and venue of said Court for purposes of enforcing this Affidavit and Agreement and the Protective Order.

_____

Print name: _____