IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN HOGAN**, on his own behalf and as representative of all unnamed class members who are similarly situated, and **BRIAN HOGAN**, as parent and next friend of H.H., both on her own behalf and as representative of all unnamed class members who are similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | 1:18 CV 96 |
| v. | ) ) | |
| **CHEROKEE COUNTY, CHEROKEE COUNTY DEPARTMENT OF SOCIAL SERVICES,** **SCOTT LINDSAY**, in his individual capacity, **CINDY PALMER**, in her individual capacity, **SCOTT LINDSAY**, in his official capacity as Attorney for Cherokee County Department of Social Services, **CINDY PALMER**, in her official capacity as Director of Cherokee County Department of Social Services, **DSS SUPERVISOR DOE #1**, both in his/her individual capacity and his/her capacity as an employee of Cherokee County Department of Social Services, **and DSS SOCIAL WORKER DOE #1**, both in his/her individual capacity and his/her official capacity as an employee of Cherokee County Department of Social Services, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

..............................................................................................

| | | |
|---|---|---|
| **MOLLY CORDELL**, | ) ) | 1:20 CV 199 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **CHEROKEE COUNTY,** | ) | |

1

| | |
|---|---|
| SCOTT LINDSAY, in his official capacity as DSS Attorney for Cherokee County, ) ) | |
| SCOTT LINDSAY, in his individual capacity, ) | |
| CINDY PALMER, in her official capacity as Director of DSS in Cherokee County, ) ) | |
| CINDY PALMER, in her individual capacity, ) | |
| ) | |
| Defendants. ) | |

---

| | |
|---|---|
| HEAVEN CORDELL, ) | |
| ) | 1:20 CV 201 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHEROKEE COUNTY, ) | |
| SCOTT LINDSAY, in his official capacity as DSS Attorney for Cherokee County, ) ) | |
| SCOTT LINDSAY, in his individual capacity, ) | |
| CINDY PALMER, in her official capacity as Director of DSS in Cherokee County, ) ) | |
| CINDY PALMER, in her individual capacity, ) | |
| ) | |
| Defendants. ) | |

---

| | |
|---|---|
| STEPHANIE GODBOLD, by and through her Guardian, Teresa Holloway, ) ) | |
| ) | 1:20 CV 202 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHEROKEE COUNTY, ) | |
| SCOTT LINDSAY, in his official capacity as DSS Attorney for Cherokee County, ) ) | |
| SCOTT LINDSAY, in his individual capacity, ) | |
| CINDY PALMER, in her official capacity as Director of DSS in Cherokee County, ) ) | |

| | |
|---|---|
| **CINDY PALMER**, in her individual capacity, | ) |
| **DONNA CRAWFORD**, in her official capacity as | ) |
| Director of DSS for Cherokee County, | ) |
| **DONNA CRAWFORD**, in her individual capacity, | ) |
| | ) |
| Defendants. | ) |

..................................................................

| | |
|---|---|
| JAMIE ALLEN, MELANIE DYER, | ) |
| NATHAN DAVENPORT, KATRINA LEDFORD, | ) |
| AMANDA TIMSON, SAMANTHA TORRES, | ) |
| JESSICA FARQUHAR, JEREMY SILVERS, | ) |
| LIBBY HELMS, TESSA DORSEY (SIMONS), | ) |
| STEPHEN DOWNEY, SHERRY GARLAND, | ) |
| REGINA MANEY, TIENDA ROSE PHILLIPS, | ) |
| STEPHEN ASHE, SARAH CRAPSE, | ) |
| KELLEY WALKER, SHEENA DOCKERY, | ) |
| CAINE BURNETTE, DESIREE REILLY, | ) |
| SHALEES GREENELEE, | ) |
| DESEAN AMIR PATTERSON, | ) |
| MICHAEL MATHIEU, MARTHA KILLIAN, | ) |
| DESMOND CHAMPAGNE, ALICE DERREBERRY, | ) |
| ROBERT DERREBERRY, HANNAH ALLEN, | ) |
| PATRICIA SIMONDS, | ) |
| **P.A.**, by and through guardian ad litem | ) |
| Joy McIver, **G.A.**, by and through guardian | ) |
| ad litem Joy McIver, **J.A.**, by and through | ) |
| guardian ad litem Joy McIver, **M.D.**, by and | ) |
| through guardian ad litem Joy McIver, | ) |
| **C.D.**, by and through guardian ad litem | ) |
| Joy McIver, **K.D.**, by and through guardian | ) |
| ad litem Joy McIver, **C.A.**, by and through | ) |
| guardian ad litem Joy McIver, **L.T.**, by | ) |
| and through guardian ad litem Joy | ) |
| McIver, **A.D.**, by and through guardian | ) |
| ad litem Joy McIver, **M.C.**, by and | ) |
| through guardian ad litem Joy McIver, | ) |
| **A.C.**, by and through guardian ad litem | ) |
| Joy McIver, **J.S.**, by and through | ) |
| guardian ad litem Joy McIver, | ) |

