IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00096-MR-WCM

| | |
|---|---|
| BRIAN HOGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHEROKEE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiffs' Unopposed Motion to Seal Memorandum of Law and Exhibits Filed in Support of Plaintiffs' Motion for Partial Summary Judgment [Doc. 57].

The Plaintiffs move for leave to file under seal the Plaintiffs' Memorandum of Law in support of their Motion for Partial Summary Judgment and all exhibits filed in support of their Motion.[1] [Doc. 57]. As grounds for sealing, the Plaintiffs state that the exhibits to the Motion contain confidential information, "including material that identifies juveniles, protected medical information, and other material that is prohibited from public disclosure by law." [Id. at 2]. Additionally, the Plaintiffs state that their

---

[1] The Plaintiffs' Memorandum and accompanying exhibits have been filed provisionally under seal as Document 61.

Memorandum of Law "quotes and incorporates significant material from documents and depositions that have been marked 'Confidential' by one or both of the parties to this action." [Id.]. Counsel for the Defendants do not object to the Plaintiffs' request to seal these documents. [Id.].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).[2]

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow

---

[2] The Plaintiffs do not specify whether the common-law presumptive right of access or the First Amendment right of access is at issue in this case.

interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Here, the Plaintiffs have failed to provide any specificity to support their wholesale request to seal their Memorandum of Law and exhibits. While the Plaintiffs contend that the exhibits contain various material deemed "confidential" by the parties pursuant to the previously entered Protective Order [Doc. 39], the mere designation of material as confidential by the parties is not sufficient to warrant the sealing of that material from public disclosure. For *each document* which the Plaintiffs seek to file under seal, the Plaintiffs must identify the basis for sealing and explain why less drastic alternatives would not be sufficient. For example, for an exhibit that references a juvenile by name, a less drastic alternative to sealing the entire exhibit would be simply to redact the name of the juvenile and refer to that juvenile only by his or her initials. Similarly, for a memorandum of law which references confidential material, a less drastic alternative to sealing of the entire memorandum may be to redact the confidential information from the body of the memorandum or to write the memorandum in such a way that it

is generic enough so as not to disclose the exact nature of the confidential information but still conveys sufficient factual information to the public.

The Court is cognizant that this case involves a number of sensitive issues pertaining to custody matters, juveniles, and Social Services investigations. The Court, however, cannot permit a wholesale sealing of the Plaintiffs' filings simply on the basis that the parties have deemed certain matters "confidential." Accordingly, the Plaintiffs' motion to seal is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Unopposed Motion to Seal Memorandum of Law and Exhibits Filed in Support of Plaintiffs' Motion for Partial Summary Judgment [Doc. 57] is **DENIED WITHOUT PREJUDICE**. The Plaintiffs shall have seven (7) days from the entry of this Order to withdraw Document 61 or file a properly supported motion to seal.

**IT IS SO ORDERED.**

Signed: October 22, 2020

Martin Reidinger
Chief United States District Judge