IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00096-MR-WCM

| | | |
|---|---|---|
| BRIAN HOGAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CHEROKEE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Cherokee County, Scott Lindsay in His Official Capacity, and Cindy Palmer in Her Official and Individual Capacities' Motion to Seal [Doc. 54].

The above-referenced Defendants move for leave to file under seal Exhibit 4 to the memorandum in support of their motion for summary judgment. Exhibit 4 consists of six pages of Brian Hogan's deposition testimony which contain information related to a DSS report related to this lawsuit. [Doc. 66-1].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access

extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).[1]

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion.  The motion was filed on October 15, 2020, and it has been accessible to the public through the

---

[1] The Plaintiffs do not specify whether the common-law presumptive right of access or the First Amendment right of access is at issue in this case.

Court's electronic case filing system since that time. Further, the Defendants have demonstrated that the exhibit at issue contains information that North Carolina law prohibits from being publicly disclosed, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of this exhibit is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS THEREFORE ORDERED** that Cherokee County, Scott Lindsay in His Official Capacity, and Cindy Palmer in Her Official and Individual Capacities' Motion to Seal [Doc. 54] is **GRANTED**, and Exhibit 4 to the Defendant's Motion for Summary Judgment shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: October 22, 2020

Martin Reidinger
Chief United States District Judge