IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:18-CV-96

| | |
|---|---|
| BRIAN HOGAN, et al, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHEROKEE COUNTY, et al., ) <br> ) <br> Defendant. ) <br> ) | **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR AMENDED AND UNOPPOSED MOTION TO FILE THEIR MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT AND CERTAIN EXHIBITS UNDER SEAL** |

NOW COME Plaintiffs, by and through counsel, pursuant to Local Civil Rules 6.1 and 7.1 and this Court's Order of October 22, 2020 (Doc. 69), and submit this Brief in Support of Their Amended Motion to Seal Memorandum of Law in Support of Their Motion for Partial Summary Judgment and certain exhibits related to that Motion (Doc. 61.).

### FACTUAL BACKGROUND

Plaintiff Brian Hogan is a father. His daughter is H.H. On or about November 21, 2016, the Cherokee County Department of Social Services ("DSS") coerced Hogan into signing a Custody and Visitation Agreement ("CVA") to unlawfully remove H.H. from Hogan's custody and place her with Hogan's father. (Doc. 1-1, ¶¶ 39-50.) In December 2017, Hogan was able to regain custody of H.H. after initiating a court proceeding in Cherokee County District Court. Judge Monica

- 1 -
Case 1:18-cv-00096-MR-WCM   Document 72-1   Filed 10/28/20   Page 1 of 11

Leslie ruled that the CVA was invalid and restored full custody of H.H. to Hogan. (*Id.* at ¶¶ 67-71.)

On March 14, 2018, Hogan and H.H., though her guardian ad litem, filed this lawsuit against Cherokee County, DSS Director Cindy Palmer, and DSS attorney Scott Lindsay. Plaintiffs assert various claims for negligence, as well as claims for violation of their constitutional rights, including a violation of 42 U.S.C. § 1983. (*Id.* at ¶¶ 98-301.)

This Court recognized that discovery in this case would necessarily involve material protected under state law because it involved a DSS investigation, juvenile records, and other information that was not open to public inspection. On February 14, 2020, the Court entered a Consent Protective Order that stated in part:

> Documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which relate to Cherokee County Department of Social Services ("DSS") employee personnel matters, DSS records from abuse, neglect, and dependency investigations, and protected medical information ("confidential information") that may be disclosed only under court order, pursuant to N.C. Gen. Stat. §§ 7B-302, 7B-2901(a), and 153A-98 (c). The parties have sought such an order so as to be in compliance with these statutes.

(Doc. 39, p. 1.) The Court's Protective Order further allowed the parties to designate other material as "Confidential." (*Id.* at p. 2) ("documents or other material which the parties or their attorneys believe with good reason and in good faith is or contains confidential information, personal information, statutorily protected information,

private information, or information which is protected from public disclosure by law or by privacy rights[]" may be designed as "confidential.") Information designated as "Confidential" under the Protective Order could only be shared with certain persons and subject to certain restrictions. (*Id.* at pp. 5-8) (listing persons who can have access to "Confidential" material and the permitted uses of that material). The Protective Order also required the parties to seek to seal any "Confidential" material filed with the Court: "When a party files with the Court Confidential Documents and Information, including confidential portions of any deposition, the party shall file them pursuant to the Western District of North Carolina Local Rules for filing sealed documents." (*Id.* at 8.)

During discovery, the parties designated certain documents and deposition testimony as "Confidential" under the terms of the Protective Order. Plaintiffs have presented some of these documents and excerpts from the deposition transcripts to the Court in support of their Motion for Partial Summary Judgment. (Doc. 61.) As such, Plaintiffs were required to request that the Court seal this information.

The information subject to sealing falls into two categories:[1] 1) documents concerning the DSS investigation of Hogan and H.H. (and other families) and 2)

---

[1] Plaintiffs initially sought to seal the affidavits of Darryl Brown, Judge Monica Leslie and Laurel Smith. (Docs. 61-2, 61-3, 61-4.) However, having reviewed those affidavits again following the Court's 10/22/20 Order, Plaintiffs are withdrawing that request and intend to file those affidavits in redacted form to protect the privacy of any minors and/or juvenile proceedings referenced in them following a ruling on this Amended Motion to Seal. With the Court's permission, Plaintiffs

deposition testimony. The witnesses in the depositions at issue are:

- Brian Hogan, Plaintiff
- Tamela Shook, former DSS Director for Buncombe County
- Courtney Myers, former social worker for Cherokee County
- Cindy Palmer, Defendant and former DSS Director
- Scott Lindsay, Defendant and former DSS Attorney
- Karen Kephart, former Chair of the DSS Board
- Randy Wiggins, Cherokee County Manager

Each of these is discussed below.

