IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00096-MR-WCM

| | |
|---|---|
| BRIAN HOGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHEROKEE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiffs' Unopposed Motion to Seal Portions of Memorandum of Law in Opposition to Docs. 59 and 63 and Certain Exhibits [Doc. 77].

The Plaintiffs move for leave to file under seal portions of their Memorandum of Law in opposition to the Defendants' Motions for Summary Judgment as well as certain exhibits submitted therewith. [Doc. 77].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the

public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiffs' motion. The motion was filed on October 29, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiffs have demonstrated that the documents at issue contains information that North Carolina law prohibits from being publicly disclosed, and that the public's right of access to such information is substantially outweighed by the

2

compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the redaction and/or sealing of the specified documents is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Unopposed Motion to Seal Portions of Memorandum of Law in Opposition to Docs. 59 and 63 and Certain Exhibits [Doc. 77] is **GRANTED**, and the following documents shall be filed under seal and shall remain under seal until further Order of this Court:

(1) Documents concerning the DSS investigation of Hogan and H.H. (and other families), which documents are attached as exhibits to Plaintiffs' Opposition to Defendant Scott Lindsay's Motion for Summary Judgment as Lindsay Dep. Exhibits 3, 11, 12, 13, 15, 16, 17, 30, 34. and 35 [Doc. 76-1];

(2) Documents that are arguably part of Palmer's County Personnel file, which documents are attached as exhibits to Plaintiff's Opposition to Defendants Cherokee County, Cindy Palmer in both her individual and official capacities and Scott Lindsay in his official capacity only's Motion for Summary Judgment as Palmer Dep. Exhibits 3, 4, 6, 7, 8, 9, 10, 13, and 55 [Doc. 75-1];

(3) Excerpts from the depositions of Brian Hogan, Plaintiff, Scott Lindsay, Defendant and former DSS Attorney (Filed with Plaintiffs' Opp. to Docs. 62 and 63)); and Cindy Palmer, Defendant and former DSS Director (Filed with Plaintiffs' Opp. to 56 and 59) [Docs. 75-1, 75-2, 76-1];

3

(4) Portions of Plaintiffs' Memoranda in Opposition that discuss or quote the material set forth above [Docs. 75, 76].

The Plaintiffs are directed to file an appropriately redacted version of their Memoranda of Law in opposition to the Defendants' Motion for Summary Judgment within seven (7) days of entry of this Order.

**IT IS SO ORDERED.**   Signed: November 8, 2020

Martin Reidinger
Chief United States District Judge