IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00096-MR-WCM

| | |
|---|---|
| BRIAN HOGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHEROKEE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiffs' Amended and Unopposed Motion to Seal Portions of Memorandum of Law in Support of Motion for Partial Summary Judgment and Certain Exhibits [Doc. 72].

The Court previously denied the Plaintiffs' Motion to Seal without prejudice, finding that the Plaintiffs had not adequately identified the basis for sealing each document and had not explained why less drastic alternatives would not be sufficient. [Doc. 69]. The Plaintiffs now renew their motion for leave to file under seal portions of their Memorandum of Law in Support of Motion for Partial Summary Judgment and certain exhibits. [Doc. 72].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and

records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiffs' motion. The motion was filed on October 28, 2020, and it has been accessible to the public through the

Court's electronic case filing system since that time. Further, the Plaintiffs have demonstrated that the documents at issue contains information that North Carolina law prohibits from being publicly disclosed, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the redaction and/or sealing of the specified documents is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Amended and Unopposed Motion to Seal Portions of Memorandum of Law in Support of Motion for Partial Summary Judgment and Certain Exhibits [Doc. 72] is **GRANTED**, and the following documents shall be filed under seal and shall remain under seal until further Order of this Court:

(1) Documents concerning the DSS investigation of Hogan and H.H. (and other families), which documents are attached as exhibits to Plaintiffs' Memorandum of Law as Shook Exhibit 14 and Lindsay Exhibit 34 [Doc. 61-6 at 34-36; Doc. 61-10];

(2) Excerpts from Brian Hogan's deposition transcript [Doc. 61-9];

(3) Excerpts from the depositions of Courtney Meyers, former social worker for Cherokee County [Doc. 61-5]; Tamela Shook, former DSS Director for Buncombe County [Doc. 61-6]; Randy Wiggins, Cherokee County Manager [Doc. 61-7]; Karen Kephart, former Chair of the DSS Board [Doc. 61-8]; Scott Lindsay, Defendant

3

and former DSS Attorney [Doc. 61-10]; and Cindy Palmer, Defendant and former DSS Director [Doc. 61-11]; and

(4) Portions of Plaintiffs' Memorandum of Law that discuss or quote the material set forth above [Doc. 61-13].

The Plaintiffs are directed to file an appropriately redacted version of their Memorandum of Law in support of Motion for Partial Summary Judgment within seven (7) days of entry of this Order.

**IT IS SO ORDERED.**

Signed: November 8, 2020

Martin Reidinger
Chief United States District Judge