UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

No. 1:18-cv-96

BRIAN HOGAN, et al.

    Plaintiffs,

v.

CHEROKEE COUNTY, et al.,

    Defendants.

**DECLARATION OF DAVID WIJEWICKRAMA**

COMES NOW, undersigned counsel David A. Wijewickrama, and makes the following declaration as an officer of the Court as to the truthfulness and accuracy of the following statements. I further do say and depose as follows to be the truth, whole truth, and nothing but the truth:

1. I am counsel of records for the Plaintiffs in the above captioned action.

2. I have participated in all phases of the litigation of the above captioned action.

3. I have personal knowledge of the contents of this declaration.

4. I became involved in this action after being contacted by Plaintiff Hogan and Attorney Melissa Jackson in December of 2017.

5. I and Attorney Jackson sent letters to Defendants Cherokee County and Cindy Palmer directing them to preserve all information relevant to this

1

action. (This letter, sent via electronic mail on December 21, 2017 was received by the County. (See Wiggins Dep. Ex. 16)

6. This initial letter was followed by a second letter, which was sent to counsel Sean Perrin as well as Defendants Palmer and Cherokee County on January 4, 2018, essentially reiterating the same points as the prior letter. (See Wiggins Dep. Ex. 19)

7. In August of 2020, while conducting discovery in the above captioned action, counsel attempted to obtain educational records pertaining to H.H. from the Cherokee County Public Schools ("CCPS").

8. Defendants asserted that they were unable to directly produce those educational records, and insisted that Plaintiffs' counsel had to obtain them directly from CCPS, but consented to the issuance of an administrative subpoena issued by North Carolina District Court Judge _____ Walker, directing the production to Plaintiffs of the requested educational records of H.H.

9. Plaintiffs received partial, incomplete response to the subpoena from CCPS, but did not receive all documents requested until January 22, 2021.

10. Among CCPS' produced documents, Plaintiffs discovered a Safety Assessment conducted on H.H. by DSS employees of Cherokee County on May 12, 2016.

11. Plaintiffs had never seen this safety assessment before, despite being entitled to receive complete copies of H.H.'s DSS records in discovery.

12. Upon receipt of this safety assessment, Plaintiffs' counsel undertook a complete review of all received discovery in this action.

13. In fact, I personally conducted a visual, page by page review of all discovery and an electronic search of all discovery to ensure that Plaintiffs had not overlooked prior production of the assessment.

14. This search revealed that Plaintiffs had not previously been provided with this assessment.

15. Plaintiffs' review of discovery did however include the review of an activity log that was provided in discovery from Defendant Lindsay.

16. Close examination of this activity log, revealed the existence of in excess of 30 documents that were created in connection with Cherokee County DSS's investigation of H.H. that led to the creation of the CVA at issue in this action.

17. None of the documents referenced in this activity log were produced to Plaintiffs in discovery from Defendant Cherokee County.

18. I, and the remainder of Plaintiffs' counsel all acknowledge that we erred by failing to recognize the significance of the activity log as it pertained to

3

Case 1:18-cv-00096-MR-WCM   Document 88-2   Filed 02/05/21   Page 3 of 5

missing documents at the time it was produced. (Defendant Lindsay produced the activity log during the discovery period.

19. We did not realize that the activity log was indicative of missing documents from H.H's DSS/CPS file until after we received the safety assessment from CCPS.

20. Upon realizing the potential import of the missing documents and that Cherokee County obligated to preserve the missing documents intact, Plaintiffs'' counsel sent written communication to Defendants' counsel seeking to ascertain where the missing documents were located, or if they could not be found, why.

21. All communications between Plaintiffs' counsel and defense counsel in regard to these documents has been a good-faith attempt to locate or resolve a potential spoliation issue.

Further declarant sayeth not.

**[ONE SIGNATURE PAGE FOLLOWS]**

**[Remainder of Page Left Intentionally Blank]**

This 5 day of February, 2021.

_____
David A. Wijewickrama

STATE OF North Carolina

COUNTY OF Haywood

I, the undersigned notary public, do hereby certify that the above signed affiant did appear personally before me and (being known to me or having produced sufficient evidence of identification) did execute the foregoing affidavit for the purposes stated therein.

This 5 day of February, 2021.

_____
Notary Public

08/26/2024
My commission expires:            (SEAL)

[Notary Seal: KASEY K. CARSTENS, NOTARY PUBLIC, BUNCOMBE COUNTY, NC]

5