UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:18-cv-96

| | |
|---|---|
| BRIAN HOGAN, both on his own behalf and as representative of all unnamed class members who are similarly situated; BRIAN HOGAN, as parent and next friend of H.H., both her own behalf and as representative of all unnamed class members who are similarly situated,<br>　　　　　　　Plaintiffs,<br>　　vs.<br>CHEROKEE COUNTY; CHEROKEE COUNTY DEPARTMENT OF SOCIAL SERVICES; SCOTT LINDSAY both in his individual capacity and official capacity as attorney for Cherokee County Department of Social Services; CINDY PALMER, in both her individual capacity and her official capacity as Director of Cherokee County Department of Social Services; DSS SUPERVISOR DOE #1, et al.,<br>　　　　　　　Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S PAGE AND LINE DESIGNATIONS [DOCUMENT 99]** |

Defendants are filing this response to Plaintiffs' page and line deposition designations. [Document 99]. For the following reasons, the Defendants object to the Plaintiff's designations.

1

## I. DEPOSITIONS OF CINDY PALMER AND SCOTT LINDSAY

The Plaintiffs seek to use the depositions of Cindy Palmer and Scott Lindsay taken on July 29-29, 2020, as substantive evidence in their case in chief. [Document 99, pp. 1-5]. The Plaintiffs, however, have failed to identify a basis to allow the use of these depositions.

F.R. Civ. P. 32 allows use of a deposition at trial against a party if a) the party was represented at the taking; b) the deposition is admissible under the Federal Rules of Evidence if the witness were present; and c) the use is allowed under F.R. Civ. P. 32 (a)(2)- (8). The Plaintiffs have failed to show that the use of Palmer and Lindsay's depositions are allowed under F.R. Civ. P. 32(a)(4).

F.R. Civ. P. 32 (a)(4) provides that a party may use for any purpose the deposition of a witness if (a) the witness is dead, (b) the witness is more than 100 miles, (c) that the witness cannot attend, (d) that the party offering the witness cannot secure the witness' attendance through subpoena, and (e) for exceptional circumstances which must be based on motion and notice. Both Palmer and Lindsay are alive, and planning on attending the trial of this case. In fact, the Plaintiffs have subpoenaed them to Court. *See* Exhibit 1.

While Lindsay and Palmer may invoke their Constitutional right against self-incrimination, that does not make them an "unavailable witness" under F.R. Civ. P.

32 (a)(4). In *Banks v. Yokemick*, 144 F.Supp.2d 272 (S.D.N.Y. 2001), the Plaintiff sought to introduce depositions of witnesses who were not scheduled to testify on the grounds that the two witnesses asserted their Fifth Amendment right at an earlier time, and were expected to make the same assertion at trial. *Id*. at 288. The Court rejected this request and held:

> Banks is not barred from calling these individuals as witnesses if she needs their testimony as evidence. The Court has not been advised that either of these witnesses is absent unexpectedly; that Banks has attempted unsuccessfully through the issuance of subpoenas to secure their personal presence in Court; or that Yokemick has—by his actions—made either witness unavailable to appear at trial. The Court finds that Banks has not made a sufficient showing of exceptional circumstances simply because these witnesses may assert their Fifth Amendment privilege.

*Id*.

Recently, a district court within the Fourth Circuit described reliance of Rule 32 (a)(4) as a "high hurdle" because of the preference that trial testimony be given in open court. *United States ex. rel. Lutz v. Berkeley Heartlab, Inc*., 2017 WL 6015157 at * 2 (D.S.C. 2017) (unpublished) The Plaintiffs have not overcome this hurdle and their request to use the depositions of Lindsay and Palmer from this case should be rejected.

II. <u>**TESTIMONY FROM PRIOR STATE TRIAL**</u>

The Plaintiffs' attempts at introducing Lindsey, Palmer, and former DSS supervisor, David Hughes' testimony from a private custody proceeding, *Mathieu v.*

3

*Greenlee*, 18 CVD 46, where none of the named Defendants were parties, should also be rejected. [Document 99, pp. 5-7].

F.R. Civ. P 32(a)(8) allows a deposition taken at an earlier action to be used in a later action if it involves "the same subject matter between the same parties or their representatives or successors in interest, to the same extent as if it was taken in a later action." The proffered testimony from the *Mathieu* case does not involve the same subject matter or the same parties.

The issue in *Mathieu* was simply a private dispute over custody. (Tr. p. 9: 15-25; p. 10: 1-25). [1] The legality of the cva was not an issue in that case. In fact, counsel for Mathieu stated "if he's asking for a declaratory judgment [about the legality of the cva]…I don't think we can hear anything with respect to that today." *Id*. at p. 10: 17-21. Mathieu's counsel even agreed to "stipulate that the custody agreement is not an order of the Court, that is has no legal force or effect as an order of the Court." *Id*. at p. 9: 23-25; 10: 1. Counsel continued: "[b]ut I'm not going to get involved in whether there was fraud, whether there was coercion [in signing the cva]. There's no reason for me to do that." *Id*. at p. 10: 23-25.

In addition to the cva not being involved in *Mathieu*, none of the named Defendants were parties to that case. Neither was Brian Hogan or H.H. In fact,

---

[1] The Defendants have attached relevant portions of the transcript of the *Mathieu* case as Exhibit 2.

4

Greenlee's lawyers- all of whom represent the Plaintiffs in this action- repeatedly made it clear that DSS was not a party. The DSS attorney, David Moore, made an objection that Palmer's testimony was not relevant to this private custody dispute. *Id*. at p. 153: 1-2. Counsel for Defendant Greenlee responded: "Judge, I don't believe he has standing to object…He's not a party. She's not a party." *Id*. at p. 153: 17-19. When the DSS attorney asked "I want to clarify the Department of Social Services is not a party, correct," counsel for Greenlee stated "yes, you're not a party" and then told the DSS attorney that he was not allowed to cross-examine Palmer because "You're not a party." *Id*. at p. 154: 19-22. Although the presiding judge informed counsel that "this is not a fishing expedition," she then proceeded to allow Greenlee's lawyers to ask Palmer and Lindsay questions about a subject not related to the case, the propriety of using a child visitation agreement. *Id*. at p. 156: 2-3. When counsel for DSS stated "I just—I do want it noted for the record that we are not a party to this action," the Court replied "Absolutely." *Id*. at p. 156: 10-15.

This Court has already rejected the Plaintiffs' claim that any ruling in the *Mathieu* Action collaterally estopped the Defendants from arguing the contrary in this case. [Document 22]. Indeed, the Court recognized that DSS was not a party to the Mathieu Action, and "the legal significance or effect of the District Court's conclusion of law that CCDSS committed constructive fraud in obtaining the CVA is unclear." [Document 22, p. 4 n. 2].

It is abundantly clear that Plaintiffs' counsel- also counsel to Greenlee- used a private district court custody case to hoodwink a state district court judge to rule on a matter with no connection to the exact issues before that Court. This Court should reject Plaintiffs' attempts at using this unrelated case with different parties as a deposition in this case.

Respectfully submitted this 23rd day of April, 2021.

s/Sean F. Perrin
*Attorney for Defendants Cherokee County, Cherokee County Department of Social Services, Scott Lindsay in his official capacity and Cindy Palmer in her official capacity*

s/John Kubis
*Attorney for Defendant Cindy Palmer in her individual capacity*

s/ Pat Flanagan
s/ Virginia Wooten
*Attorneys for Defendant Scott Lindsay in his official capacity*

6

Case 1:18-cv-00096-MR-WCM   Document 101   Filed 04/23/21   Page 6 of 6