UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:18-cv-96

BRIAN HOGAN, both on his own
behalf and as representative of all
unnamed class members who are
similarly situated; BRIAN HOGAN, as
parent and next friend of H.H., both
her own behalf and as representative of
all unnamed class members who are
similarly situated,
              Plaintiffs,

    vs.

CHEROKEE COUNTY; CHEROKEE
COUNTY DEPARTMENT OF
SOCIAL SERVICES; SCOTT
LINDSAY both in his individual
capacity and official capacity as
attorney for Cherokee County
Department of Social Services;
CINDY PALMER, in both her
individual capacity and her official
capacity as Director of Cherokee
County Department of Social Services;
DSS SUPERVISOR DOE #1, et al.,
              Defendants.

EXHIBIT 2       EXCERPTS FROM MATHIEU V. GREENLEE HEARING

```
STATE OF NORTH CAROLINA      )    IN THE GENERAL COURT OF JUSTICE
                             )    DISTRICT COURT DIVISION
COUNTY OF CHEROKEE COUNTY     )    FILE NO.: 18-CVD-0046
```

```
_____
                              )
MICHAEL MATHIEU,              )
                              )
            Plaintiff,        )
                              )
      v.                      )              PROCEEDINGS
                              )
SHALEES GREENLEE,             )
                              )
            Defendant.        )
                              )
_____
```

On *Wednesday, February 28, 2018, commencing at 9:28*
*a.m., the above-captioned Proceedings were taken in the General*
*Court of Justice, District Court Division, Cherokee County, North*
*Carolina, before the Honorable Tessa Shelton Sellers, Judge*
*Presiding, and was attended by Counsel as follows:*

APPEARANCES:

        ZEYLAND G. MCKINNEY, JR., ESQ.
        McKinney Law Firm PA
        23 Valley River Avenue
        Murphy, North Carolina  28906
        on behalf of the Plaintiff

        DAVID A. WIJEWICKRAMA, ESQ.
        MELISSA JACKSON, ESQ.
        BRANDON CHRISTIAN, ESQ.
        95 Depot Street
        Waynesville, North Carolina  28786
        on behalf of the Defendant

        RON MOORE, ESQ.
        P.O. Box 18402
        Asheville, North Carolina  28804
        on behalf of the Defendant

(Appearances continue)

1   BY THE COURT:

2       I agree with you.  I can't make the

3       designation.

4   BY MR. MCKINNEY:

5       Right.

6   BY THE COURT:

7       I can make a recommendation to Judge Walker or

8       to Judge Coward who then make their

9       recommendation to the chief justice ---

10  BY MR. MCKINNEY:

11      Right.

12  BY THE COURT:

13      --- in order for that to happen.

14  BY MR. MCKINNEY:

15      Right.  But my point is, Your Honor, with

16      respect to the custody agreement that was

17      entered into by the parties, if he's asking

18      for a declaratory judgment and he's asking for

19      a designation of that as an exceptional case,

20      I don't think we can hear anything with

21      respect to that today.  And what I'm willing

22      to stipulate to for the purposes of this

23      custody action -- I'm willing to stipulate

24      that the custody agreement is not an order of

25      the Court, that it has no legal force or

1     effect as an order of the Court. But I think

2     the Court is going to have to take evidence --

3     I don't know if you have to take evidence, but

4     -- there seems to be some willingness to argue

5     that whatever status quo is created by this

6     agreement that the Court should consider that.

7     And if that's where they're coming from, then

8     I think that's something that Your Honor is

9     going to have to look at once you determine

10    the circumstances surrounding the execution of

11    that agreement. And my argument to the Court

12    on that point would be it really doesn't

13    matter. It doesn't matter whether there was -

14    - there was fraud in the execution of the

15    agreement. It doesn't matter whether there

16    was -- whether there was coercion. For

17    purposes my action, what I'm saying to the

18    Court is the status quo for a year has been

19    that this child has been in this location,

20    it's doing fine, and we don't want the child

21    drug around and upset until we can have a full

22    hearing on the merits. That's my position.

23    But I'm not going to get involved in whether

24    there was fraud, whether there was coercion.

25    There's no reason for me to do that. I don't

1         All right, based on the preliminary matters

2         that are before the Court, the Court will

3         allow, since the parties have stipulated so,

4         to complete recordation.  The Court will grant

5         the sequestration motion.  The Court will also

6         grant the protective order and present.

7         However, the Court will hold that -- any

8         ruling on the motion for a 2.1 judge until the

9         end of the evidence today.  And so who would

10        be the first witness to be called?

11 BY MR. MCKINNEY:

12        Michael Mathieu, Your Honor.

13 BY MR. DAVID MOORE:

14        Your Honor, there was a motion to quash filed

15        on behalf of the Department of Social

16        Services, and we are not a party to this

17        action.  I ---

18 BY THE COURT:

19        I don't have a motion to quash.

20 BY MR. WIJEWICKRAMA:

21        We have not received any motions.

22 BY MR. DAVID MOORE:

23        Okay.

24 BY THE COURT:

25        I don't have it in the file, Mr. Moore.

1  BY MS. JACKSON:

2       I've actually marked those for identification

3       purposes.

