IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO.: 1:18-CV-96

| | |
|---|---|
| BRIAN HOGAN, et al., | **REPLY IN SUPPORT OF ADMISSION OF PLAINTIFFS' PAGE AND LINE DESIGNATIONS** |
| Plaintiffs, | |
| v. | |
| CHEROKEE COUNTY, et al | |
| Defendants, | |

NOW COME Plaintiffs and offer the following reply in further support of the admissibility of their deposition and prior trial testimony designations. For the reasons stated herein, Plaintiffs' designation of pages and lines, filed on April 16, 2020 [Doc. 99] are admissible as evidence at trial.

I. **THE DEPOSITIONS OF SCOTT LINDSAY AND CINDY PALMER ARE ADMISSIBLE UNDER FED. R. EVID. 801(D)(2)(A) AND F. R. CIV. P. 32(A)**

Scott Lindsay and Cindy Palmer are parties to this action. Their deposition testimony is admissible as the statements of a party opponent under Rule of Evidence 801. Depositions of parties are also admissible under Rule 32(a) without a requirement that the party be unavailable. Therefore, even though the Rules of Evidence and Rule 32 provide independent bases for use of the depositions at trial, both are satisfied.

- 1 -

A. <u>The depositions should be admitted under Rule 32(a).</u>

Rule of Civil Procedure 32(a)(1) sets forth the three conditions precedent for use of depositions at trial under the Rule. The first is that "the party was present or represented at the taking of the deposition or had reasonable notice of it." Rule 32(a)(1)(A). There is no question that the parties had notice and representation at these two depositions. All three attorneys for the various defendants had notice and were present.

Under Rule 32(a)(1)(B), admissibility is governed by the rules of evidence, to the extent that the proffered deposition testimony must be admissible as though the witness were testifying live at trial. No objections were raised by the Defendants under this provision of the rule, as explained *infra*, the statements of parties are not hearsay, and their depositions are admissible under the Rules of Evidence.

Rule 32(a)(1)(C) states that the third precondition is that the use be allowed by "Rule 32(a)(2) through (8)." Rule 32(a)(3)[1] ends the inquiry.

Rule 32(a)(3) states that "[a]n adverse party may use for any purpose the deposition of a party." Cindy Palmer and Scott Lindsay are adverse parties to the Plaintiffs. Therefore, the Plaintiffs may use their depositions *for any purpose* under Rule 32(a)(3) regardless of whether the parties are available to testify. *See Lassiter*

---

[1] Defendants' objection focuses on Rule 32(a)(4). But because the admissibility of the depositions is, in this case, governed by Rule 32(a)(3) because the depositions are of parties and not other witnesses, Defendants' references to Rule 32(a)(4) are irrelevant.

*v. U.S. Lines, Inc.*, 370 F. Supp. 427, 430 (E.D. Va. 1973), *aff'd sub nom. Lassiter v. United States*, 490 F.2d 1407 (4th Cir. 1974) ("Rule 32(a)(2) of the Federal Rules of Civil Procedure provides that a discovery "deposition of a party ... may be used by an adverse party for any purpose." Hence, "**the Rule permits a party to introduce, as a part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there**" on the basis "that statements of a party which are inconsistent with his claim in litigation are substantively admissible against him." (quoting *Community Counselling Service Inc. v. Reilly*, 317 F.2d 239 (4th Cir., 1963); *Zimmerman v. Safeway Stores, Inc.*, 133 U.S.App. D.C. 342, 410 F.2d 1041 (1969); *Pursche v. Atlas Scraper and Engineering Co.*, 300 F.2d 467 (9th Cir. 1961), *cert. denied* 371 U.S. 911, 83 S.Ct. 251, 9 L.Ed.2d 170)) (emphasis added); a*lso see Ramsey v. Glassie Pewett Dudley Beebe & Shanks*, 856 F.2d 187, 1988 WL 86617 at *1 (4th Cir. 1988) (unpublished) ("[T]he trial court did err by not permitting the plaintiffs to read Bremer's deposition into evidence pursuant to Fed.R.Civ.P. 32(a)(2). *See* 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* ¶ 32.04, at 32–17 (2d ed. 1987). This Court has adopted the view enunciated in *Moore's* that **the deposition of an adverse party may be introduced as evidence notwithstanding the party's presence at trial**. *Community Counseling Services Inc. v. Reilly*, 317 F.2d 239, 243 (4th Cir. 1963) (emphasis added).

