UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:18-96 MR- DLH

| | |
|---|---|
| BRIAN HOGAN, both on his own behalf and as representative of all unnamed class members who are similarly situated; BRIAN HOGAN, as parent and next friend of H.H., both her own behalf and as representative of all unnamed class members who are similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>CHEROKEE COUNTY; CHEROKEE COUNTY DEPARTMENT OF SOCIAL SERVICES; SCOTT LINDSAY both in his individual capacity and official capacity as attorney for Cherokee County Department of Social Services; CINDY PALMER, in both her individual capacity and her official capacity as Director of Cherokee County Department of Social Services; DSS SUPERVISOR DOE #1, et al.,<br><br>        Defendants. | **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |

Defendants hereby propose that the following special jury instructions be given to the jury in this case:

    1      BURDEN OF PROOF- PREPONDERANCE OF THE EVIDENCE

2    INTRODUCTORY INSTRUCTION

3    VIOLATION OF FEDERAL CIVIL RIGHTS ELEMENTS

4    FOURTEENTH AMENDMENT - PROCEDURAL DUE PROCESS CLAIM

5    REQUIREMENT OF PERSONAL LIABILITY IN CONSTITUTIONAL VIOLATION

6    VOLUNTARY WAIVER AS COMPLETE DEFENSE TO PROCEDURAL DUE PROCESS CLAIM

7    FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS CLAIM

8    FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS: REMOVAL OF CHILD

9    VIOLATION OF STATE LAW DOES NOT PROVIDE THE BASIS FOR DUE PROCESS VIOLATION

10    MUNICIPAL LIABILITY

11    MUNICIPAL LIABILITY BASED UPON POLICY OR CUSTOM

12    MUNICIPAL LIABILITY BASED UPON FAILURE TO TRAIN

13    EXPERT WITNESSES

14    IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

2

15     MULTIPLE CLAIMS— MULTIPLE DEFENDANTS

16     COMPENSATORY DAMAGES

17     NOMINAL DAMAGES

18     CONSIDERATION OF COSTS AND FEES

19     INTIMATION OF VIEWS ON DAMAGES

Case 1:18-cv-00096-MR-WCM   Document 116   Filed 04/29/21   Page 3 of 28

# INSTRUCTION NO. 1

## [BURDEN OF PROOF- PREPONDERANCE OF THE EVIDENCE][1]

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. Should the conflicting evidence be so evenly balanced in your minds that you are unable to find that the evidence on either side of an issue preponderates, that is, of the greater weight, then your finding must be against the Plaintiffs on that issue since the Plaintiffs carry the burden of proof. You should base your decision on all of the evidence, regardless of which party presented it.

---

[1] *Manual of Civil Jury Instructions For The Ninth Circuit* (1997 Ed.), Instruction No. 5.1; *Metropolitan Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9, 117 S. Ct. 1953 (1997); *Franklin v. U.S.*, 1977 WL 1209 at *1 (W.D.N.C. 1977).

4

**INSTRUCTION NO. 2**

**[INTRODUCTORY INSTRUCTION]**[2]

Plaintiffs are suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

---

[2] *Third Circuit Pattern Civil Jury Instruction*, Instruction No. 4.1. (2019)

## INSTRUCTION NO. 3

## [VIOLATION OF FEDERAL CIVIL RIGHTS ELEMENTS][3]

To establish a violation of civil rights, the Plaintiffs have the burden of proving each of the following by a preponderance of the evidence:

1. the acts or omissions of the Defendants were intentional;

2. the Defendants acted under color of law; and

3. the acts or omissions of the Defendants were the proximate cause of a deprivation of Plaintiffs' rights protected by the Constitution of the United States.

---

[3] *Manual of Model Civil Jury Instructions For The Ninth Circuit* (1997 Ed.), Instruction No. 11.1.0.

## INSTRUCTION NO. 4

## [FOURTEENTH AMENDMENT - PROCEDURAL DUE PROCESS CLAIM][4]

The Plaintiffs have alleged two different types of due process claims: a procedural due process claim and a substantive due process claim. Procedural due process requires that the Plaintiffs be provided notice and given an opportunity to be heard. To establish a procedural due process claim under Section 1983, the Plaintiffs have the burden of proof to establish three elements:

(1) that they had a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(2) that they were deprived of this protected interest; and

(3) that the Defendants did not afford them adequate procedural rights prior to depriving them of their protected interest.

