IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO.: 1:18-CV-96

| | |
|---|---|
| BRIAN HOGAN, et al., ) | **PLAINTIFFS' PROPOSED JURY** |
| ) | **INSTRUCTIONS** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| CHEROKEE COUNTY, et al ) | |
| ) | |
| Defendants, ) | |
| ) | |

NOW COME Plaintiffs and respectfully recommend the Court issue the

following instructions to the jury on the substantive claims before it:

1. **Violation of Plaintiffs' Procedural Due Process Rights under 42 U.S.C. §
   1983 against Defendants Palmer and Lindsay in their individual capacities:**

   Adapted from *5 Modern Federal Jury Instructions* – Civil P 87.03 ¶ 87.0342

To establish a claim under Section 1983, plaintiff must establish, by a preponderance
of the evidence, each of the following three elements:[1]

   First, that the acts complained of were committed by the defendant acting
   under color of state law;

   Second, that in committing these acts, the defendant deprived the plaintiff of
   rights, privileges, or immunities secured by the Constitution or laws of the
   United States; and

---

[1] Gomez v. Toledo, 446 U.S. 635, 638, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980); Jenkins v.
Medford, 119 F.3d 1156 (4th Cir. 1998).

- 1 -

Third, that the defendant's acts were the proximate cause of injuries sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

The first element of the plaintiff's claim is that the conduct complained of was committed by the defendant acting under color of state law.[2]

Action "under color of state law" means that the defendant claims to be acting pursuant to authority given him by the state, even if he is misusing that authority.[3] The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.[4] Whether Defendants Palmer and Lindsay committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. Assuming that Defendants Palmer and Lindsay did commit those acts, I instruct you that, since the defendants purported to be taking those acts in their capacities as officials of Cherokee County at the time of the acts in question, they were acting under color of state law.[5]

The second element of plaintiff's claim is that the defendant, in committing the acts complained of, intentionally or recklessly deprived the plaintiffs of a federal right. In order for the plaintiff to establish this second element, he must show that those acts that you have found the defendant took under color of state law caused the plaintiff to suffer the loss of a federal right; and that the defendant performed these acts intentionally or recklessly, rather than accidentally.[6] An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.[7] An act is reckless if done in conscious disregard of its known probable consequences. In other words, even

---

[2] American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)
[3] Id.
[4] Id.
[5] Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) (overruled on other grounds); Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961).
[6] Conn v. Gabbert, 526 U.S. 286, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999).
[7] 5 Modern Federal Jury Instructions – Civil ¶ 87-76

if a defendant did not intentionally seek to deprive a plaintiff of the plaintiff's rights, if nevertheless he purposely disregarded the high probability that his actions would deprive the plaintiff of the plaintiff's rights, then the second essential element would be satisfied.[8] At a minimum, procedural due process requires "fair notice" of impending governmental action and "an opportunity to be heard."[9] Therefore, I instruct you that if you find from the evidence that it is more likely than not that Defendant Lindsay or Defendant Palmer intentionally or recklessly failed to give Brian Hogan and Hannah Hogan fair notice and a meaningful opportunity to be heard before using the CVA to separate them, then the second element of this claim is satisfied.

The third element that the plaintiff must prove is that the defendant's acts were a proximate cause of injuries sustained by the plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act. [10]

Therefore, if you find that it is more likely than not that Scott Lindsay intentionally or recklessly engaged in actions that caused Brian Hogan not to have a fair notice and a meaningful opportunity to be heard before losing custody of Hannah Hogan, it would be your duty to mark the blank next to word Liable to Brian Hogan. If you find it more likely than not that Scott Lindsay intentionally or recklessly engaged in actions that caused Hannah Hogan (either herself of through Brian Hogan) not to have a fair notice and a meaningful opportunity to be heard before losing custody of Hannah Hogan, it would be your duty to mark the blank next to word Liable to Hannah Hogan.

