IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO.: 1:18-CV-96

| | |
|---|---|
| BRIAN HOGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | **MEMORANDUM OF LAW IN** |
| ) | **SUPPORT OF PLAINTIFFS'** |
| v. ) | **MOTION IN LIMINE** |
| ) | |
| CHEROKEE COUNTY, et al ) | |
| ) | |
| Defendants, ) | |
| ) | |

THIS MATTER being before the Court on Plaintiffs' motion *in limine* seeking the imposition of the sanction of exclusion of evidence and an order prohibiting the use of or reference to materials produced in discovery by Defendants on May 3, 2021, Plaintiffs pursuant to the Case Management Order and L. Civ. R 7.1 present this memorandum of law in support of their motion. For the reasons more specifically set forth herein, Plaintiffs respectfully ask that their motion be GRANTED.

## STATEMENT OF THE CASE

Plaintiffs filed this action as a putative class action on March 14, 2018 in the Superior Court Division of the General Court of Justice of the State of North Carolina. (Doc. 1-1) Defendants removed the action to this Court. (Doc. 1)

- 1 -

Defendant Cherokee County filed a partial motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6), which was ultimately granted in part and denied in part. (Doc. 22)

Discovery in this action commenced on December 10, 2019 with the issuance of the Case Management Order. (Doc. 35) This initial round of discovery closed on September 22, 2020. (Id.) All parties filed a motion for summary judgment, all of which were fully briefed. (*See* Docs. 56, 59, 60, 61, 62, 63, 73, 74, 75, 76, 78, 79, and 80).

After the summary judgment motions were filed, but before they were ruled upon, Plaintiffs filed a motion for sanctions on February 5, 2021, having discovered that materials in the possession of Defendant Cherokee County that were responsive to Plaintiffs' discovery requests had not been produced during the discovery period. (Doc. 88) The relevant materials were produced by the County on February 8, 2021 and the case was continued from March 8, 2021 to May 10, 2021. (Doc. 93)

A status conference was held on February 26, 2021, during which Defendant Cherokee County stated that all discoverable material had been produced. The Court authorized both sides to conduct additional discovery pending trial as necessary based on the new material being produced and several additional depositions were taken.

On April 30, 2021, the Court conducted the final pretrial conference.[1] At the final pretrial conference the issue of sanctions was again raised. Upon inquiry of the Court, both sides stated that all relevant materials had been produced, and the Court denied Plaintiffs' motion for sanctions as moot.

## STATEMENT OF THE RELEVANT FACTS

Well after the discovery deadline established in the Court's case management order, after a hearing on sanctions, and after the final pretrial conference, Defendants on Monday May 3, 2021, produced 108 pages of additional discovery materials.[2]

On May 5, 2021, Defendants provided un updated Exhibit List to Plaintiffs for review, which added 7 proposed exhibits based upon these newly produced documents. (They are designated as Defense Exhibits 53-59). Plaintiffs reviewed the proposed exhibits and responded to Defendants on May 6, 2021 that they would be objecting to the authenticity and admission of these additional exhibits. Upon inquiry of the Defendants, Plaintiffs explained their bases for objecting based upon the late production of the documents.

---

[1] The Case Management Order further set a deadline for filing motions *in limine* as 14 days prior to the final pretrial conference (*see* Doc. 35 at 12-13), which deadline passed prior to the production of the discovery at issue in this motion.

[2] Defendants are only seeking to use approximately 19 pages of the late produced material. (For ease of reference, Defendants have bates stamped their discovery pages, and the pages of concern are bates stamped as 34140- 34159). Defendants have already affirmatively stated that they are not intending to utilize at trial any additional material that was produced on May 3, 2021.

Additionally, Defendants are offering two "Dear Director" letters from DHHS that were sent to all county directors of social services in 2019 that were never provided in discovery. (Proposed Def. Ex. 60 and 61) Finally Defendants are offering a table of cases showing the percentage of reports accepted for investigation. (Proposed Def. Ex. 62) None of the documents described in this section were produced in discovery prior to May 3, 2021.

