# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00096-MR-WCM

| | |
|---|---|
| BRIAN HOGAN, both on his own behalf and as representative of all unnamed class members who are similarly situated; BRIAN HOGAN, as parent and next friend of H.H., both on her own behalf and as representative of all unnamed class members who are similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>CHEROKEE COUNTY; CHEROKEE COUNTY DEPARTMENT OF SOCIAL SERVICES; SCOTT LINDSAY, both in his individual capacity and official capacity as attorney for Cherokee County Department of Social Services; CINDY PALMER, in both her individual capacity and her official capacity as Director of Cherokee County Department of Social Services; DSS SUPERVISOR DOE #1; and DSS SOCIAL WORKER DOE #1, )<br><br>Defendants. ) | **J U D G M E N T** |

**THIS MATTER** came for trial and was heard by the undersigned judge, and a jury was empaneled and answered the issues presented as follows:

1. Did the Defendant Scott Lindsay violate the Plaintiff Brian Hogan's procedural due process rights?

   Answer: YES

2. Did the Defendant Scott Lindsay violate the Plaintiff H.H.'s procedural due process rights?

   Answer: YES

3. Did the Defendant Cindy Palmer violate the Plaintiff Brian Hogan's procedural due process rights?

   Answer: YES

4. Did the Defendant Cindy Palmer violate the Plaintiff H.H.'s procedural due process rights?

   Answer: YES

5. Did the Defendant Scott Lindsay violate the Plaintiff Brian Hogan's substantive due process rights?

   Answer: YES

6. Did the Defendant Scott Lindsay violate the Plaintiff H.H.'s substantive due process rights?

   Answer: YES

7. Did the Defendant Cindy Palmer violate the Plaintiff Brian Hogan's substantive due process rights?

   Answer: YES

8. Did the Defendant Cindy Palmer violate the Plaintiff H.H.'s substantive due process rights?

   Answer: YES

9. Did the Defendant Cherokee County have an official policy, practice or custom that caused a violation of the Plaintiff Brian Hogan's procedural due process rights?

   Answer: YES

10. Did the Defendant Cherokee County have an official policy, practice or custom that caused a violation of the Plaintiff H.H.'s procedural due process rights?

    Answer: YES

11. Did the Defendant Cherokee County have an official policy, practice or custom that caused a violation of the Plaintiff Brian Hogan's substantive due process rights?

    Answer: YES

12. Did the Defendant Cherokee County have an official policy, practice or custom that caused a violation of the Plaintiff H.H.'s substantive due process rights?

    Answer: YES

13. Did the Defendant Cherokee County fail to adequately train its employees resulting in a violation of the Plaintiff Brian Hogan's constitutional rights?

    Answer: YES

14. Did the Defendant Scott Lindsay act in a grossly negligent manner causing the Plaintiff Brian Hogan injury?

    Answer: YES

15. Did the Defendant Scott Lindsay act in a grossly negligent manner causing the Plaintiff H.H. injury?

    Answer: YES

16. Did the Defendant Cindy Palmer act in a grossly negligent manner causing the Plaintiff Brian Hogan injury?

    Answer: YES

17. Did the Defendant Cindy Palmer act in a grossly negligent manner causing the Plaintiff H.H. injury?

    Answer: YES

18. Did the Defendant Scott Lindsay obstruct justice with respect to Plaintiff Brian Hogan?

    Answer: YES

19. Did the Defendant Cindy Palmer obstruct justice with respect to Plaintiff Brian Hogan?

    Answer: NO

20. We the jury award compensatory damages to the Plaintiff Brian Hogan in the amount of _____.

    Answer: $1,500,000

21. We the jury award compensatory damages to the Plaintiff H.H. in the amount of _____.

    Answer: $3,100,000

Based on the foregoing facts as found by the jury, the Court concludes as a matter of law that Defendants Scott Lindsay, Cindy Palmer, and Cherokee County are liable to the Plaintiffs Brian Hogan and H.H. under Chapter 42 United States Code Section 1983 ("Section 1983") for violating their procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution; that Defendants Scott Lindsay and Cindy Palmer are liable to the Plaintiffs Brian Hogan and H.H. for gross negligence under North Carolina law; and that Defendant Scott Lindsay is

liable for civil obstruction of justice to Plaintiff Brian Hogan under North Carolina law. The Court further concludes that Defendant Cindy Palmer is not liable to Plaintiff Brian Hogan for civil obstruction of justice under North Carolina law.

Upon the close of the Plaintiffs Brian Hogan and H.H.'s evidence at trial, Defendant Cindy Palmer made an oral motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure with respect to the negligence claims against Defendant Cindy Palmer. The Court concluded that the doctrine of public official immunity barred the Plaintiffs' claims of negligence against Defendant Cindy Palmer, and the Court, therefore, granted Defendant Cindy Palmer's Rule 50(a) motion.

Prior to trial the parties stipulated to dismissal with prejudice of certain remaining claims pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. The parties dismissed the claim against Defendant Cindy Palmer in her individual capacity under Section 1983 for violation of the equal protection clause; the claims against Defendant Cindy Palmer in her individual capacity for actual fraud; the claims against Defendant Cindy Palmer in her individual capacity for constructive fraud; and the claims against Defendants Cindy Palmer and Scott Lindsay in their individual capacities for punitive damages.

The Court previously entered an Order granting in part the Defendants' Motion for Summary Judgment and dismissing the claims under Section 1983 as to Defendants Scott Lindsay and Cindy Palmer in their official capacities; the claims of negligence, gross negligence, negligent misrepresentation, fraud, and civil obstruction of justice as to Defendants Scott Lindsay and Cindy Palmer in their official capacities; the claims of negligent and grossly negligent supervision against Defendant Cindy Palmer in her official capacity; and the claims of negligent and grossly negligent hiring and retention, respondeat superior, and civil obstruction of justice against Defendant Cherokee County.

