IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO.: 1:18-CV-96

| | |
|---|---|
| BRIAN HOGAN, et al., | |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF PREJUDGMENT INTEREST** |
| v. | |
| CHEROKEE COUNTY, et al | |
| Defendants, | |

THIS MATTER being before the Court on Plaintiffs' motion for an award of prejudgment interest to be included in their award in this action, Plaintiffs submit this memorandum of law in support of their motion.

## INTRODUCTION

This action arose out of the Defendants' use of an unlawful out-of-court agreement that resulted in the removal of Plaintiff H.H. from the custody of her father, Plaintiff Brian Hogan, without a court order. [Doc. 1-1 at 5]. The complaint was filed on March 14, 2018, in the Superior Court Division of the North Carolina General Court of Justice. [Doc 1-1] The defendants fervently contested the claims, which led to extensive motion practice, including motions to dismiss, extensive discovery and discovery motions, and motions for summary judgment. *See* Docs 9,

13, 21, 27, 32, 52, 56, 60, 62, and 88 (and associated memoranda, responses, and replies). The case was called for trial on May 10, 2021. On May 14, 2021, the jury returned a verdict finding defendants Scott Lindsay, Cindy Palmer and Cherokee County liable for multiple claims, including violations of 42 U.S.C. § 1983. The jury awarded damages for Plaintiff Brian Hogan of $1.5 million and for Plaintiff H.H. of $3.1 million. [Doc. 140] The Court entered judgment accordingly on June 21, 2021. [Doc. 147]

## **ARGUMENTS**

The Plaintiffs pleaded, in their initial prayer for relief, for an award of prejudgment interest. [Doc. 1-1 at 65; Prayer for Relief ¶ 3] North Carolina law provides for prejudgment interest in the amount of 8% per anum. *See* N.C. Gen. Stat. § 24-1 ("the legal rate of interest shall be eight percent (8%) per annum for such time as interest may accrue, and no more.")

N.C. Gen. Stat. § 24-5(b) states

In an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied. Any other portion of a money judgment in an action other than contract, except the costs, bears interest from the date of entry of judgment under G.S. 1A-1, Rule 58, until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

I. **THE AWARD OF PREJUDGMENT INTEREST LIES IN THE DISCRETION OF THE TRIAL COURT**

Federal law controls the issuance of prejudgment interest awarded on federal claims. *See City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 194, 115 S.Ct. 2091 (1995). 28 U.S.C. § 196, the post judgment interest statute does not control the award of prejudgment interest in order to make the prevailing plaintiff whole. Section 1983, like "ERISA does not specifically provide for pre-judgment interest, and absent a statutory mandate the award of pre-judgment interest is discretionary with the trial court." *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1030 (4th Cir. 1993).

The purpose of a § 1983 damages award is to compensate the plaintiff for injuries caused by the deprivation of constitutional rights. *See Carey v. Piphus*, 435 U.S. 247, 254, 98 S.Ct. 1042, 1047 (1978). "[I]nterest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36, 110 S. Ct. 1570, 1576 (1990).

Prejudgment interest is an element of compensation, not a penalty. *See Western Pacific Fisheries, Inc. v. S.S. President Grant*, 730 F.2d 1280, 1288 (9th Cir.1984). Analogously, remedial awards under Title VII are intended to make the

plaintiff whole, but not to provide a windfall. *Maksymchuk v. Frank*, 987 F.2d 1072, 1076–77 (4th Cir.1993) (citations omitted). The basic purpose in awarding prejudgment interest is to correct for the fact that a dollar yesterday was worth more than a dollar today. *Id*. at 1077 (citations omitted). The awarding of prejudgment interest rests within the discretion of the Court. *Id*. at 1077 (citation omitted).

