IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO.: 1:18-CV-96

|  |  |  |
|---|---|---|
| BRIAN HOGAN, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | **REPLY IN FURTHER SUPPORT** |
| | ) | **OF PLAINTIFFS' MOTION FOR** |
| v. | ) | **AWARD OF PREJUDGMENT** |
| | ) | **INTEREST** |
| CHEROKEE COUNTY, et al | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

NOW COME the Plaintiffs, pursuant to the Case Management Order (Doc. 35), and submit this Reply in further support of their Motion for Prejudgment Interest ("Motion") (Doc. 149).

## ARGUMENTS

The parties agree that this Court has the discretion to award prejudgment interest. (Doc. 155 at 3-4, 9). To do so, the Court must weigh the equities and determine whether, in the exercise of its sound discretion, an award of prejudgment interest is appropriate, and if so, what amount to award.

Although Defendants acknowledge the Court's discretion on this issue, the cases they cite in avoid the Court's sound exercise of that discretions are in apposite and easily distinguished. *West Virginia v. U.S.*, 479 U.S. 305 (1987), concerned a

- 1 -

contractual dispute between the United States and the State of West Virginia. It did not even discuss the appropriate standard for determining whether prejudgment interest should be awarded in tort actions, such as section 1983 cases. In another case, *Monessen Southwestern Railway Co. v. Morgan*, 486 U.S. 330 (1988), Defendants rely on a footnote in a partial concurrence by Justice Blackmun to claim that prejudgment interest should not be awarded if the damages are for pain and suffering. Plaintiffs offer two rejoinders to this.

First, the Defendants improperly assume that the jury's award in this case was for pain and suffering. However, the Defendants did not ask the jury to answer special interrogatories to identify the type of injury that Plaintiffs suffered and the amount of corresponding compensation. Without this information, Defendants cannot credibly contend that the jury awarded damages for pain and suffering. In fact, Plaintiffs did not plead pain and suffering damages in their complaint. They asked for compensation for the time that they were separated by the Defendants' unconstitutional use of a CVA to violate their rights; *Carey v. Piphus*, 435 U.S. 247, 254, 98 S.Ct. 1042, 1047(1978) ("the basic purpose" of § 1983 damages is "to compensate persons for injuries that are caused by the deprivation of constitutional rights"); that, is loss of fundamental constitutional guaranties, time and

- 2 -

companionship, not merely pain and suffering.[1]  As such, Defendants' arguments

about prejudgment interest not being appropriate for pain and suffering damages

should be rejected.

Second, Justice Blackmun's footnote in *Monessen Southwestern Railway Co.*

was not even necessary to his own partial concurrence, let alone the Court's

---

[1] As the Supreme explained in *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306–07, 106 S. Ct. 2537, 2542–43 (1986)

> damages in tort cases are designed to provide "*compensation* for the injury caused to plaintiff by defendant's breach of duty." 2 F. Harper, F. James, & O. Gray, Law of Torts § 25.1, p. 490 (2d ed. 1986) (emphasis in original), quoted in *Carey v. Piphus, supra,* 435 U.S., at 255, 98 S.Ct., at 1047. **2543 See also *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 395, 397, 91 S.Ct. 1999, 2004, 2005, 29 L.Ed.2d 619 (1971); *id.,* at 408–409, 91 S.Ct., at 2010–2011 (Harlan, J., concurring in judgment). To that end, compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as "impairment of reputation ..., personal humiliation, and mental anguish and suffering." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974). See also *Carey v. Piphus, supra,* 435 U.S., at 264, 98 S.Ct., at 1052 (mental and emotional distress constitute compensable injury in § 1983 cases). Deterrence is also an important purpose of this system, but it operates through the mechanism of damages that are *compensatory*—damages grounded in determinations of plaintiffs' actual losses. *E.g.,* 4 Harper, James, & Gray *supra,* at § 25.3 (discussing need for certainty in damages determinations); D. Dobbs, Law of Remedies § 3.1, pp. 135–136 (1973). Congress adopted this common-law system of recovery when it established liability for "constitutional torts."

