IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00096-MR-WCM

| | | |
|---|---|---|
| BRIAN HOGAN, both on his own behalf and as representative of all unnamed class members who are similarly situated; BRIAN HOGAN, as parent and next friend of H.H., both on her own behalf and as representative of all unnamed class members who are similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CHEROKEE COUNTY; CHEROKEE COUNTY DEPARTMENT OF SOCIAL SERVICES; SCOTT LINDSAY, both in his individual capacity and official capacity as attorney for Cherokee County Department of Social Services; CINDY PALMER, in both her individual capacity and her official capacity as Director of Cherokee County Department of Social Services; DSS SUPERVISOR DOE #1; and DSS SOCIAL WORKER DOE #1,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Award of Prejudgment Interest [Doc. 149].

## I. BACKGROUND

This action arises out of the Defendants' use of an extra-judicial custody agreement that resulted in the wrongful removal of Plaintiff H.H. from the custody of her father, Plaintiff Brian Hogan. The Plaintiffs asserted claims pursuant to 42 U.S.C. § 1983 for the deprivation of their procedural and substantive due process rights, as well as various state law claims. At the summary judgment stage, the Court dismissed a number of the Plaintiffs' state law claims. [Doc. 91]. The case then proceeded to trial. Following a four-day trial, a jury determined that the Defendants Scott Lindsay and Cindy Palmer violated the Plaintiffs' substantive and procedural due process rights through the employment of an unlawful Custody and Visitation Agreement (CVA); that an official policy, practice, or custom of Cherokee County was the moving force behind these violations; and that Cherokee County failed to adequately train its employees, which resulted in the violation of the Plaintiffs' constitutional rights. [See Doc. 140]. The jury further found in favor of the Plaintiffs on their state law claims against Defendants Lindsay and Palmer, finding that these Defendants acted in a grossly negligent manner, thereby causing the Plaintiffs' injury, and that these Defendants obstructed justice with respect to both Plaintiffs. [Id.]. The jury awarded Brian Hogan $1.5 million and H.H. $3.1 million in compensatory damages. [Doc. 140].

Based on the jury's factual findings, the Court entered a Judgment in favor of the Plaintiffs on June 21, 2021. [Doc. 147].

The Plaintiffs now move for an award of prejudgment interest from the filing of this action on March 14, 2018, until the entry of the Judgment on June 21, 2021. [Doc. 149]. The Defendants oppose the Plaintiffs' motion. [Doc. 155].

**II. DISCUSSION**

"Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." West Virginia v. United States, 479 U.S. 305, 310 n.2 (1987). While the Court must apply state law to questions involving prejudgment interest in diversity cases, a court is not bound by the interest rate of the forum state in deciding issues of prejudgment interest in a federal question case. See United States v. Dollar Rent A Car Sys., Inc., 712 .3d 938, 940-41 (4th Cir. 1983). Here, the Plaintiffs originally filed this action in state court, and the Defendants removed the action on the basis of a federal question. [Doc. 1]. The Plaintiff asserted a number of state law claims in their Complaint; however, most of these claims were dismissed at the summary judgment stage. [See Doc. 91]. While the Plaintiffs ultimately

3

prevailed on two state law claims as to Defendants Lindsay and Palmer (that being gross negligence and obstruction of justice), the gravamen of the Plaintiffs' suit was whether Defendants Lindsay, Palmer, and Cherokee County violated the Plaintiffs' federal constitutional rights. Accordingly, the Court will analyze the issue of prejudgment interest in this case solely under federal law.

Section 1983 does not specifically provide for an award of prejudgment interest, and there is no general federal statute governing such an award. "[A]bsent a statutory mandate the award of prejudgment interest is discretionary with the trial court . . . ." Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1030 (4th Cir. 1993) (en banc). In deciding whether to exercise its discretion and award prejudgment interest, the Court must weigh the equities in the particular case. Moore Bros. Co. v. Brown & Root, Inc., 207 F.3d 717, 727 (4th Cir. 2000). In so doing, "the governing principle is one of fairness." Mary Helen Coal Corp. v. Hudson, 235 F.3d 207, 211 (4th Cir.2000) (citation omitted). The Court also should consider the underlying purpose of the relevant statute. See Rodgers v. United States, 332 U.S. 371, 373-75 (1947).

The purpose of an award of damages under § 1983 is to compensate the plaintiff for actual injuries caused by the deprivation of constitutional

4

rights. Carey v. Piphus, 435 U.S. 247, 254 (1978). Here, the jury awarded the Plaintiffs $1.5 million and $3.1 million, respectively, for the injuries proximately caused by the Defendants' wrongful conduct. Those injuries did not involve the loss of money or lost wages; rather, the Plaintiffs sought compensation for the emotional distress incurred during the Plaintiffs' 13 months of separation. As the Court instructed the jury at the conclusion of the trial, such damages "are not easy to measure." [Doc. 153: Trial Tr. Vol. IV at 1117]. As the primary purpose of prejudgment interest is to compensate a plaintiff for the loss of the use of money, see West Virginia, 479 U.S. at 310 n.2, fairness would dictate that an award of prejudgment interest would not be appropriate here.

The Plaintiffs also sought damages based on the continued and future emotional distress the Plaintiffs will endure as a result of the Defendants' unconstitutional actions. As such, the loss incurred by the Plaintiffs was not readily quantifiable on the day that they filed their Complaint such that prejudgment interest is necessary in order to make them whole. See Grant Thornton, LLP v. FDIC, 435 F. App'x 188, 209 (4th Cir. 2011) (affirming denial of prejudgment interest because until court arrived at a damages award, "it was impossible for [the defendant] to know how much it owed"). For all these reasons, the Court concludes that it would be neither fair nor equitable to

5

assess prejudgment interest against the Defendants. Accordingly, in the exercise of its discretion, the Court denies the Plaintiffs' request for an award of prejudgment interest in this case.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion for Award of Prejudgment Interest [Doc. 149] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 21, 2022

Martin Reidinger
Chief United States District Judge

6

Case 1:18-cv-00096-MR-WCM   Document 165   Filed 02/22/22   Page 6 of 6