# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:18-cv-00096-MR-WCM

| | | |
|---|---|---|
| BRIAN HOGAN, both on his own behalf and as representative of all unnamed class members who are similarly situated; BRIAN HOGAN, as parent and next friend of H.H., both on her own behalf and as representative of all unnamed class members who are similarly situated, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **O R D E R** |
| CHEROKEE COUNTY; CHEROKEE COUNTY DEPARTMENT OF SOCIAL SERVICES; SCOTT LINDSAY, both in his individual capacity and official capacity as attorney for Cherokee County Department of Social Services; CINDY PALMER, in both her individual capacity and her official capacity as Director of Cherokee County Department of Social Services; DSS SUPERVISOR DOE #1; and DSS SOCIAL WORKER DOE #1, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Affidavit of Attorney Joy

McIver, the appointed Guardian ad Litem for the Plaintiff H.H.  [Doc. 168].

This action arises out of the Defendants' use of an extra-judicial custody agreement that resulted in the wrongful removal of Plaintiff H.H. from the custody of her father, Plaintiff Brian Hogan. Following a four-day trial, a jury found in favor of the Plaintiffs and awarded Brian Hogan $1.5 million and H.H. $3.1 million in compensatory damages. [Doc. 140]. Based on the jury's factual findings, the Court entered a Judgment in favor of the Plaintiffs on June 21, 2021. [Doc. 147]. On February 22, 2022, the Court entered an Order awarding the Plaintiffs' attorneys fees and expenses pursuant to 42 U.S.C. § 1988. [Doc. 166]. As part of that Order, Joy McIver, the duly-appointed Guardian ad Litem for the Plaintiff H.H., was awarded fees and expenses in the total amount of $48,724.00. [Id.].

On February 20, 2023, the Plaintiff H.H., through her Guardian ad Litem, filed a petition for the creation of a trust for the benefit of the Plaintiff in order to receive the proceeds payable to her. [Doc. 169]. The Plaintiff's Petition is addressed by a separate Order contemporaneously herewith. Along with the Petition, the Plaintiff submitted Ms. McIver's Affidavit containing her recommendations regarding the creation of the trust. [Doc. 168]. In that Affidavit, Ms. McIver relates that she spent a total of six (6) hours traveling to Murphy, North Carolina and consulting with the Plaintiff regarding the creation of the trust. [Id.].

Having carefully reviewed Ms. McIver's Affidavit, the Court concludes that the claimed hours are reasonable and that she should be compensated for the full amount of this time. Accordingly, the Court hereby approves an additional award of $2,100.00 in fees to Ms. McIver.

**IT IS, THEREFORE, ORDERED** that Attorney Joy McIver is hereby awarded an additional $2,100.00 in attorneys' fees pursuant to 42 U.S.C. § 1988 for her services as the guardian *ad litem* for H.H. in this matter.

**IT IS SO ORDERED.**

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge

3