S.W., by and through guardian ad litem )
Joy McIver, V.W., by and through )
guardian ad litem Joy McIver, )
J.D., by and through guardian ad litem )
Joy McIver, A.R., by and through guardian )
ad litem Joy McIver, J.B., by and through )
guardian ad litem Joy McIver, D.S., by )
and through guardian ad litem Joy McIver, )
A.H., by and through guardian ad litem )
Joy McIver, J.H., by and through guardian )
ad litem Joy McIver, C.L., by and through )
guardian ad litem Joy McIver, )
K.L., by and through guardian ad litem )
Joy McIver, L.R., by and through )
guardian ad litem Joy McIver, Z.A., by and )
through guardian ad litem Joy McIver, )
Au.D., by and through guardian ad litem )
Joy McIver, Ad.D., by and through )
guardian ad litem Joy McIver, E.M., by and )
through guardian ad litem Joy McIver, )
P.M., by and through guardian ad litem )
Joy McIver, Z.B., by and through guardian )
ad litem Joy McIver, A.B., by and through )
guardian ad litem Joy McIver, T.P., by )
and through guardian ad litem Joy )
McIver, Da.P., by and through guardian ad litem )
Joy McIver, De.P., by and through )
guardian ad litem Joy McIver, B.S., by and )
through guardian ad litem Joy McIver, )
Dam.W., by and through guardian ad litem )
Joy McIver, Dar.W., by and through )
guardian ad litem Joy McIver, )
 )
 ) 1:20 CV 250
                Plaintiffs, )
 )
  v. )
 )
CHEROKEE COUNTY, NC )
SCOTT LINDSAY, in his official capacity as DSS )
Attorney for Cherokee County, )

| | |
|---|---|
| **SCOTT LINDSAY**, in his individual capacity, | ) |
| **CINDY PALMER**, in her official capacity | ) |
| as Director of DSS in Cherokee County, | ) |
| **CINDY PALMER**, in her individual capacity, | ) |
| **DONNA CRAWFORD**, in her official capacity as | ) |
| Director of DSS for Cherokee County, | ) |
| **DONNA CRAWFORD**, in her individual capacity, | ) |
| **LISA DAVIS**, in her official capacity of Director of | ) |
| Cherokee County Department of Social Services, | ) |
| **LISA DAVIS**, in her individual capacity | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is a Consent Motion to Consolidate (the "Motion to Consolidate," Hogan, 1:18 CV 96, Doc. 45), through which the parties request that the above-captioned cases be consolidated.¹ A hearing was held on the Motion to Consolidate on September 15, 2020. During that proceeding, the parties orally requested that another case, Jamie Allen, et al. v. Cherokee County, et al., United States District Court, Western District of North Carolina, No. 1:20-cv-250-MR-WCM, also be consolidated.² Counsel for all parties in all of these matters appeared at the hearing, along with Joy McIver, who appears as the Guardian ad Litem for the minor plaintiffs in Allen.

---

¹ The Motion has been filed in the Hogan matter only but has been signed by counsel in all of these cases.

² The Allen matter was removed after the Motion to Consolidate was filed.

5

Following the hearing, the undersigned took the Motion under advisement. This Order now follows.

Through the Motion to Consolidate, the parties request that these cases be consolidated for purposes of discovery and dispositive motions. During the hearing, counsel also noted that their proposal is intended to establish common deadlines for the completion of discovery, conducting mediation, and filing motions in each case.

FRCP 42(a) provides:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

The parties assert that consolidation is appropriate based on common questions of law (including whether the underlying agreements were lawful, the application of qualified immunity, and the viability of <u>Monell</u> claims) and because the witnesses for all cases will be "virtually identical." <u>Hogan</u>, 1:18 CV 96, Doc. 46, p. 7.

As for discovery, the parties represent that they have deposed defendants Scott Lindsay and Cindy Palmer as well as "several third-party witnesses including former Cherokee County DSS social worker Courtney

Myers, and North Carolina Department of Health and Human Services ('NCDHHS') employee Tamela Shook." Hogan, 1:18 CV 96, Doc. 46, p. 2. During the hearing, the parties additionally represented that over 70,000 pages of discovery had been exchanged in Hogan, and that the parties are informally sharing discovery between the cases.[3]

Further, counsel agreed during the hearing that, if Hogan were not consolidated with the other matters, it could serve as a bellwether case (particularly with respect to the issues of qualified immunity and Monell claims), and that the remaining matters could nonetheless be consolidated.