## **ARGUMENT**

Local Rule 6.1 sets forth the process this Court requires to request to seal court records. A party must provide:

(1) A non-confidential description of the material sought to be sealed;

(2) A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

(3) Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

(4) Supporting statutes, case law, or other authority.

LCvR 6.1.

---

will refile these redacted documents on the public docket at the same time the file any other redacted documents the Court may order in response to this motion.

When presented with a motion to seal, the Fourth Circuit Court of Appeals requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Plaintiffs submit that all of these requirements are met with regard to documents involving any DSS investigation into a report of abuse or neglect of any minors and as to Hogan's deposition testimony. The other material Plaintiffs have offered was designated as "Confidential" by Defendants, and Plaintiffs take no position on whether it should be filed under seal.

I. **ANY DOCUMENTS DISCUSSING A DSS INVESTIGATION OR NAMING MINORS SHOULD BE SEALED.**

Plaintiffs have offered several deposition exhibits in support of their Motion for Partial Summary Judgment that specifically name the children and parents involved in DSS investigations and who ultimately signed CVAs to give up legal custody of their children. These documents are attached as exhibits to Plaintiffs' Memorandum of Law as Shook Exhibit 14 and Lindsay Exhibit 34. (Doc. 61-6, pp. 34-36; Doc. 61-10, pp. 18-19.)

These documents should be filed under seal because they are confidential information developed during a DSS investigation. When DSS receives a report of

abuse or neglect, it is required to take prompt action, including collecting information on the caretakers/parents and the juvenile. A statute expressly mandates that information that DSS acquires during its investigation is confidential: "All information received by the department of social services, including the identity of the reporter, shall be held in strictest confidence by the department, except" disclosure to a government agency, the juvenile's guardian ad litem, or the juvenile's parent, guardian or caretaker. N.C. Gen. Stat. §7B-302(a)(1). None of these circumstances apply here. Otherwise, a court order must be issued to disclose this information. *Id.* No court order has been issued that would allow disclosure of information about the Hogan family or other families affected by DSS's use of CVAs.

A separate statute mandates that all court files regarding juvenile cases are confidential:

> (a) The clerk shall maintain a complete record of all juvenile cases filed in the clerk's office alleging abuse, neglect, or dependency. The records shall be withheld from public inspection and, except as provided in this subsection, may be examined only by order of the court. …

N.C. Gen. Stat. § 7B-2901(a). To the extent that the filed material references juvenile proceedings involving H.H. (or any other minor who was named in a CVA), this information must be kept confidential. To date, no court order has been issued here that would eliminate the confidential nature of these materials.

Finally, the exhibit from the Shook Deposition is taken from a North Carolina SBI file. In *News & Observer Pub. Co. v. State*, 312 N.C. 276, 283-84, 322 S.E.2d 133, 138 (1984) the North Carolina Supreme Court stated that the North Carolina General Statutes make

> it clear that S.B.I. records are not public records, and access to them by parties, other than District Attorneys, may be permitted "only upon an order of a court of competent jurisdiction" when those parties are *otherwise entitled by statute to access*. We further hold that such access is available only under our statutory procedures for discovery in civil or criminal cases.
>
> To the extent that [prior cases] can be read as implying that our trial courts are given unfettered discretion . . . to make S.B.I. records and evidence public, that opinion is expressly disapproved. The discretion possessed by our trial courts in this regard is limited to that necessary to the performance of their duties in applying the statutory procedures for civil and criminal discovery.

*Id*. (internal citations omitted)

Plaintiffs submit that there are no less drastic means to protect this information because the state statutes mandate that it remain confidential. Plaintiffs seek to maintain these documents under seal indefinitely in accordance with these state statutes.

## II. THE EXCERPTS FROM BRIAN HOGAN'S DEPOSITION TESTIMONY SHOULD BE FILED UNDER SEAL.

Defendants' counsel deposed Plaintiff Brian Hogan. Plaintiffs seek to offer portions of the deposition transcript in support of their Motion for Partial Summary Judgment. (Doc. 61-9.) During his testimony, Hogan discussed his interaction with

DSS and the series of events that led to DSS using a CVA to force him to give up custody of his child. Hogan references her child by her real name, not by initials, as has been done in this lawsuit to protect the identity of the minor.

This transcript should be filed under seal because it contains confidential information developed during a DSS investigation under N.C. Gen. Stat. §7B-302(a)(1). There are no less drastic means to protect this information because the state statutes mandate that it remain confidential. Plaintiffs seek to maintain this transcript under seal indefinitely, which is consistent with the state statutes involving DSS files.