4  BY THE COURT:

5       Why don't we make that a collective exhibit?

6  BY MS. JACKSON:

7       If I may approach?

8  BY THE WITNESS:

9       Okay, here's both.

10  BY MR. RON MOORE:

11       Is it the one child, the child we're here on,

12       and the other three all together in the other

13       file?

14  BY THE WITNESS:

15       I think the thinner file is for Alana, and the

16       other is for the other three.

17  BY MR. RON MOORE:

18       Your Honor, we call Cindy Palmer.

19  BY THE COURT:

20       All right.

21  BY MR. DAVID MOORE:

22       Your Honor, I'm going to -- I don't know what

23       grounds I've got here.  I'm not a party.  But

24       she is the director of Department of Social

25       Services.  She (inaudible) her official

Asheville Reporting Service
111 McDowell Street, Asheville, NC 28801
828-254-9230

1    capacity.  I'm not sure how her testimony is

2    relevant to a private custody action here.  I

3    understand Mr. Hughes' and the documents that

4    he was asked to produce.  So it is my concern

5    at this point in time -- it is not -- it's

6    obvious that there is -- there is other

7    litigation either pending or going to happen

8    with regard to the CVAs.  My concern is that

9    this is essentially turned into a discovery

10   deposition without the Department of Social

11   Services being able to defend itself or

12   represent itself.  So that's my objection to

13   Ms. Palmer and her testimony at this time.

14   BY THE COURT:

15       Response?

16   BY MR. RON MOORE:

17       Judge, I don't believe he has any standing to

18       object.  She's been subpoenaed as a witness.

19       He's not a party.  She's not a party.  She's

20       got a subpoena to bring some documents that

21       relate to what we just talked about, and we've

22       now found some documents are missing -- that

23       some files are missing.  So we're entitled to

24       explore things like that.  We also are asking

25       the Court to declare these unconstitutional or

1        illegal, the CVAs in this case, and I'm

2        entitled to explore what she knows about it,

3        what the policy is, what the procedure is, and

4        so I think she's a relevant witness.

5    BY MR. DAVID MOORE:

6        I just want to clarify the Department of

7        Social Services is not a party, correct

8    BY MR. RON MOORE:

9        You had a chance to be a party, but you chose

10       not to because you didn't -- you didn't go

11       file a petition in front of the Court.  You

12       should have been a party.  This -- yes, you're

13       not a party, that's correct.

14   BY MR. DAVID MOORE:

15       I'm not represented by counsel.

16   BY MR. RON MOORE:

17       Nor were the -- Ms. Greenlee or Mathieu or any

18       of the other people.

19   BY MR. DAVID MOORE:

20       I'm not able to cross-examine, correct?

21   BY MR. RON MOORE:

22       You're not a party.

23   BY MR. DAVID MOORE:

24       Okay.

25   BY MR. RON MOORE:

1    You have no standing to object to a witness.

2  BY THE COURT:

3    However, Mr. McKinney's client is a party.  So

4    I'm going to ask Mr. McKinney.  Just hang

5    tight, Mr. Moore.  Do you have a response?

6  BY MR. MCKINNEY:

7    Your Honor, my client finds himself having to

8    pay my law firm to come into court to try to

9    retain custody of the child that he thought he

10    had custody of under a document that had been

11    presented to him by the Cherokee County

12    Department of Social Services, and I think the

13    Court ought to hear why my client is in this

14    situation and why Your Honor is having to do

15    this now under these circumstances.

16  BY THE COURT:

17    Can I see all the attorneys at the bench?

18  (BENCH CONFERENCE)

19  BY MR. DAVID MOORE:

20    Your Honor, am I allowed up there, or are you

21    just chatting with these parties?  Because I

22    hear me being mentioned.

23  BY THE COURT:

24    I'm going to put what we said at the bench on

25    the record.  The Court is going to allow Ms.

1  Palmer to be called for the limited purpose --
2  I indicated at the bench this is not a fishing
3  expedition.  The Court has had the opportunity
4  to review the file.  There has not been a
5  motion to quash the file.  There has not been
6  a notice entered by an attorney on Ms.
7  Palmer's behalf.  There is a valid subpoena
8  subpoenaing her to court.  So I will allow her
9  to be called.
10 BY MR. DAVID MOORE:
11  That's fine, Your Honor.  I just -- I do want
12  it noted for the record that we are not a
13  party to the action.
14 BY THE COURT:
15  Absolutely.
16 BY MR. DAVID MOORE:
17  And we do not have the -- whether I had filed
18  a motion to quash or not, I would not have the
19  opportunity to cross-examine or to examine any
20  witnesses or to ---
21 BY THE COURT:
22  However, you are not Ms. Palmer's personal
23  attorney.
24 BY MR. DAVID MOORE:
25  I understand I'm not her personal attorney.

Asheville Reporting Service
111 McDowell Street, Asheville, NC 28801
828-254-9230