Therefore, it was proper for Plaintiffs to designate portions of these adverse parties' depositions for use as substantive evidence at trial.

B. <u>Rule 801(d)(2)(a) provides an independent basis for admitting the depositions of Cindy Palmer and Scott Lindsay</u>.

Rule 801(d)(2)(A) states that a statement is not hearsay and may admitted if "[t]he statement is offered against an opposing party and was made by the party in an individual or representative capacity." Cindy Palmer and Scott Lindsay are parties, and the deposition testimony is being offered against them. Accordingly, their prior statements are admissible and non-hearsay statements of party opponents.

In addition to the text of the rule itself, case law supports the notation that these depositions are admissible under Rule 801(d)(2)(A). The Court of Federal Claims has, like the Fourth Circuit, adopted the views of *Moore's Federal Practice* in this area. According to the Federal Claims Court, "[t]o some extent, the Rules of Evidence expand the admissibility of depositions beyond areas that are governed by Rule 32, or regulate admissibility with greater detail. *Globe Sav. Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 96, 2004 U.S. Claims LEXIS 152, *12 (Fed. Cl. June 24, 2004) (quoting *Moore's Federal Practice* § 32.02[3], at 32-16 to 32-17 (3d ed. 2004)). Other courts have held likewise, *see In re Hayes Lemmerz Int'l, Inc.*, 340 B.R. 461, 468-69 (Bankr. D. Del. 2006) ("Rule 32 is not the exclusive means by which depositions can be admitted and that Rule 801(d)(2)(D) is an independent

basis for admissibility."( and *Coleman v. Wilson*, 912 F. Supp. 1282, 1295, 1995 U.S. Dist. LEXIS 13634, *9 (E.D. Cal. September 13, 1995) ("Defendants proceed from the assumption that the admissibility of depositions is governed in the first instance by Fed. R. Civ. P. 32. As has been observed, however, "the Federal Rules of Evidence . . . provide the general rules regarding the use at trial of depositions . . . . Rule 32 defines some circumstances in which a deposition is admissible, leaving most issues of admissibility to the Federal Rules of Evidence.")

In sum, even if the depositions of Palmer and Lindsay were not admissible under Fed. R. Civ. P 32(a), which for the reasons explained above is incorrect, Rule of Evidence 801(d)(2)(A) provides and independent basis of admissibility.

II. **THE PRIOR TRIAL TESTIMONY DESIGNATED BY THE PLAINTIFFS IS ADMISSIBLE**.

Plaintiffs must initially correct a misconception of the Defendants. Plaintiffs are not seeking to use the prior trial testimony of Lindsay, Palmer, and David Hughes "as depositions" in this case. [Doc. 101 at 6] As explained in Plaintiffs' page and line designations, this prior testimony is offered as non-hearsay prior statements of party-opponents. [Doc. 99 at 6-7]. Plaintiffs made these designations are directed by the Court in its Supplemental Pretrial Order and Case Management Plan. *See* [Doc. 87 at 3] ("If counsel intends to use deposition or trial testimony given in another case, such designation must be accompanied by a statement as to how counsel

- 5 -

contends such testimony is admissible in the present action.") Accordingly, Plaintiffs designated the portions of the prior trial testimony they intend to offer as evidence and explained its bases for contending the evidence to be admissible. [Doc. 99 at 6-7]

Defendants did not respond at all to Plaintiffs' assertions that these are statements of party opponents under Rule 801(d)(2). Therefore, Defendants must accept that Lindsay's and Palmer's prior trial testimony is admissible under Rule 802(d)(2)(A) and David Hughes prior trial testimony is admissible as statement of Defendant Cherokee County under Rule 802(d)(2)(D).