Evidence of the Defendants' motivation for their actions is not relevant to the Procedural Due Process Claim. You must not consider any evidence of "pretext," personal antagonism or hostility, or other motivation in deciding whether the Plaintiffs have proven their Procedural Due Process claim.

[4] John Kenneth Felter, *Jury instructions: § 1983*, 12 Bus. & Com. Litig. Fed. Cts. § 128:73 (4th ed. 2020); John Kenneth Felter, *Jury instructions: procedural due process*, 12 Bus. & Com. Litig. Fed. Cts. § 128:76 (4th ed. 2020) (citing to instructions from *Eaton v. Charter Tp. of Emmett*, 317 Fed. App'x 444, 447 (6th Cir. 2008)).

7

# INSTRUCTION NO. 5

# [REQUIREMENT OF PERSONAL INVOLVEMENT IN CONSTITUTIONAL VIOLATION][5]

To hold Palmer or Lindsay individually liable under Section 1983, Plaintiffs must show that Palmer or Lindsay acted personally in violating their rights. In other words, Plaintiffs must prove by a preponderance of the evidence that Defendant Palmer or Defendant Lindsay was personally involved in the conduct that Plaintiffs complain about. You may not hold Defendant Palmer or Lindsay liable for what others did or did not do.

---

[5] *Federal Civil Jury Instructions of the Seventh Circuit*, Instruction 7.02 (2017 revision)*; Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (citation omitted); *Fisher v. Wash. Metro. Area Transit Auth.*, 690 F.2d 1133, 1143 (4th Cir. 1982); *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 393 (4th Cir. 1990); *Lake James Cmty. Volunteer Fire Dep't, Inc. v. Burke Cty., N.C.*, 149 F.3d 277, 280 (4th Cir. 1998).

# INSTRUCTION NO. 6

## [VOLUNTARY WAIVER AS A COMPLETE DEFENSE TO PROCEDURAL DUE PROCESS CLAIM ][6]

If you find that the Plaintiff Brian Hogan voluntarily consented to signing the custody visitation agreement allowing Hannah Hogan to be placed in his father's custody, then there is no procedural due process violation under Section 1983 because consent is a complete defense to a procedural due process claim.

---

[6] *Weller v. Dep't of Soc. Servs for City of Baltimore*, 901 F.2d 387, 393(4th Cir. 1990); *Smith v. Williams-Ash*, 520 F.3d 596, 600 (6th Cir. 2008); *Dupuy v. Samuels*, 465 F.3d 757, 761-62 (7th Cir. 2006). *Pfoltzer v. County of Fairfax*, 775 F.Supp. 874, 882 (E.D.VA. 1991); *Estate of Keenan v. Hoffman-Rosenfeld*, 2019 WL 3416374 at * 9 (E.D.NY. 2019) (unpublished)

9

**INSTRUCTION NO. 7**

**[FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS –
CLAIM][7]**

Plaintiffs also claim that Defendants violated their substantive due process rights.

A claim for deprivation of Fourteenth Amendment substantive due process rights under Section 1983 requires Plaintiffs to demonstrate that: (1) they had a fundamental right or liberty interest; and that (2) the Defendants deprived them of this right or liberty interest.

Parents have a fundamental liberty interest in the care, custody, companionship, and management of their children. When officials remove a child from the parents' custody for the child's protection, the Plaintiffs must demonstrate that the conduct of the defendants was so egregious, and so outrageous, that it may fairly be said to shock the contemporary conscience.

Mere negligence does not create a substantive due process claim.[8]

---

[7] ." Eleven Circuit Pattern Civil Jury Instructions, Instruction No. 5.8. (2019); *Wolf v. Fauquier Cty. Bd. of Supervisors*, 555 F.3d 311, 322 (4th Cir. 2009) (quoting Collins v. City of Harker Heights, 503 U.S. 115, 129, 112 S.Ct. 1061, 1071) (1992); *Dean v. McKinney*, -- F.3d.--, 2020 WL 5849052 at * 3 (4th Cir. 2020) (internal citations omitted).

[8] *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663 (1986);

**. INSTRUCTION NO. 8**

**[FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS –**

**REMOVAL OF CHILD][9]**

The Plaintiffs' substantive due process claim can only be sustained if the removal of the child would have been prohibited by the Constitution even had the Plaintiffs been given all the procedural protections to which they were entitled.

---

[9] *Southerland v. City of New York*, 680 F.3d 127, 142 (2nd Civ. 2012) (internal citations omitted).