Therefore, if you find that it is more likely than not that Cindy Palmer intentionally or recklessly engaged in actions that caused Brian Hogan not to have a fair notice and a meaningful opportunity to be heard before losing custody of Hannah Hogan, it would be your duty to mark the blank next to word Liable to Brian Hogan. If you find it more likely than not that Cindy Palmer intentionally or recklessly engaged in actions that caused Hannah Hogan (either herself of through Brian Hogan) not to have a fair notice and a meaningful opportunity to be heard before losing custody of

---

[8] 5 Modern Federal Jury Instructions – Civil ¶ 87-76
[9] Snider Int'l Corp. v. Town of Forest Heights, 739 F.3d 140, 146 (4th Cir. 2014).
[10] Grivhan v. Western Line Consol. School Dist., 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)

- 3 -

Hannah Hogan, it would be your duty to mark the blank next to word Liable to Hannah Hogan.


## 2. <u>Violation of Plaintiffs' Substantive Due Process Rights under 42 U.S.C. § 1983 against Defendants Palmer and Lindsay in their individual capacities:</u>

<u>Adapted from *5 Modern Federal Jury Instructions* – Civil P 87.03 ¶ 87.0342</u>

To establish a claim under Section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:[11]

First, that the acts complained of were committed by the defendant acting under color of state law;

Second, that in committing these acts, the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of injuries sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

The first element of the plaintiff's claim is that the conduct complained of was committed by the defendant acting under color of state law.[12] Action "under color of state law" means that the defendant claims to be acting pursuant to authority given him by the state, even if he is misusing that authority.[13] The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.[14] Whether Defendants Palmer and Lindsay committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. Assuming that Defendants Palmer and Lindsay did commit those acts, I

---

[11] <u>Gomez v. Toledo,</u> 446 U.S. 635, 638, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980); <u>Jenkins v. Medford,</u> 119 F.3d 1156 (4th Cir. 1998).

[12] <u>American Mfrs. Mut. Ins. Co. v. Sullivan,</u> 526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); <u>Adickes v. S.H. Kress Co.,</u> 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)

[13] <u>Id</u>.

[14] <u>Id</u>.

instruct you that, since the defendants purported to be taking those acts in their capacities as officials of Cherokee County at the time of the acts in question, they were acting under color of state law.[15]

The second element of plaintiff's claim is that the defendant, in committing the acts complained of, was deliberately indifferent to the substantive due process rights of Plaintiffs Brian Hogan and Hannah Hogan.[16] In order for the plaintiff to establish this second element, he must show that those acts that you have found the defendant took under color of state law caused the plaintiff to suffer the loss of a federal right; and that the defendant was deliberately indifferent to the risk that his actions would violate Plaintiffs' rights. A government actor demonstrates deliberate indifference where the evidence shows that the defendant subjectively recognized a substantial risk of violating a person's constitutional rights and that his actions were inappropriate in light of the risk.[17] A defendant's subjective knowledge of the risk may be inferred from circumstantial evidence.[18] Both Plaintiffs, Brian Hogan and Hannah Hogan have a constitutional right to maintain their family unit.[19] Therefore, I instruct you that if you find from the evidence that it is more likely than not that Defendant Lindsay or Defendant Palmer recognized a substantial risk that using a CVA to remove Hannah Hogan from Brian Hogan's custody would violate their constitutional right to maintain their family unit, then the second element of this claim is satisfied.

The third element that the plaintiff must prove is that the defendant's acts were a proximate cause of injuries sustained by the plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.[20]

Therefore, if you find that it is more likely than not that Scott Lindsay acted with deliberate indifference to Brain Hogan's constitutional right to maintain his family

---

[15] Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981) (overruled on other grounds); Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961).
[16] Dean v. McKinney, 967 F.3d 407, 414-16 4th Cir. 2020); Weller, 901 F.2d at 391-92.
[17] Dean v. McKinney, 976 F.3d 407, 416 (4th Cir. 2020)
[18] Id.
[19] Weller v. Dep't of Social Servs. for City of Baltimore, 901 F.2d 387, 395 (4th Cir. 1990)
[20] Grivhan v. Western Line Consol. School Dist., 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979)

unit with Hannah Hogan and his actions were a proximate cause of the CVA being used, it would be your duty to mark the blank next to word Liable to Brian Hogan. If you find it more likely than not that Scott Lindsay acted with deliberate indifference to Hannah Hogan's constitutional right to maintain her family unit with Brian Hogan and his actions were a proximate cause of the CVA being used, it would be your duty to mark the blank next to word Liable to Hannah Hogan.