## ARGUMENTS

"If a party fails to [timely] provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[3] The court has "broad discretion" to

---

[3] Rule 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, those sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Rule 16(f) provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party

- 4 -

determine whether an untimely disclosure is substantially justified or harmless. *See, e.g., S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Moreover, "Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules." *Id*. "In addition, excluding evidence only when the nondisclosing party acted in bad faith would undermine the basic purpose of Rule 37(c)(1): preventing surprise and prejudice to the opposing party." *Id*.

The United States Court of Appeals for the Fourth Circuit long ago established that the failure to comply with case management orders under Rule 16 and for the failure to disclose discoverable matter in a timely manner is subject to sanction, specifically including exclusion of the disobedient party's late preferred evidence. *Rabb v. Amatex Corp.*, 769 F.2d 996 (4th Cir. 1985). The Fourth Circuit's decision arose from a case in United States District Court for the Western District of North Carolina in which district court precluded Rabb's critical evidence in his asbestosis-related action for failure to comply with the court's pre-trial order. The Court of Appeals' affirmed" [b]ecause we believe the district court's Pre-trial Order Coordinating Discovery Proceedings violated neither the federal rules of civil

---

or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

procedure nor due process, and the district court properly imposed sanctions against

Rabb for his failure to comply with the pre-trial order." *Rabb* , 769 F.2d at 997.

The Fourth Circuit clearly reasoned:

This is so even though the order disobeyed in this case was not an order to compel discovery granted on a party's motion, but instead a Fed.R.Civ.P. 16 general pre-trial order. The 1970 advisory committee notes to Rule 37(b) indicate that the scope of the rule was broadened to include "*any* order 'to provide or permit discovery,' " that "various rules authorize orders for discovery" and "Rule 37(b)(2) should provide comprehensively for enforcement of all these orders." Citing [*Societe Internationale Pour Participations Industrielles Et Commerciales v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 1093 (1958)](emphasis added). Professors Wright and Miller note that

> Rule 16 and Rules 26 through 37 are aimed at a common goal—providing the parties with enough information so that they may fully prepare themselves for trial. Thus, frequently courts view Rule 16 as part of the general discovery process provided for in the rules and speak of the joint purpose to be achieved by the pretrial conference and discovery.

Wright and Miller, *Federal Practice and Procedure: Civil* § 1528 (1971). The consequence of this identity of purpose is, as another commentator notes, an identity of sanctions for noncompliance:

> among the sanctions now authorized by Rule 16 are the penalties for violation of discovery orders contained in Rule 37(b)(2)(B), (C) and (D) and Rule 16 should thus be read in conjunction with that Rule. Among the sanctions which may be imposed are dismissal, default, preclusion of evidence or testimony, costs, and contempt for failure to comply with court orders.

3 *Moore's Federal Practice* ¶ 16.32 (1985).

Fed.R.Civ.P. 37(b)(2)(B) provides for the preclusion of evidence by a party failing to provide or permit discovery pursuant to an order to

provide or permit discovery. Fed.R.Civ.P. 37(b)(2)(C) permits dismissal against the disobedient party. A trial court may preclude evidence under Fed.R.Civ.P. 37(b)(2)(B) even if to do so is tantamount to a Fed.R.Civ.P. 37(b)(2)(C) dismissal. *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1065 (2d Cir.1979); *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843–44 (9th Cir.1976).

*Rabb v. Amatex Corp.*, 769 F.2d at 999–1000.

As recently as January 2021, the Fourth Circuit applied the *Rabb* rule. In *Benjamin v. Sparks*, 986 F.3d 332 (4th Cir. 2021), the court held that the plaintiff, the former headmaster's violation of rule governing pretrial disclosures warranted exclusion of evidence.