The Court also granted in part the Motion for Summary Judgment by Defendant Scott Lindsay in his individual capacity with respect to the claims under Section 1983 for violations of equal protection; negligence; negligent misrepresentation; actual fraud; constructive fraud; and for violations of the North Carolina Constitution.

The Court further dismissed the Plaintiffs' claims against DSS Supervisor Doe #1 and DSS Social Worker Doe #1 without prejudice.

The Court previously entered an Order granting dismissal of all claims pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) against Cherokee County Department of Social Services; claims of constructive fraud against

Defendants Cindy Palmer and Scott Lindsay in their official capacities; claims for equal protection violations under Section 1983 against Defendants Cherokee County, and Cindy Palmer and Scott Lindsay in their official capacities; claims for violations of the North Carolina Constitution against Defendants Cherokee County, and Cindy Palmer and Scott Lindsay in their official capacities; and claims for punitive damages against Defendants Cherokee County, and Cindy Palmer and Scott Lindsay in their official capacities.

The parties previously entered a stipulation of withdrawal of the Plaintiffs' request to be designated as class representatives pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that Defendants Scott Lindsay and Cindy Palmer are liable to Plaintiff Brian Hogan under Section 1983 for violating his procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution, as is Defendant Cherokee County through maintaining an official policy, practice or custom that caused the violations and by failing to adequately train its employees.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Scott Lindsay and Cindy Palmer are liable to Plaintiff H.H. under

Section 1983 for violating her procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution as is Defendant Cherokee County through maintaining an official policy, practice or custom that caused the violations.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Scott Lindsay and Cindy Palmer are liable to Plaintiff Brian Hogan for gross negligence under North Carolina law.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Scott Lindsay and Cindy Palmer are liable to Plaintiff H.H. for gross negligence under North Carolina law.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Scott Lindsay is liable for civil obstruction of justice under North Carolina law to Plaintiff Brian Hogan.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** Defendant Cindy Palmer is not liable to Plaintiff Brian Hogan for civil obstruction of justice under North Carolina law and that claim is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff Brian Hogan shall have and recover of Defendants Cherokee

County, Scott Lindsay, and Cindy Palmer jointly and severally the sum of $1,500,000.00.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff H.H. shall have and recover of Defendants Cherokee County, Scott Lindsay, and Cindy Palmer jointly and severally the sum of $3,100,000.00, for specific injuries incurred by her. Accordingly, the Court reserves for later review and determination the issue of the manner of payment of damages for the exclusive benefit of the minor child and retains jurisdiction of this matter for that purpose and as otherwise may be necessary in the best interest of the minor child. The minor child's guardian ad litem shall remain and continue in that capacity until such time as the monetary award is fully satisfied, or the case is otherwise resolved.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Cindy Palmer's oral motion for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure is **GRANTED IN PART** as to the Plaintiffs' claims of ordinary negligence. The claims for negligence against Defendant Cindy Palmer are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants' Motion for Summary Judgment [Doc. 56] is **GRANTED IN PART**

as to the Plaintiffs' claims under Section 1983 and of negligence, gross negligence, negligent misrepresentation, fraud, and civil obstruction of justice as to Defendants Scott Lindsay and Cindy Palmer in their official capacities; the claims of negligent and grossly negligent supervision against Defendant Cindy Palmer in her official capacity; and the claims of negligent and grossly negligent hiring and retention, respondeat superior, and civil obstruction of justice against Defendant Cherokee County. Those claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment by Defendant Scott Lindsay in his individual capacity [Doc. 62] is **GRANTED IN PART** as to the Section 1983 claims for violations of equal protection; the claims negligence, negligent misrepresentation, actual fraud, constructive fraud; and the claims for violations of the North Carolina Constitution. Those claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiffs' claims against DSS Supervisor Doe #1 and DSS Social Worker Doe #1 are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants' Partial Motion to Dismiss [Doc. 9] is **GRANTED IN PART** as to

all claims against Cherokee County Department of Social Services; claims of constructive fraud against Defendants Cindy Palmer and Scott Lindsay in their official capacities; claims for equal protection violations under Section 1983 against Defendant Cherokee County, and Defendants Cindy Palmer and Scott Lindsay in their official capacities; claims for violations of the North Carolina Constitution against Defendant Cherokee County, and Defendants Cindy Palmer and Scott Lindsay in their official capacities; and claims for punitive damages against Defendant Cherokee County, and Defendants Cindy Palmer and Scott Lindsay in their official capacities. Those claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that based on the parties' stipulation pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure [Doc. 103] the claim against Defendant Cindy Palmer in her individual capacity for violation of the equal protection clause under Section 1983; the claims against Defendant Cindy Palmer in her individual capacity for actual fraud; the claims against Defendant Cindy Palmer in her individual capacity for constructive fraud; and the claims against Defendants Cindy Palmer and Scott Lindsay in their individual capacities for punitive damages are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that based on the Parties' stipulation pursuant to Rule 41(a) the Federal Rules of Civil Procedure [Doc. 58] the Plaintiffs' request to be designated as class representatives is withdrawn.

The Court retains jurisdiction of this matter for the purpose of addressing any motion for attorney's fees that may be filed by Plaintiffs Brian Hogan or H.H.

**IT IS SO ORDERED.**

Signed: June 21, 2021

Martin Reidinger
Chief United States District Judge