## II. THE COURT SHOULD AWARD PREJUDGMENT INTEREST TO THE PLAINTIFFS AT THE NORTH CAROLINA LEGAL RATE OF 8% PER ANUM

Given these principles, the Plaintiffs are entitled to an award of prejudgment interest. *See Loeffler v. Frank*, 486 U.S. 549, 557–58, 108 S.Ct. 1965, 1970–71 (1988); *see also Clifton D. Mayhew, Inc. v. Wirtz*, 413 F.2d 658, 663 (4th Cir. 1969); *Marshall v. Board of Education*, 470 F.Supp. 517 (D.Md.1979) (awarding prejudgment interest), *aff'd mem.* 618 F.2d 101 (4th Cir. 1980). "Prejudgment interest is necessary, ..., to make the individual discriminatee whole. *Cf. Masters v. Maryland Management Co.*, 493 F.2d 1329, 1334 (4th Cir. 1974) (district court correctly refused to award prejudgment interest when liquidated damages more than adequately compensated victim)." *Cline v. Roadway Exp., Inc.*, 689 F.2d 481, 489 (4th Cir. 1982).

> As summarized by the Easter District of North Carolina Bankruptcy Court
>
> Neither 28 U.S.C. § 1961, nor any other federal statute sets forth generally applicable guidelines concerning the award of prejudgment interest in the federal courts. *Ford Motor Co. v. Transport Indemnity Co.*, 45 B.R. 843, 846 (E.D.Mich.1984); *Matter of Foreman Industries,*

- 4 -

Case 1:18-cv-00096-MR-WCM   Document 149-1   Filed 07/03/21   Page 4 of 10

*Inc.*, 59 B.R. 145, 156 (Bankr. S.D. Ohio 1986). In the Fourth Circuit Court of Appeals, as in other circuits, the determination of the rate of prejudgment interest has generally been left to the trial court's discretion. *United States v. Dollar Rent A Car Systems, Inc.*, 712 F.2d 938, 940 (4th Cir.1983); *Central Rivers Towing, Inc. v. City of Beardstown, Illinois*, 750 F.2d 565, 574 (7th Cir.1984); *Equal Employment Opportunity Commission v. Wooster Brush Company Employees Relief Association*, 727 F.2d 566, 579 (6th Cir.1984); *Ellis v. Chevron U.S.A. Inc.*, 650 F.2d 94, 98 (5th Cir.1981). In non-bankruptcy cases, federal courts have found that the rate for postjudgment interest set in section 1961 is also appropriate for prejudgment interest unless there is "substantial evidence" showing "that the equities of the particular case require a different rate." *Western Pacific Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir.1984) (admiralty case). *See also Mother Goose Nursery Schools, Inc. v. Sendak*, 591 F.Supp. 897, 915 (N.D.Ind.1984) (civil rights action), *rev'd on other grounds*, 770 F.2d 668 (7th Cir.1985), *cert. denied*, 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986).

*In re H.P. King Co., Inc.*, 64 B.R. 487, 491 (Bankr. E.D.N.C. 1986). However, as the Fourth Circuit has explained

> "The rate of pre-judgment interest for cases involving federal questions is a matter left to the discretion of the district court." *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir.1993) (en banc). "In determining the rate of prejudgment interest, the district court is not bound by state law. That does not mean, however, that the district court may not in its discretion choose to apply the interest rate provided for by state law." *EEOC v. Liggett & Myers Inc.*, 690 F.2d 1072, 1074 (4th Cir.1982).

*Hylind v. Xerox Corp.*, 481 Fed. Appx. 819, 822 (4th Cir. 2012).

The Plaintiffs filed this action North Carolina state court. The defendants elected to remove it to this Court and to deny responsibility for their wrongdoing for more than three years. The Defendants vigorously contested both their liability and

the amount of damages for the Plaintiffs throughout.  As the Fourth Circuit held in *Maksymchuk*, 987 F.2d at 1077, the purpose in awarding prejudgment interest is to make up for the fact that the value of money changes over time.

The state of North Carolina has determined that 8% per anum is appropriate to account for the change in the value of monies between the filing of an action and its resolution.  The Plaintiffs filed in state court, pleaded a mixture of state and federal claims, and prevailed on a mixture of state and federal claims.  Had this case remained in and been resolved in state court, N.C. Gen. Stat. §§ 24-1, -5 would have controlled, and an award of prejudgment interest in the amount of 8% per anum would have been established as a matter of law.

Plaintiffs should not be penalized with a lower interest rate because the defendants elected to remove the action to this Court.