"Compensatory damages may be recovered in § 1983 actions for proven violations of constitutional right, but only for any actual harms caused by the violation and not for the violation standing alone." *Norwood v. Bain,* 143 F.3d 843, 855, (4th Cir. 1998) *aff'd in relevant part on reh'g per curiam en banc, rev'd on other grounds,* 166 F.3d 243, 245 (affirming compensatory damages); *see also Knussman v. Maryland,* 272 F.3d 625, 639 (4th Cir. 2001) (citing Memphis, 477 U.S. at 307) (presuming an award for "direct pecuniary harms such as loss of income" is available under § 1983 while arguing for recovery for emotional injury as well).

- 3 -

judgment. His partial concurrence was joined only by Justice Marshall. Justice O'Connor wrote a separate partial concurrence that was joined only by Chief Justice Rehnquist, thereby leaving the majority opinion with five votes. Accordingly, Justice Blackmun's footnote carries no authority. It does not even constitute *obiter dictum*[2] of the Court's opinion.

The Defendants then turn to the cases cited by the Plaintiffs, *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017 (4th Cir. 1993) (*en banc*) and *Marlen C. Robb & Son Boatyard & Marina, Inc. v. Vessel Bristol*, 893 F. Supp. 526 (E.D.N.C. 1994). But they do not meaningfully address Plaintiffs' arguments regarding these cases. Instead, they simply offer brief quotations from the opinions without any analysis.

The Defendants then go on to cite several cases from other circuits that do not address the Plaintiffs' arguments, ending with a rhetorical flourish, saying: "In its award, the jury more than adequately compensated both Brian and H.H. for the thirteen month period when they were apart." (Doc. 155 at 8-9.) This is the crux of

---

[2] Even if the footnote were part of the opinion, it would not be controlling. The question before the Court in that case was whether the Federal Employers' Liability Act (FELA), 35 Stat. 65, as amended, 45 U.S. C. § 51 *et seq*., authorized prejudgment interest, not whether prejudgment interest is ever available for pain and suffering damages. *See also Reiter v. Sonotone Corp.*, 442 U.S. 330, 341 (1979) ("[T]he language of an opinion is not always to be parsed as though we were dealing with language of a statute.")

- 4 -

the Defendants' arguments. They are dissatisfied with the jury award, and wish to mitigate their own losses.[3]

Plaintiffs argued that, under Fourth Circuit precedent, "the basic purpose in awarding prejudgment interest is to correct for the fact that a dollar yesterday was worth more than a dollar today." (Doc. 149-1 at 4) (citing *Maksymchuk v. Frank*, 987 F.2d 1072, 1077 (4th Cir. 1993)). Plaintiffs diligently pursued their rights in this action, and they should not penalized by the Defendants' decision to contest their liability and damages for more than three years.

Defendants did not respond to this argument at all. They simply ask this Court to look at law from other circuits and suggest that an unliquidated damages claim should not result in an award of prejudgment interest. But if that were the rule in the Fourth Circuit, surely the Defendants would have cited to some controlling authority for that premise. But no such authority exists.

North Carolina law recognizes that prejudgment interest is available in tort actions from the time an action is commenced until the entry of the judgment. *See* N.C. Gen. Stat. § 24-5(b). Defendants offer no rationale for the Court to reject using this statute to determine whether to award prejudgment interest. In fact, the equities of this case compel the opposite conclusion.

---

[3] This is further evidenced by Defendants' Motion for Judgment Notwithstanding the Verdict Nisi Remittitur, in which they ask the Court to overturn or reduce the jury's verdict. (Doc. 157-58.)

Plaintiffs will not restate their arguments regarding the appropriateness of using North Carolina's statutory 8 percent *per annum* calculation for an award of prejudgment interest here. Doc. 149-1 at 3-7. Plaintiffs will merely note that they filed this action in state court, where this judgment would, as a matter of law, be added to the recovery. Defendants removed this action to federal court. Plaintiffs should not be deprived of their right to prejudgment interest under state law based on Defendants' removal.