While these cases do appear to present some common questions of law and fact, the decision to consolidate is a discretionary one and other factors are relevant here. See In re Cree, Inc., Securities Litigation, 219 F.R.D. 369, 371 (M.D.N.C. 2003).

---

[3] One of the parties' arguments in favor of consolidation, as described during the hearing, is their concern that, absent a formal consolidation order, they may not be able to use discovery in one matter if that discovery had been obtained in another matter. While the sharing across cases of information that may be confidential as to individual parties could be problematic, the sharing of nonconfidential information that would be generally applicable would not seem to pose such concerns. See e.g., Culinary Foods, Inc. v. Raychem Corp., 151 F.R.D. 297, 306 (N.D. Ill.), order clarified, 153 F.R.D. 614 (N.D. Ill. 1993) ("We agree that case law encourages sharing of nonconfidential information with other litigants, but this does not apply to the sharing of confidential information under a protective order that limits access to certain identified individuals."); see also Deford v. Schmid Products Company, 120 FRD 648, 654 (D. Md. 1987) (the desire to share information with other litigants and their counsel "is an appropriate goal under the Federal Rules of Civil Procedure, which are intended 'to secure the just, speedy, and inexpensive determination of every action.'")(citations omitted).

As discussed during the hearing, the Hogan case has been pending in this Court since April 2018 and is significantly farther along in its development than the other matters. The deadline for court-enforceable discovery in Hogan was September 8, 2020, motions are due by October 8, 2020, and the case is set for trial during the March 8, 2021 term. Hogan, 1:18 CV 96, Doc. 35. Considering the procedural stage of Hogan, the undersigned is not persuaded that it should be consolidated with the other matters and therefore will deny the request to consolidate as to that case.

During the hearing, counsel in Hogan made an alternative oral request that, should the Court not be inclined to consolidate Hogan with the other cases, the parties be provided with an additional 60-90 days to complete discovery. Discovery opened formally in December of 2019 when the Pretrial Order and Case Management Plan was entered, and the information provided in the Motion to Consolidate and during the hearing indicates that the parties have conducted significant discovery. During the hearing, counsel also stated that the parties had agreed for the depositions of the respective experts, Mr. Hogan, his wife, and their daughter to occur even if the discovery deadline was not formally extended.

Under these circumstances, and further bearing in mind that a significant extension of the discovery deadline would in turn impact the motions deadline and trial, the undersigned will deny the oral motion to extend

the discovery deadline. The parties remain free, though, to conduct additional voluntary discovery in Hogan, as described in the Pretrial Order.

With respect to the other cases, multiple threshold motions are pending or anticipated. Specifically, there is a Motion to Dismiss pending in Godbold, which motion seeks the dismissal of the Amended Complaint based on the statute of limitations. 1:20 CV 202, Docs. 3, 4. Defense counsel advised during the hearing that a similar motion based on the statute of limitations will be filed as to some of the parties in Allen and that a motion addressing severance and misjoinder of the numerous plaintiffs in that case may be made as well.[4]

Considering the motions that are pending and forthcoming in Godbold and Allen, the Motion to Consolidate will be denied at this time as the undersigned concludes that those motions should be addressed prior to any potential consolidation. This denial, however, will be without prejudice to the parties' right to seek consolidation of the Molly Cordell, Heaven Cordell, Godbold, and Allen matters subsequent to a final ruling on the pending and forthcoming motions.

Finally, as for the issue of the sharing of discovery across cases, the undersigned recognizes that such a practice could be efficient and could further the goals of Rule 1, which requires the "the just, speedy, and inexpensive

---

[4] The Allen case currently includes over sixty plaintiffs.

9

determination of every action and proceeding." Accordingly, the parties are encouraged to continue to share discovery across these matters as may be appropriate and are also encouraged to submit any proposed protective orders that they believe may be helpful in that regard.

**IT IS THEREFORE ORDERED THAT:**

1. With respect to <u>Hogan</u>, 1:18 CV 96, the Motion to Consolidate (Doc. 45) is **DENIED** and the parties' oral motion to extend the discovery deadline is **DENIED**.

2. With respect to the remaining matters, the Motion to Consolidate is **DENIED WITHOUT PREJUDICE**.

Signed: September 18, 2020

W. Carleton Metcalf
United States Magistrate Judge