### III. PLAINTIFFS TAKE NO POSITION ON WHETHER THE REMAINDER OF THE DEPOSITION TRANSCRIPTS SHOULD BE SEALED.

Plaintiffs have also offered excerpts from the deposition transcripts of Courtney Meyers, former social worker for Cherokee County (Doc. 61-5); Tamela Shook, former DSS Director for Buncombe County (Doc. 61-6); Randy Wiggins, Cherokee County Manager (Doc. 61-7); Karen Kephart, former Chair of the DSS Board (Doc. 61-8); Scott Lindsay, Defendant and former DSS Attorney (Doc. 61-10); and Cindy Palmer, Defendant and former DSS Director (Doc. 61-11). The entirety of these deposition transcripts were designated as "Confidential" by the Defendants. As such, Plaintiffs were under an obligation to request to file them under seal, pursuant to the terms of the Protective Order. (Doc. 39, ¶ 10.) However,

Plaintiffs take no position on whether the excerpts were properly designated for "Confidential" treatment under the Protective Order or whether they should be filed under seal, except to the extent that the testimony identifies juveniles or specific families at issue in DSS investigations. In particular, the testimony of Ms. Shook contains some of this information, as she discussed the exhibits referenced in Section I above. Plaintiffs believe those references can be redacted, as opposed to sealing the entire excerpt offered to the Court.

### IV. PORTIONS OF PLAINTIFF'S MEMORANDUM OF LAW DISCUSSING SEALED MATERIAL SHOULD ALSO BE FILED UNDER SEAL.

Plaintiffs discuss the documents and deposition testimony identified above in their Memorandum of Law. (Doc. 61-13.) At times, the testimony is quoted verbatim. If the underlying material is sealed, then discussion about that material in the Memorandum should also be sealed.

However, Plaintiffs agree that the entire Memorandum does not need to be sealed. Plaintiffs' counsel can certainly redact any material that the Court deems subject to sealing. After the Court issues an Order on this Amended Motion to Seal, Plaintiffs' counsel proposes to file a redacted Memorandum in accordance with that ruling.

# CONCLUSION

Plaintiffs respectfully request that the documents specified above involving any DSS investigation, the identity of minors, and the excerpts from the deposition transcript of Brian Hogan be filed under seal. Plaintiffs further request that they be allowed to file a redacted Memorandum (Doc. 61-13) that redacts any information that the Court finds should be sealed.

This the 28th day of October, 2020.

/s/David A. Wijewickrama
David A. Wijewickrama
N.C. State Bar No.: 30694
Law Office of David A. Wijewickrama, PLLC
95 Depot Street
Waynesville, NC 28786
Phone: 828-452-5801
Fax: 828-454-1990
*Attorney for Brian Hogan*

/s/ Ronald L. Moore
Ronald L. Moore
N.C. Bar No.: 9619
P.O. Box 18402
Asheville, NC 28814
Phone: (828) 777-1812
Fax: (828) 253-2717

*Attorney for H.H.*

/s/ Melissa Jackson
Melissa Jackson
N.C. State Bar No.: 34013
95 Depot Street
Waynesville, NC 28786
Phone: 828-452-5801
*Attorney for Brian Hogan*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. State Bar No.: 39579
P.O. Box 2917
Fayetteville, NC 28302
Phone :(910) 750-2265
*Attorney for H.H.*

# CERTIFICATE OF SERVICE

This is to certify that on October 28, 2020, a copy of the foregoing **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR AMENDED AND UNOPPOSED MOTION TO FILE THEIR MEMORANDUM IN SUPPORT OF PARTIAL MOTION FOR SUMMARY JUDGMENT AND CERTAIN EXHIBITS UNDER SEAL** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification to all counsel having made appearances in the case as follows:

Patrick Houghton Flanagan
Cranfill, Sumner & Hartzog, L.L.P.
2907 Providence Road
Suite 200
P.O. Box 30787
Charlotte, NC 28230
704-940-3419
704-332-9994 (fax)
phf@cshlaw.com
*Attorney for Defendant Scott Lindsey in his individual capacity*

John L. Kubis, Jr
Teague Campbell Dennis & Gorham, LLP
22 South Pack Square, Suite 800
Asheville, NC 28801
828-254-4515
828-254-4516 (fax)
jkubis@teaguecampbell.com

*Attorney for Defendant Cindy Palmer in her individual capacity*

Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 South College St., Suite 3500
Charlotte, NC 28202
704 331-4992
704 338-7814 (fax)
sean.perrin@wbd-us.com

*Attorney for Defendants Cherokee County, Cherokee County DSS, Scott Lindsey in his official capacity, and Cindy Palmer in her official capacity*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. Bar. No. 39579
3344 Presson Road, Monroe, NC 28112
Telephone: (910) 750-2265
Email: brandon.christian@ncleag.com