Plaintiffs are not (and have not since the Court's ruling in Doc. 22) attempting to use the state district court's findings in *Matthieu v. Greenlee* for preclusive effect. Nevertheless, these persons did testify and make statements in that action. A DSS attorney for Cherokee County was present and participated in Matthieu. And two of the attorneys in this action (Perrin and Flanagan[2]) were provided advance notice and an opportunity to make objections as they felt appropriate. No objections were made.

---

[2] Matthieu was heard on February 28, 2018, prior to the filing of this action. Plaintiffs understood that Messers. Perrin and Flanagan would be representing Defendants in this action when it was filed. Plaintiffs had not been informed that Mr. Kubis would be appearing in this matter. Accordingly, Plaintiffs provided notice to those attorneys they knew would be involved in this action.

- 6 -

Defendants' other objections seem to concern what might have been raised as relevance objections in Mathieu. Aside from the fact that it would be improper to relitigate admissibility determines made in a state court action, the issues surrounding the legality of the CVA in *Matthieu* were relevant to that proceeding. Matthieu had alleged in his action for custody that the CVA lawfully placed the minor child in his custody. Accordingly, Greenlee properly sought to attack that contention in Matthieu's complaint. These fact-bound relevancy determinations were appropriately made by the state court, and they are not subject to relitigation now.

Accordingly, the use of the trial testimony of Palmer, Lindsay, and Hughes as non-hearsay statements of party-opponents is proper in this action.

## **CONCLUSION**

For all of the foregoing reasons, Defendants' objections contained in Doc. 101 should be OVERRULED and the testimony designated by Plaintiffs in Doc. 99 should be admitted at trial.

Respectfully submitted, this the 26th day of April, 2021.

                       Law Office of David A. Wijewickrama, PLLC

BY:

| /s/David A. Wijewickrama | /s/ Ronald L. Moore |
|---|---|
| David A. Wijewickrama | Ronald L. Moore |

N.C. State Bar No.: 30694  
95 Depot Street  
Waynesville, NC 28786  
Phone: (828) 777-1812  
Fax: (828) 253-2717  
*Attorney for Brian Hogan*

/s/ Melissa Jackson  
Melissa Jackson  
N.C. State Bar No.: 34013  
95 Depot Street  
Waynesville, NC 28786  
Phone: 828-452-5801  
*Attorney for Brian Hogan*

N.C. Bar No.: 9619  
P.O. Box 18402  
Asheville, NC 28814  
Phone: 828-452-5801  
Fax: 828-454-1990  
*Attorney for H.H.*

/s/ D. Brandon Christian  
D. Brandon Christian  
N.C. State Bar No.: 39579  
3344 Presson Road  
Monroe, NC 28112  
Phone :(910) 750-2265  
*Attorney for H.H.*

- 8 -

# **CERTIFICATE OF SERVICE**

This is to certify that on April 26, 2021, a copy of the foregoing REPLY IN SUPPORT OF ADMISSION OF PLAINTIFFS' PAGE AND LINE DESIGNATIONS was electronically filed with the Clerk of Court using CM/ECF system, which will send notification to all counsel having made appearances in the case as follows:

Patrick Houghton Flanagan
Virginia Wooten
Cranfill, Sumner & Hartzog, L.L.P.
2907 Providence Road
Charlotte, NC 28230
704-940-3419
704-332-9994 (fax)
phf@cshlaw.com
*Attorney for Defendant Scott Lindsay in his individual capacity*

Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College St., Ste 3500
Charlotte, NC 28202
704 331-4992
704 338-7814 (fax)
sean.perrin@wbd-us.com
*Attorney for Defendants Cherokee County, Scott Lindsay in his official capacity only and Cindy Palmer in her official capacity only*

John L. Kubis, Jr
Teague Campbell Dennis & Gorham, LLP
22 South Pack Square, Suite 800
Asheville, NC 28801
828-254-4515
828-254-4516 (fax)
jkubis@teaguecampbell.com
*Attorney for Defendant Cindy Palmer in her individual capacity*

                                                /s/ D. Brandon Christian
                                                D. Brandon Christian

- 9 -

Case 1:18-cv-00096-MR-WCM   Document 104   Filed 04/26/21   Page 9 of 10

N.C. State Bar No.: 39579
3344 Presson Road
Monroe, NC 28112
Phone :(910) 750-2265
*Attorney for H.H.*