11

# INSTRUCTION NO. 9

## [VIOLATION OF STATE LAW DOES NOT PROVIDE THE BASIS FOR DUE PROCESS VIOLATIONS][10]

Even if the Plaintiffs can demonstrate that state law was not followed by the Defendants, violations of state law cannot provide the basis for a federal due process claim. *See Weller v. Dept. of Soc. Serv. for Baltimore*, 901 F.2d 387, 392 (4th Cir.1990); *Clark v. Link*, 855 F.2d 156, 161–63 (4th Cir.1988).

---

[10] *Weller v. Dept. of Soc. Serv. for Baltimore*, 901 F.2d 387, 392 (4th Cir.1990); *Clark v. Link*, 855 F.2d 156, 161–63 (4th Cir.1988).

# INSTRUCTION NO. 10

## [MUNICIPAL LIABILITY][11]

If you find that the Plaintiffs were deprived of their procedural substantive due process rights, Cherokee County may be liable for that deprivation if the Plaintiffs prove by a preponderance of the evidence that the deprivation was caused by Cherokee County's official policy or custom.

It is not enough for the Plaintiffs to show that Cherokee County employed a person who violated their rights. They must show that the violation <u>resulted</u> from Cherokee County's official policy or custom. "Official policy or custom" includes any of the following:

- a policy statement or decision that is officially made by Cherokee County's policy-making official(s);

- a custom that is a widespread, well-settled practice that constitutes a standard operating procedure of Cherokee County; or

- inadequate training, supervision, or discipline by the County or its officials. However, inadequate training, supervision, or discipline does not count as "official policy or custom" unless Cherokee County is deliberately indifferent to the fact that a violation of the Plaintiffs' right to maintain its

[11]   <u>*Third Circuit Pattern Civil Jury Instructions*</u>, *Instruction* No. 4.6.3. (July 2019 update); *Monel v. New York Dept. of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978).

13

family unit is a highly predictable consequence of the inadequate training, supervision, or discipline. I will discuss this more in a moment.

## INSTRUCTION NO. 11

## [MUNICIPAL LIABILITY BASED UPON CUSTOM][12]

The Plaintiffs may prove the existence of an official custom by showing the existence of a practice that is so widespread and well-settled that it constitutes a standard operating procedure of Cherokee County. A single action by a lower level employee does not suffice to show an official custom. But a practice may be an official custom if it is so widespread and well-settled as to have the force of law, even if it has not been formally approved. You may find that such a custom existed if there was a practice that was so well-settled and widespread that the policymaking officials of Cherokee County either knew of it or should have known of it.

If you find that such a custom was the cause of and the moving force behind the violation of the Plaintiffs' right to maintain their family unit, then you have found that Cherokee County caused that violation. If, however, you find that such a custom was not the driving force behind a violation of the Plaintiffs' rights, then you cannot find that Cherokee County caused the violation based on that custom.

---

[12] *Third Circuit Pattern Civil Jury Instructions*, Instruction No. 4.6.6 (July 2019 update) (modified).

## INSTRUCTION NO. 12

## [MUNICIPAL LIABILITY BASED UPON FAILURE TO TRAIN][13]

Plaintiffs claim that Cherokee County failed to train its employees and that this failure caused the violation of the Plaintiffs' rights. In order to hold Cherokee County liable for the violation of the Plaintiffs' rights, you must find that the Plaintiffs have proven each of the following three things by a preponderance of the evidence:

First: Cherokee County's training program was inadequate to train its employees to carry out their duties.

Second: Cherokee County's failure to adequately train amounted to deliberate indifference to the fact that inaction would obviously result in the violation of the Plaintiffs' rights.

Third: Cherokee County's failure to adequately train caused the violation of the Plaintiffs' rights.

In order to find that Cherokee County's failure to adequately train amounted to deliberate indifference, you must find that the Plaintiffs have proven each of the following three things by a preponderance of the evidence:

---

[13] *Second Circuit Pattern Civil Jury Instructions*, Instruction No. 4.6.7.

First: Cherokee County knew that employees would confront a particular situation.

Second: That situation involved a matter that Cherokee County employees had a history of mishandling.

Third: The wrong choice by an employee in that situation will frequently cause a deprivation.

In order to find that Cherokee County's failure to adequately train caused the violation of the Plaintiffs' federal right, you must find that the Plaintiffs have proven by a preponderance of the evidence that Cherokee County's deliberate indifference led directly to the deprivation of the Plaintiffs' rights.