Therefore, if you find that it is more likely than not that Cindy Palmer acted with deliberate indifference to Brain Hogan's constitutional right to maintain his family unit with Hannah Hogan and her actions were a proximate cause of the CVA being used, it would be your duty to mark the blank next to word Liable to Brian Hogan. If you find it more likely than not that Cindy Palmer acted with deliberate indifference to Hannah Hogan's constitutional right to maintain her family unit with Brian Hogan and his actions were a proximate cause of the CVA being used, it would be your duty to mark the blank next to word Liable to Hannah Hogan.

3. **Violation of Plaintiffs' Due Process Rights under 42 U.S.C. § 1983 against Defendant Cherokee County for establishing an unconstitutional policy or custom and deliberate indifference by failure to train:**

> Adapted from *5 Modern Federal Jury Instructions* – Civil P 87.03 ¶ 87.0342 and 3 Third Circuit Model Civil Jury Instructions 4.6.3; 4.6.5; 4.6.6

The next issues concern whether the Defendant, Cherokee County, is liable to the Plaintiffs under 42 U.S.C. § 1983.

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia,

- 6 -

subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting this statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws. Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

I shall shortly instruct you on the elements of Plaintiffs' section 1983 claim.

Each plaintiff has the burden of proving each and every element of his or her section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants.

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the

testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

To establish a claim under section 1983, each plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

(1)    that the conduct complained of was committed by a person acting under color of state law;

(2)    that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

(3)    that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

The first element of the plaintiffs' claim is that the defendants acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state.  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state.

- 8 -

And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies.

Action "under color of state law" means action that is made possible only because the actor is clothed with the authority of the state. It is established that the Palmer's and Lindsay's actions were taken in their capacity as county officials. Therefore, I instruct you that, since Palmer and Lindsay were county officials in Cherokee County at the time of the acts in question, they were acting under color of state law. In other words, the first statutory requirement is satisfied.[21]

The second element of Plaintiffs' claim is that Cherokee County deprived each of them of a federal constitutional right. Brian Hogan contends that Cherokee County deprived him of his fundamental right to be a parent to his child, Hannah, when it used the CVA to remove her from his custody. Hannah Hogan contends that Cherokee County deprived her of her fundamental right to be with her father when it used the CVA to remove her from his custody.[22]

The third element which plaintiffs must prove is that Cherokee County's acts were a proximate cause of the injuries he or she sustained. Proximate cause means

---

[21] Matthew Bender, Modern Federal Jury Instructions, Form 87-69 (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S. Ct. 977, 143 L.Ed 2d 130 (1999); *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *Monroe v. Pape*, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed.2d 492 (1961) (and others)) and Form 87-70 (citing *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908, 68 L.Ed.2d 420 (1981); *Monroe v. Pape*, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961)).

[22] Matthew Bender, Modern Federal Jury Instructions, Form 87-74[3] (citing *Conn v. Gabbert*, 526 U.S. 286, 119 S. Ct. 1292, 143 L.Ed.2d 399 (1999); *Maine v. Thiboutot*, 488 U.S. 1, 100 S.Ct. 2502, 65 L.Ed. 555 (1980); *Martinez v. California*, 444 U.S. 277, 100 S. Ct. 553, 62 L.Ed. 481 (1980); *Baker v. McCollan*, 443 U.S. 137, 99 S. Ct. 2689, 61 L.Ed. 433 (1979); *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 611 (1978)) and Form 87-99A (citing *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049 (2d Cir.), *cert. denied*, 114 S. Ct. 185 (1993)).