In *Benjamin*, despite the plaintiff-appellant's arguments to the contrary, the Fourth Circuit, held that in the plaintiff's wrongful termination action against his previous employer, a private school and related defendants, Benjamin violated the rule governing timing of pretrial disclosures when he failed to designate his former wife as witness expected to testify by deposition by date established in district court's case management order. Although the plaintiff stated that he did not expect to present testimony by deposition until after the deadline, and he made disclosure 30-days before trial, as otherwise required by rule in absence of court order to the contrary, the plaintiff's subjective expectation did not control need for disclosure, and the timeline otherwise provided under the rules must give way to district court's order establishing dates for disclosure under Fed. R. Civ. P. 16 and 26(a)(3)(A)(ii),

- 7 -

(B). 986 F.3d at 342. Importantly, there, as here, the district court plainly required disclosures to be made by a specific date, with which the disobedient party failed to comply. *Id.*

"Therefore, [the disobedient party] 'not allowed' to use the [evidence] unless his failure to abide by Rule 26(a) 'was substantially justified or ... harmless.' Fed. R. Civ. P. 37(c)(1)." *Benjamin v. Sparks*, 986 F.3d at 342. Furthermore, "[t]The deadlines set forth in a court's case management order serve an important function in the flow of litigation. *See, e.g., Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005) ("A party that fails to provide [Rule 26(a)] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case.')." *Benjamin*, 986 F.3d at 344. Accordingly, because the defendants here, like Benjamin were well aware of the court's order and the proper governance of the case and cannot present a proper justification for their violations, exclusion of the evidence is warranted and should be ordered. *Id.*

In determining whether to exclude untimely disclosures, courts are to consider five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence."

Id. The court has broad discretion to select the appropriate remedy in light of the totality of the circumstances. *See id*. at 595; Fed. R. Civ. P. 37(c)(1). *See also, Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 631-32 (E.D.N.C. 2008) (same); *Morris v. Metals United States*, No. 2:09-CV-1267-DCN, 2011 U.S. Dist. LEXIS 3057, at *14 (D.S.C. Jan. 11, 2011) (same).

There are a number of factual considerations relevant to the proper considerations of the five factors. Plaintiffs contend that most of them weigh in favor of exclusion of the evidence.

First, the extreme lateness of the production strongly suggests that exclusion of the evidence is appropriate. As explained in the procedural history of the case these disclosures came after:

- Nine months of an initial discovery period;

- The complete briefing cycle and resolution of the parties' various summary judgment motions;

- The filing of a motion for sanctions resulting from delayed disclosure of relevant documents;

- A second period of discovery created after continuance of the initial trial date;

- The passing of the deadline to file motions *in limine* under the Case Management Order;

- The Final Pretrial Conference; and

- A joint representation to the Court that all documents had been produced.

Therefore, the first factor (surprise to the Plaintiffs) clearly weighs in favor of suppressing the evidence.

The production also comes one week prior to the trial date, after the Plaintiffs have filed their trial brief, the parties have agreed on the issues to be submitted to the jury (with minor exceptions to be resolved by the Court), the exhibit lists have been exchanged, the deadline to subpoena witnesses to the trial, and the ability to take additional discovery related to these documents have all passed by. Therefore, the second factor (the Plaintiffs' ability to cure the surprise) clearly weighs in favor of suppressing the evidence.

This information was not provided to Plaintiffs despite a subpoena to Cherokee County Public Schools for information about H.H. Plaintiffs sent that subpoena to CCPS in August of 2020 and continued engaging in follow-ups with the school system until January of 2021 when the school system asserted that it had sent all responsive information to Plaintiffs. *See* Doc. 88-3, Boone Aff. Therefore, either CCPS (a constituent part of Defendant Cherokee County) withheld material responsive to a subpoena from a subpoenaing party and instead provided it to the other side, or this material was provided from the schools to the Defendants based on the Defendants' investigations and trial preparations (after the pretrial conference was conducted and all discovery was concluded). In either event, the reason for the

- 10 -

extreme lateness of the disclosure cannot be held against the Plaintiff. Therefore, the fifth factor (the reason for the non-disclosure) strongly weighs in favor of suppression.

If this evidence is to be admitted, then Plaintiffs are entitled to additional time to investigate, analyze, and evaluate the evidence. Any and all of which would necessitate continuance of the trial, to which the Plaintiffs' object.[4] But this trial has already been continued once, there are no other trials on the calendar, and the jury venire has already been summoned. Accordingly, not suppressing the evidence will result in great trial disruption and, therefore, this factor also weighs heavily in favor of suppressing the late disclosed evidence.