The jury in this action found that Plaintiff Brian Hogan was entitled to $1,500,000.00 to compensate him for his losses incurred in connection with this action.  The jury found that Plaintiff H.H. was entitled to $3,100,000.00 to compensate her for her losses incurred in connection with this action.  This means that they were damaged in these amounts at the time their constitutional rights were violated through their reunification.

But the Defendants refused to acknowledge this, and Plaintiffs were required to expend more than three years to successfully vindicate their rights.  Accordingly,

the Defendants should be required to adequately compensate the Plaintiffs for the time they spent waiting for their rights to be vindicated.

Accordingly, Plaintiffs respectfully submit that they are entitled to prejudgment interest at the North Carolina legal rate of 8% per anum from the filing of this action on March 14, 2018 until the entry of the judgment on June 21, 2021.

For Plaintiff Brian Hogan, this will entail $120,000.00 in interest for the first year after this action was filed, $129,600.00 in interest for the second year after this action was filed, $139.968.00 in interest for the third year after this action was filed, and $38,930.28 for the period from March 15, 2021 through June 21, 2021. Therefore, the total prejudgment interest for Plaintiff Brian Hogan is $428,498.28.

For Plaintiff H.H., this will entail $248,000.00 in interest for the first year after this action was filed, $267,840.00 in interest for the second year after this action was filed, $289,267.20 in interest for the third year after this action was filed, and $80,455.91 for the period from March 15, 2021 through June 21, 2021. Therefore, the total prejudgment interest for Plaintiff H.H. is $885,563.11.

## **CONCLUSION**

Plaintiffs respectfully move that this Court award Plaintiff Brian Hogan prejudgment interest in the amount of $428,498.28 and Plaintiff H.H. prejudgment interest in the amount of $885,563.11.

- 7 -

Case 1:18-cv-00096-MR-WCM   Document 149-1   Filed 07/03/21   Page 7 of 10

Respectfully submitted, this the 3rd day of July, 2021.

          Law Office of David A. Wijewickrama, PLLC

BY:

/s/David A. Wijewickrama
David A. Wijewickrama
N.C. State Bar No.: 30694
95 Depot Street
Waynesville, NC 28786
Phone: (828) 777-1812
Fax: (828) 253-2717
*Attorney for Brian Hogan*

/s/ Ronald L. Moore
Ronald L. Moore
N.C. Bar No.: 9619
P.O. Box 18402
Asheville, NC 28814
Phone: 828-452-5801
Fax: 828-454-1990
*Attorney for H.H.*

/s/ Melissa Jackson
Melissa Jackson
N.C. State Bar No.: 34013
95 Depot Street
Waynesville, NC 28786
Phone: 828-452-5801
*Attorney for Brian Hogan*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. State Bar No.: 39579
3344 Presson Road
Monroe, NC 28112
Phone :(910) 750-2265
*Attorney for H.H.*

# CERTIFICATE OF SERVICE

This is to certify that on July 3 2021, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST was electronically filed with the Clerk of Court using CM/ECF system, which will send notification to all counsel having made appearances in the case as follows:

Patrick Houghton Flanagan
Virginia Wooten
Cranfill, Sumner & Hartzog, L.L.P.
2907 Providence Road
Charlotte, NC 28230
704-940-3419
704-332-9994 (fax)
phf@cshlaw.com
*Attorney for Defendant Scott Lindsay in his individual capacity*

Sean F. Perrin
Womble Bond Dickinson (US) LLP
301 S. College St., Ste 3500
Charlotte, NC 28202
704 331-4992
704 338-7814 (fax)
sean.perrin@wbd-us.com
*Attorney for Defendants Cherokee County, Scott Lindsay in his official capacity only and Cindy Palmer in her official capacity only*

John L. Kubis, Jr
Teague Campbell Dennis & Gorham, LLP
22 South Pack Square, Suite 800
Asheville, NC 28801
828-254-4515
828-254-4516 (fax)
jkubis@teaguecampbell.com
*Attorney for Defendant Cindy Palmer in her individual capacity*

                                           /s/ D. Brandon Christian
                                           D. Brandon Christian

N.C. State Bar No.: 39579
3344 Presson Road
Monroe, NC 28112
Phone :(910) 750-2265
*Attorney for H.H.*