Ultimately, however, the question of whether to award prejudgment interest in this action is committed to the Court's discretion. Plaintiffs submit that the equities definitively lie in favor of awarding them prejudgment interest.

First, Plaintiffs' rights were flagrantly violated by the County and its officials, and the jury's verdict has established this. It took more than three years for Plaintiffs to obtain this verdict. Defendants fought relentlessly at every step, despite the clear and obvious nature of their wrongful conduct. This was not a close case. Defendants' actions blatantly violated the rights of the Plaintiffs. North Carolina law recognizes that a successful plaintiff is entitled to interest that accrues from the filing of the action -- in other words, from the time the plaintiff first seeks a legal recovery. This is distinguishable from contract actions where interest is available from date of the breach.

- 6 -

Second, federal law has no comparable statutory provision. Instead, the Court has discretion on whether to consider the loss of the value of money over the three-plus-year delay from filing of the lawsuit to judgment as an element of complete compensation. Had the Defendants not contested liability and paid the Plaintiffs when the lawsuit was filed, the Plaintiffs would have been able to invest and grow those funds. Defendants elected not to do this and contested their liability throughout the case. Plaintiffs therefore lost the ability to grow any amount the Defendants might be required to pay during the three-plus years this case was ongoing.

The equities of this situation clearly weigh in favor of Plaintiffs' recovering prejudgment interest -- Defendants' wrongdoing was flagrant; there was a long delay between filing of the lawsuit and judgment; Plaintiffs would have been entitled to prejudgment interest if Defendants had not removed the case to federal court; and Plaintiffs lost the opportunity to invest and grow the value of their recoveries. Under these circumstances, the Court should exercise its discretion in favor of Plaintiffs and award them prejudgment interest at 8 percent *per annum*.

## CONCLUSION

For all of the foregoing reasons, as well as those in Plaintiffs' Memorandum of Law in Support of Awarding Prejudgment Interest (Doc. 149-1), Plaintiffs respectfully ask their motion for prejudgment interest be GRANTED.

Respectfully submitted, this the 26th day of July, 2021.

Law Office of David A. Wijewickrama, PLLC

BY:

/s/David A. Wijewickrama
David A. Wijewickrama
N.C. State Bar No.: 30694
95 Depot Street
Waynesville, NC 28786
Phone: (828) 777-1812
Fax: (828) 253 -2717
*Attorney for Brian Hogan*

/s/ Ronald L. Moore
Ronald L. Moore
N.C. Bar No.: 9619
P.O. Box 18402
Asheville, NC 28814
Phone: 828 -452 -5801
Fax: 828 -454 -1990
*Attorney for H.H.*

/s/ Melissa Jackson
Melissa Jackson
N.C. State Bar No.: 34013
95 Depot Street
Waynesville, NC 28786
Phone: 828 -452 -5801
*Attorney for Brian Hogan*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. State Bar No.: 39579
3344 Presson Road
Monroe, NC 28112
Phone :(910) 750-2265
*Attorney for H.H.*

- 8 -

## CERTIFICATE OF SERVICE

This is to certify that on July 26 2021, a copy of the foregoing REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST was electronically filed with the Clerk of Court using CM/ECF system, which will send notification to all counsel having made appearances in the case as follows:

Patrick Houghton Flanagan
Virginia Wooten

*Attorney for Defendant Scott Lindsay in his individual capacity*

Sean F. Perrin

*Attorney for Defendants Cherokee County, Scott Lindsay in his official capacity only and Cindy Palmer in her official capacity only*

Mary Euler

*Attorney for Defendant Cindy Palmer in her individual capacity*

/s/ D. Brandon Christian
D. Brandon Christian
N.C. State Bar No.: 39579
3344 Presson Road
Monroe, NC 28112
Phone :(910) 750-2265
*Attorney for H.H.*