## INSTRUCTION NO. 13[14]

## [Expert Witnesses]

In this case you have heard evidence from witnesses who have testified as expert witnesses. An expert witness is permitted to testify in the form of an opinion in a field where he purports to have specialized skill or knowledge.

As I have instructed you, you are the sole judges of the credibility of each witness and the weight to be given to the testimony of each witness. In making this determination as to the testimony of an expert witness, you should consider, in addition to the other tests of credibility and weight about which I have already instructed you, the evidence with respect to the witness's training, qualifications, and experience or the lack thereof; the reasons, if any, given for the opinion; whether or not the opinion is supported by facts that you find from the evidence; whether or not the opinion is reasonable; and whether or not it is consistent with the other believable evidence in the case.

---

[14]    Fifth Circuit Pattern Jury Instructions, No. 2.19 (5th Edition)

18

You should consider the opinion of an expert witness, but you are not bound by it. In other words, you are not required to accept an expert witness's opinion to the exclusion of the facts and circumstances disclosed by other testimony.

## INSTRUCTION NO. 14[15]

## [IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS]

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

---

[15]     Fifth Circuit Pattern Jury Instructions, No. 2.16 (5th Edition)

## INSTRUCTION NO. 15[16]

## [MULTIPLE CLAIMS- MULTIPLE DEFENDANTS]

You must not award compensatory damages more than once for the same injury. For example, if a plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim. Although there are three defendants in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable. Each defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

---

[16] Fifth Circuit Pattern Jury Instructions, No. 15.14 (5th Edition)

21

You may find that more than one defendant is liable for a particular injury. If so, the plaintiff is not required to establish how much of the injury was caused by each particular defendant whom you find liable. Thus, if you conclude that the defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages. If you decide that [two or more] [both] of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without determining individual percentages of liability.

The purpose of the federal statute upon which plaintiffs' constitutional claims are based, 42 U.S.C. § 1983, is to compensate persons for injuries caused by the deprivation of a constitutional right. As such, any damages you award should be measured by the amount of actual damages and injuries sustained by the plaintiff. The amount of damages you award to plaintiff, if any, should not be based on the abstract value or importance of the right allegedly violated.

## INSTRUCTION NO. 16

## [COMPENSATORY DAMAGES][17]

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Defendants should be held liable.

If you find the Defendants liable, then you must consider the issue of compensatory damages. You must award Plaintiffs an amount that will fairly compensate them for any injury actually sustained as a result of the Defendants' conduct.

The Plaintiffs must show that their injuries would not have occurred without the Defendants' act or omission. They must also show that the Defendants' act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the Defendants' act or omission. There can be more than one cause of an injury. To find that the Defendants' act or omission caused the Plaintiffs' injury, you need not find that the Defendants' act or omission was the nearest cause, either in time or space.

---

[17] *Manual of Model Civil Jury Instructions for The Ninth Circuit* (1997 Ed.), Instruction No. 11.1.0.

However, if the Plaintiffs' injury was caused by a later, independent event that intervened between the Defendants' act or omission and the Plaintiffs' injury, the Defendants are not liable unless the injury was reasonably foreseeable by the Defendants.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. The Plaintiffs have the burden of proving compensatory damages by a preponderance of the evidence.

## INSTRUCTION NO. 17

## [NOMINAL DAMAGES][18]

If you return a verdict for Plaintiffs, but the Plaintiffs have failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if it suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.

---

[18] *Manual of Model Civil Jury Instructions for The Ninth Circuit* (1997 Ed.), Instruction No. 11.1.0.

## INSTRUCTION NO. 18

## [CONSIDERATION OF COSTS AND FEES][19]

If you should find that the Plaintiffs are entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for court costs or attorneys' fees.

---

[19] Devitt & Blackmar, *Federal Jury Practice and Instructions* § 85.16 (4th Ed.)

## INSTRUCTION NO. 19

## [INTIMATION OF VIEWS ON DAMAGES][20]

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the Plaintiffs from a preponderance of the evidence in the case in accordance with other instructions.

---

[20] Devitt & Blackmar, *Federal Jury Practice and Instructions* § 71.16 (3rd Ed.)

Dated:  April 29, 2021.

s/Sean F. Perrin

*Attorney for Defendants Cherokee County*

s/ Pat Flanagan
*Attorney for Defendant Lindsay*

s/ John Kubis
*Attorney for Defendant Palmer*