[22] *Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988).

that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of Cherokee County.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

Here, Plaintiff Brian Hogan alleges that he sustained emotional and mental injuries after he was deprived of custody of his daughter through Cherokee County's use of a CVA. Plaintiff Hannah Hogan alleges that she sustained emotional and mental injuries after she was separated from her father for through Cherokee County's use of the CVA.[23]

On the verdict sheet, you will be asked to determine two issues about Cherokee County's alleged deprivation of Plaintiffs' rights. First, you will be asked to determine whether Defendant Cherokee County violated either plaintiff's rights by promulgating an unconstitutional policy or custom. Second, you will be asked to determine whether Cherokee County violated either plaintiff's rights for failure to train. I will explain each of these in detail.

---

[23] Matthew Bender, Modern Federal Jury Instructions, Form 87–79 (citing *Grivhan v. Western Line Consolidates School Dist.*, 439 U.S. 410, 99 S. Ct. 693, 58 L.Ed 2d 619 (1979); *Mt. Healthy City School District Board of Educ. v. Doyle*, 429 U.S. 274, 97 S. Ct. 568, 50 L.Ed.471 (1977)).

If you find that either plaintiff was deprived of their rights, Cherokee County is liable for that deprivation if either plaintiff proves by a preponderance of the evidence that Cherokee County's official policy or custom caused the deprivation.

It is not enough for Plaintiffs to show that Cherokee County employed a person who violated their rights. Plaintiffs must show that the violation resulted from Cherokee County's official policy or custom. "Official policy or custom" includes any of the following:

- a policy statement or decision that is officially made by Cherokee County's policy-making official; or

- a custom that is a widespread, well-settled practice that constitutes a standard operating procedure of Cherokee County.

The governing body of Cherokee County is a policymaking entity whose actions represent a decision by the government itself. The same is true of an official or body to whom the governing body has given final policymaking authority: the actions of that official or body represent a decision by the government itself. Thus, when the governing body or policymaking official make a deliberate choice to follow a course of action, that choice represents an official policy. Through such a policy, the governing body or the policymaking official may cause a violation of a federal right by.

Each plaintiff must establish by a preponderance of the evidence that the action of the employee that deprived him or her of a federal right was the result of an official policy of the county. "Official policy or custom" includes any of the following:

- a policy decision that is officially made by Cherokee County's policy-making official; or

- a custom that is a widespread, well-settled practice that constitutes a standard operating procedure of Cherokee County;

I instruct you that Cindy Palmer was a policy-making official whose actions in setting social services policies for Cherokee County may be attributed to the County.

When a policymaking official like Cindy Palmer makes a deliberate choice to follow a course of action, that choice represents an official policy. Through such a policy, the policymaking official may cause a violation of a federal right by:

- directing that the violation occur,

- authorizing the violation, or

- agreeing to a subordinate's decision to engage in the violation.

I instruct you that Cindy Palmer is a policymaker whose deliberate choices represent official policy. If you find that such an official policy was the cause of and the moving force behind the violation of plaintiff Brian Hogan's right to be a parent or Hannah Hogan's right to be with her father, then you must find that Cherokee County caused that violation.

Plaintiffs may prove the existence of an official custom by showing the existence of a practice that is so widespread and well-settled that it constitutes a standard operating procedure of Cherokee County. A single action by a lower level employee does not suffice to show an official custom. But a practice may be an official custom if it is so widespread and well-settled as to have the force of law, even if it has not been formally approved. You may find that such a custom existed if there was a practice that was so well-settled and widespread that the policymaking officials of Cherokee County either knew of it or should have known of it.

A separate issue will appear on your verdict sheet about failure to train. Plaintiffs claim that Cherokee County adopted a policy of inadequate training or inadequate supervision, and that this policy caused the violation of plaintiff Brian Hogan's right to parent his child and plaintiff Hannah Hogan's right to be with her father.

The governing body or policymaking official may cause a violation through inadequate training or inadequate supervision, but only if Cherokee County is deliberately indifferent to the fact that a violation of a parent's right to parent his child or a child's right to be with her parent is a highly predictable consequence of the inadequate training or inadequate supervision.

In order to hold Cherokee County liable for the violation of plaintiff Brian Hogan's right to parent his child or plaintiff Hannah Hogan's right to be with her father, you must find that Plaintiffs have proven each of the following three things by a preponderance of the evidence:

First: Cherokee County's training program was inadequate to train its employees to carry out their duties or that Cherokee County failed adequately to supervise its employees in the Department of Social Services.