Finally, the question of whether the evidence is important also weighs in favor of suppression. All of this evidence goes to (if anything at all) damages, not liability. The records at issue concern H.H.'s conduct and performance at school in 2018, long after the CVA was used to take her away from her father. Therefore, they have no bearing whatsoever on whether Brian Hogan or H.H.'s constitutional rights were violated. Accordingly, the evidence is of minimal probative value and, accordingly, this factor weighs in favor of suppression.

---

[4] Plaintiffs oppose continuance of the trial. Plaintiffs have already disclosed all of their trial preparation materials consistent with the Case Management Order and Supplemental Pretrial Order. This action is ready for trial.

Plaintiffs understand and acknowledge that the attorneys for the Defendants supplemented their discovery when they received the documents. However, as explained above, "Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules." *S. States Rack & Fixture, Inc.*, 318 F.3d at 597. "In addition, excluding evidence only when the nondisclosing party acted in bad faith would undermine the basic purpose of Rule 37(c)(1): preventing surprise and prejudice to the opposing party." *Id*.

Plaintiffs do not believe the attorneys for the Defendants have acted bad faith. However, Defendants have also not explained why the disclosures were so late in coming, beyond the bare assertion that they were provided to counsel at a late hour. Plaintiffs do not (and have no reason to) believe that Defense Counsel have withheld these documents. However, the practice of Defendant Cherokee County not providing discoverable material to its attorney in a timely manner has now arisen twice. In sum, all the pertinent factors under Rule 37 weigh heavily in favor of suppression of the evidence disclosed on May 3, 2021.

## CONCLUSION

Plaintiffs respectfully move that their motion *in limine* be GRANTED, and all reference to the materials produced by Defendants on May 3, 2021 be prohibited during trial, including questions based off of the late produced material.

- 12 -

Respectfully submitted, this the 6th day of May, 2021.

Law Office of David A. Wijewickrama, PLLC

BY:

/s/David A. Wijewickrama
David A. Wijewickrama
N.C. State Bar No.: 30694
95 Depot Street
Waynesville, NC 28786
Phone: (828) 777-1812
Fax: (828) 253 -2717
*Attorney for Brian Hogan*

/s/ Ronald L. Moore
Ronald L. Moore
N.C. Bar No.: 9619
P.O. Box 18402
Asheville, NC 28814
Phone: 828 -452 -5801
Fax: 828 -454 -1990
*Attorney for H.H.*

/s/ Melissa Jackson
Melissa Jackson
N.C. State Bar No.: 34013
95 Depot Street
Waynesville, NC 28786
Phone: 828 -452 -5801
*Attorney for Brian Hogan*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. State Bar No.: 39579
3344 Presson Road
Monroe, NC 28112
Phone :(910) 750-2265
*Attorney for H.H.*

- 13 -

## CERTIFICATE OF SERVICE

This is to certify that on May 6, 2021, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE was electronically filed with the Clerk of Court using CM/ECF system, which will send notification to all counsel having made appearances in the case as follows:

Patrick Houghton Flanagan
Virginia Wooten
Cranfill, Sumner & Hartzog, L.L.P.
2907 Providence Road
Charlotte, NC 28230
704-940-3419
704-332-9994 (fax)
phf@cshlaw.com
*Attorney for Defendant Scott Lindsay in his individual capacity*

Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College St., Ste 3500
Charlotte, NC 28202
704 331-4992
704 338-7814 (fax)
sean.perrin@wbd-us.com
*Attorney for Defendants Cherokee County, Scott Lindsay in his official capacity only and Cindy Palmer in her official capacity only*

John L. Kubis, Jr
Teague Campbell Dennis & Gorham, LLP
22 South Pack Square, Suite 800
Asheville, NC 28801
828-254-4515
828-254-4516 (fax)
jkubis@teaguecampbell.com
*Attorney for Defendant Cindy Palmer in her individual capacity*

/s/ D. Brandon Christian
D. Brandon Christian

- 14 -

N.C. State Bar No.: 39579
3344 Presson Road
Monroe, NC 28112
Phone :(910) 750-2265
*Attorney for H.H.*