Second: Cherokee County's failure to adequately train or adequately supervise amounted to deliberate indifference to the fact that inaction would obviously result in the violation of Plaintiff Brian Hogan's right to be a father or Plaintiff Hannah Hogan's right to be with her father.

Third: Cherokee County's failure to adequately train or adequately supervise proximately caused the violation of Plaintiff Brian Hogan's right to be a father or Plaintiff Hannah Hogan's right to be with her father.

In order to find that Cherokee County's failure to adequately train or adequately supervise amounted to deliberate indifference, you must find that the plaintiffs have proven each of the following three things by a preponderance of the evidence:

First: Cindy Palmer knew that DSS employees would confront a situation in which DSS decided to remove a child from a parent's custody.

Second: In the past, DSS employees had used CVAs to remove a child from a parent's custody instead of going through the court system to do so.

Third: The choice by a DSS employee to use a CVA instead of going through the court system to remove a child from a parent's custody would frequently cause a deprivation of a parent's right to parent his child or a child's right to be with her parent.

In order to find that Cherokee County's failure to adequately train or adequately supervise proximately caused the violation of either plaintiff's constructional rights, you must find that plaintiff has proved by a preponderance of the evidence that Cherokee County's deliberate indifference led directly to the deprivation of plaintiff Brian Hogan's right to be a parent or plaintiff Hannah Hogan's right to be with her father.

- 14 -

## 4. **Common Law Obstruction of Justice against Cindy Palmer and Scott Lindsay:**

Adapted from N.C. Pattern Jury Instruction 230.62[24]

The Plaintiffs have also claimed that Scott Lindsay and Cindy Palmer obstructed justice. To prove that a defendant obstructed justice the plaintiffs must prove two elements by the greater weight of the evidence:

> First, that the defendant obstructed justice by using or permitting the use of the CVA signed by Brian Hogan to evade compliance with the custody order entered by Judge Sellers in April of 2016. Obstruction of justice consists of any act that prevents, obstructs, impedes, or hinders public or legal justice.

> And Second, that the defendant acted willfully.

If you find by the greater weight of the evidence that Scott Lindsay willfully used or authorized the use of the CVA signed by Brian Hogan to evade compliance with the custody order entered by Judge Sellers in April of 2016, and that this prevented, obstructed, impeded, or hindered public or legal justice, it would be your duty to return a verdict of liable.

If you find by the greater weight of the evidence that Cindy Palmer willfully used or authorized the use of the CVA signed by Brian Hogan to evade compliance with the custody order entered by Judge Sellers in April of 2016, and that this prevented, obstructed, impeded, or hindered public or legal justice, it would be your duty to return a verdict of liable.


## 5. **Gross Negligence against Scott Lindsay:**

Adapted from N.C. Pattern Instruction 102.11 *et seq*. and N.C.P.I. - Civil 811.00

In this case, the plaintiffs contend, and the defendants deny, that Scott Lindsay is liable to the plaintiffs for gross negligence

---

[24] N.C.P.I. - Crim 230.62

- 15 -

Plaintiffs contend and defendants deny that Scott Lindsay had a duty to act with ordinary care in the performance of his work as a DSS Attorney for Cherokee County.

Negligence refers to a person's failure to follow a duty of care imposed by law. The law imposes a duty of care upon every attorney who renders legal services to a client, and if the plaintiffs were harmed because Scott Lindsay failed to exercise due care in the performance of his duties, then plaintiffs are entitled to relief.[25]

The plaintiffs have alleged that Scott Lindsay's professional decision to create and use the CVA process to remove children from their parents' custody, including the use of CVA to take Hannah Hogan away from Brian Hogan constituted a breach of Scott Lindsay's duty of care. In determining whether Scott Lindsay's decision to promulgate and promote the use of CVAs within Cherokee County DSS was breach of his duty of care, I instruct you that:

- An attorney must possess the requisite degree of learning, skill and ability necessary to the practice of *his* profession which other attorneys similarly situated ordinarily possess. [26]

- An attorney must exercise such reasonable and ordinary care and diligence in the use of *his* skill and in the application of *his* knowledge to *his* client's matter as would other attorneys in the same or similar localities and under similar circumstances. [27]

A violation of any one of these duties of care by an attorney is negligence.[28] If you find that Scott Lindsay's decision to author and authorize CVAs breached any one of these duties, then Scott Lindsay was negligent.

The plaintiff not only has the burden of proving negligence, but also that such negligence was a proximate cause of the damage. [29]

---

[25] N.C.P.I. - Civil 811.00; See United Leasing Corp. v. Miller, 45 N.C. App. 400, 406, 263 S.E.2d 313, 317 (1980) (A non-party to the attorney-client relationship may bring a negligence action against the attorney for breaching his professional duty of care.)

[26] N.C.P.I. - Civil 811.00
[27] Ibid.
[28] Ibid.
[29] Ibid.

Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and one which a reasonably careful and prudent attorney similarly situated in the same or a similar locality could foresee would probably produce such damage or some similar injurious result. [30]

There may be more than one proximate cause of damage. Therefore, the plaintiff need not prove that the defendant's negligence was the sole proximate cause of the damage. The plaintiff must prove, by the greater weight of the evidence, only that the defendant's negligence was a proximate cause. [31]

In this case, however, I instruct you the Scott Lindsay cannot be held liable for mere negligence in performing his duties. Scott Lindsay is only liable to the plaintiffs if he acted with gross negligence. To prove that Scott Lindsay's actions were grossly negligent, the plaintiffs must prove by the greater weight of the evidence that Scott Lindsay acted wantonly, with conscious or reckless disregard for the rights and safety of others.[32] "An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others.[33] The difference between the negligence and gross negligence is not in degree or magnitude of inadvertence or carelessness, but rather is intentional wrongdoing or deliberate misconduct affecting the safety of others.[34] An act or conduct rises to the level of gross negligence when the *act* is done purposely and with knowledge that such act is a breach of duty to others, i.e., a *conscious* disregard of the safety of others.[35]

Therefore, if you find by the greater weight of the evidence that Scott Lindsay breached one of his professional duties to either

- possess the requisite degree of learning, skill and ability necessary to the practice of *his* profession which other attorneys similarly situated ordinarily possess; or

---

[30] Ibid.
[31] Ibid.
[32] Parish v. Hill, 350 N.C. 231, 239, 513 S.E.2d 547, 551 (1999)

[33] Yancey v. Lea, 354 N.C. 48, 52, 550 S.E.2d 155, 157 (2001).
[34] Ray v. N.C. Dep't of Transp., 366 N.C. 1, 13, 727 S.E.2d 675, 684 (2012)
[35] Id.

- 17 -

- exercise such reasonable and ordinary care and diligence in the use of *his* skill and in the application of *his* knowledge to *his* client's matter as would other attorneys in the same or similar localities and under similar circumstances;

and you find that Scott Lindsay's breach of his professional duty was a proximate cause of Brian Hogan's injury or harm, and that Scott Lindsay acted with Gross Negligence when he breached his professional duty, then it would be your duty to return a verdict of Liable to Brain Hogan.

Therefore, if you find by the greater weight of the evidence that Scott Lindsay breached one of his professional duties to either

- possess the requisite degree of learning, skill and ability necessary to the practice of *his* profession which other attorneys similarly situated ordinarily possess; or

- exercise such reasonable and ordinary care and diligence in the use of *his* skill and in the application of *his* knowledge to *his* client's matter as would other attorneys in the same or similar localities and under similar circumstances;

and you find that Scott Lindsay's breach of his professional duty was a proximate cause of Hannah Hogan's injury or harm, and that Scott Lindsay acted with Gross Negligence when he breached his professional duty, then it would be your duty to return a verdict of Liable to Hannah Hogan.


6. **<u>Negligence and Gross Negligence against Cindy Palmer:</u>**

Adapted from N.C. Pattern Instruction 102.11 *et seq*.


The Plaintiffs have also claimed that Cindy Palmer acted with negligence and gross negligence and this negligence and gross negligence were a proximate cause of plaintiffs' injuries.

Negligence refers to a person's failure to follow a duty of conduct imposed by law.[36] Every person is under a duty to use ordinary care to protect himself and others from injury or damage. Ordinary care means that degree of care which a reasonable and prudent person would use under the same or similar circumstances to protect himself and others from injury or damage.[37] A person's failure to use ordinary care is negligence.[38]

In this case, the plaintiff contends, and the defendants deny, that Cindy Palmer was negligent.

> Plaintiffs contend and Defendants deny that Cindy Palmer had a duty to adequately supervise her DSS employees. Plaintiffs contend that Palmer failed to exercise ordinary care of supervising social services personnel, and that Palmer's failure to adequately supervise her social services personnel lead to the creation and use of CVAs including the one used to take Hannah Hogan away from Brian Hogan

The plaintiff further contends, and the defendant denies, that the defendant's negligence was a proximate cause of the plaintiff's injury and damage.

I instruct you that negligence is not to be presumed from the mere fact of injury and damage.

In addition to negligence, Plaintiffs have alleged and Cindy Palmer has denied that she acted with Gross Negligence. To prove that Cindy Palmer's actions were grossly negligent, the plaintiffs must prove by the greater weight of the evidence that Cindy Palmer acted wantonly, with conscious or reckless disregard for the rights and safety of others.[39] "An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others.[40] The difference between the negligence and gross negligence is not in degree or

---

[36] N.C.P.I. - Civil 102.11

[37] Pinyan v. Settle, 263 N.C. 578, 582, 139 S.E.2d 863, 866 (1965); Barnes v. Caulbourne, 240 N.C. 721, 725, 83 S.E.2d 898, 901 (1954).

[38] Williamson v. Clay, 243 N.C. 337, 343, 90 S.E.2d 727, 731 (1956), quoting Council v. Dickerson's, Inc., 233 N.C. 472, 474, 64 S.E.2d 551, 553 (1951). ("'The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence.'").

[39] Parish v. Hill, 350 N.C. 231, 239, 513 S.E.2d 547, 551 (1999)

[40] Yancey v. Lea, 354 N.C. 48, 52, 550 S.E.2d 155, 157 (2001).

- 19 -

magnitude of inadvertence or carelessness, but rather is intentional wrongdoing or deliberate misconduct affecting the safety of others.[41] An act or conduct rises to the level of gross negligence when the *act* is done purposely and with knowledge that such act is a breach of duty to others, i.e., a *conscious* disregard of the safety of others.[42]

Therefore, if you find by the greater weight of the evidence that Cindy Palmer was negligent in her supervision of her social services employees, and this negligence was a proximate cause of Brian Hogan's injuries, it would be your duty to return a verdict of Liable to Brian Hogan for negligence. If you further find by the greater weight of the evidence that Cindy Palmer's supervision of her social services employees was grossly negligent, then it would be your duty to return a verdict of Liable to Brian Hogan for Gross Negligence.

Therefore, if you find by the greater weight of the evidence that Cindy Palmer was negligent in her supervision of her social services employees, and this negligence was a proximate cause of Hannah Hogan's injuries, it would be your duty to return a verdict of Liable to Hannah Hogan for negligence. If you further find by the greater weight of the evidence that Cindy Palmer's supervision of her social services employees was grossly negligent, then it would be your duty to return a verdict of Liable to Hannah Hogan for Gross Negligence.


**Damages Instructions**:

Adapted from *5 Modern Federal Jury Instructions* – Civil P 87-87

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not any defendant should be held liable.


If you find any defendant liable, then you must consider the issue of compensatory damages. You must award plaintiff Brian Hogan an amount that will fairly compensate him for any injury he actually sustained as a result of a defendant's conduct. Plaintiff Brian Hogan must show that the injury would not have occurred

---

[41] Ray v. N.C. Dep't of Transp., 366 N.C. 1, 13, 727 S.E.2d 675, 684 (2012)
[42] Id.

- 20 -

without a defendant's act. Plaintiff must also show that a defendant's act played a substantial part in bringing about the injury, and that the injury was either a direct result of or a reasonably probable consequence of a defendant's act.

There can be more than one cause of an injury. To find that a defendant's act caused Plaintiff Brian Hogan's injury, you need not find that that defendant's act was the nearest cause, either in time or space.

Likewise, if you find a defendant liable, then you must consider the issue of compensatory damages for Hannah Hogan. You must award plaintiff Hannah Hogan an amount that will fairly compensate her for any injury she actually sustained as a result of a defendant's conduct.

Plaintiff Hannah Hogan must show that the injury would not have occurred without a defendant's act. Plaintiff must also show that a defendant's act played a substantial part in bringing about the injury, and that the injury was either a direct result of or a reasonably probable consequence of a defendant's act.

There can be more than one cause of an injury. To find that a defendant's act caused Plaintiff Hannah Hogan's injury, you need not find that the defendant's act was the nearest cause, either in time or space.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Each plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.  Plaintiff Brian Hogan claims the following items of damages:

- Emotional and mental harm to during and after DSS used the CVA to remove his daughter from his custody, including fear, humiliation, and mental anguish, and any such emotional and mental

harm that Mr. Hogan is reasonably certain to experience in the future.

In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

You should also consider the reasonable value of the medical and psychological care and supplies that Brian Hogan reasonably needed and actually obtained and the present value of such care and supplies that Brian Hogan is reasonably certain to need in the future. You should write the amount of any such damages you find in the blank provided on the verdict sheet.

Separately, Plaintiff Hannah Hogan claims the following items of damages:

- Emotional and mental harm during and after DSS used the CVA to remove her from her father's custody, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Miss Hogan is reasonably certain to experience in the future.

In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

The reasonable value of the medical and psychological care and supplies that Hannah Hogan reasonably needed and actually obtained, and the present value of such care and supplies that Hannah Hogan is reasonably certain to need in the future. You should write the amount of any such damages you find in the blank provided on the verdict sheet.

Respectfully submitted, this the 29th day of April, 2021
.
Law Office of David A. Wijewickrama, PLLC

- 22 -

BY:

/s/David A. Wijewickrama
David A. Wijewickrama
N.C. State Bar No.: 30694
95 Depot Street
Waynesville, NC 28786
Phone: (828) 777-1812
Fax: (828) 253 -2717
*Attorney for Brian Hogan*

/s/ Melissa Jackson
Melissa Jackson
N.C. State Bar No.: 34013
95 Depot Street
Waynesville, NC 28786
Phone: 828 -452 -5801
*Attorney for Brian Hogan*

/s/ Ronald L. Moore
Ronald L. Moore
N.C. Bar No.: 9619
P.O. Box 18402
Asheville, NC 28814
Phone: 828 -452 -5801
Fax: 828 -454 -1990
*Attorney for H.H.*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. State Bar No.: 39579
3344 Presson Road
Monroe, NC 28112
Phone :(910) 750-2265
*Attorney for H.H.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on April 29, 2021, a copy of the foregoing PLAINTIFFS' PROPOSED JURY INSTRUCTIONS was electronically filed with the Clerk of Court using CM/ECF system, which will send notification to all counsel having made appearances in the case as follows:

Patrick Houghton Flanagan
Virginia Wooten
Cranfill, Sumner & Hartzog, L.L.P.
2907 Providence Road
Charlotte, NC 28230
704-940-3419
704-332-9994 (fax)
phf@cshlaw.com
*Attorney for Defendant Scott Lindsay in his individual capacity*

Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College St., Ste 3500
Charlotte, NC 28202
704 331-4992
704 338-7814 (fax)
sean.perrin@wbd-us.com
*Attorney for Defendants Cherokee County, Scott Lindsay in his official capacity only and Cindy Palmer in her official capacity only*

John L. Kubis, Jr
Teague Campbell Dennis & Gorham, LLP
22 South Pack Square, Suite 800
Asheville, NC 28801
828-254-4515
828-254-4516 (fax)
jkubis@teaguecampbell.com
*Attorney for Defendant Cindy Palmer in her individual capacity*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. State Bar No.: 39579

- 24 -

3344 Presson Road
Monroe, NC 28112
Phone :(910) 750-2265
*Attorney for H.H.*